IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| FERRING B.V. | |
| Plaintiff, | Civil Action No. 04-884-SLR |
| v. | |
| TEVA PHARMACEUTICALS USA, INC. and TEVA PHARMACEUTICAL INDUSTRIES LIMITED | |
| Defendants. | |

**FERRING B.V.'S OPPOSITION BRIEF TO TEVA'S MOTION FOR
LEAVE TO FILE AMENDED ANSWERS AND COUNTERCLAIMS**

Plaintiff Ferring B.V. ("Ferring") hereby opposes defendants Teva Pharmaceutical USA, Inc.'s and Teva Pharmaceutical Industries Limited's ("collectively, Teva") Motion For Leave To File Amended Answers And Counterclaims. Ferring is filing separately a Motion for a Stay Pending Appeal of the Barr Judgment to the Federal Circuit in conjunction with its Opposition to Teva's Motion for Leave to File Summary Judgment on the Basis of Collateral Estoppel ("SJ Opposition").

**I.   INTRODUCTION**

The sole basis for Teva's motion to amend its pleadings is the Judgment entered by the Court in the Southern District of New York ("*Barr* action") and the Memorandum and Order upon which it is based.[1] As set forth in detail in Ferring's SJ Opposition, reversal by the Federal

---

[1]   The facts relating to the *Barr* action are set forth in Ferring's SJ Opposition.

Circuit of the *Barr* Judgment would render moot the defenses and facts which Teva seeks to add to its Answer and Counterclaims. Because the expedited appeal of the *Barr* Judgment will efficiently resolve the issues relating to Teva's proposed amendments, it is judicially efficient to stay this action pending appeal. Following reversal by the appeals court, the parties can expeditiously resume litigation. Should the Federal Circuit uphold the decision in the *Barr case*, Ferring will withdraw the complaint and dismiss the action.

Allowing Teva to amend its pleadings <u>and</u> granting Teva's motion for collateral estoppel would prejudice Ferring. Entry of Judgment here will lift the 30-month stay of the approval of Teva's ANDA, which expires in December 2006. Once the stay is lifted, it cannot be reinstated even if the Judgment is reversed by the Federal Circuit. Thus, Ferring would be required to file a second action against Teva on the same '398 patent, with a repetition of procedures and activities already completed here.

## II.    **ARGUMENT**

The Supreme Court has directed that leave to amend a pleading under Rule 15(a) shall be granted unless there is "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party . . . [or] futility of amendment, *etc*." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also FDIC v. Bathgate,* 27 F.3d 850, 874 (3d Cir. 1994). The decision whether to grant or to deny a motion for leave to amend rests within the sound discretion of the district court. *Foman*, 371 U.S. at 182; *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). This case falls squarely within the exceptions set forth in *Foman*.

Upon reversal by the Federal Circuit of the *Barr* Judgment, the defenses and facts that Teva seeks to add to its Answer and Counterclaims will become moot. As detailed in Ferring's SJ Opposition, the Federal Circuit will decide whether the court properly granted summary

2

judgment of unenforceability of the '398 patent when the District Court drew all inferences <u>against</u> plaintiffs, contrary to the standard on summary judgment. *See, e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-55 (1986) ("the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor")  Also to be decided, *inter alia*, by the appeals court is whether on the district court's construction of the claim term "1-deamino-8-D-arginine vasopressin" is correct.  In view of the numerous errors of the *Barr* court, it is likely that the Federal Circuit will reverse.  Should the appeals court grant plaintiffs' request for expedited appeal, the Federal Circuit's decision could issue within four to six months.  *Please see* Ferring's SJ Opposition.

Allowing Teva to amend its pleadings <u>and</u> granting Teva's motion for summary judgment based on collateral estoppel would prejudice Ferring.  Entry of Judgment here will lift the 30-month stay of the approval of Teva's ANDA, which expires in December 2006.  Once the stay is lifted, it cannot be reinstated even if the Judgment is reversed by the Federal Circuit.  *See, e.g., Mylan Labs., Inc. v. Thompson*, 389 F.3d 1272, 1284 & n.11 (D.C. Cir. 2004).  Thus, reversal of a Teva Judgment on appeal would require Ferring to file a second action against Teva on the same '398 patent.  This would be prejudicial to Ferring and wasteful of everyone's resources.  *See Cornell & Co. v. Occupational Safety & Health Review Comm.*, 573 F. 2d 820, 823 (3d Cir. 1978) (denial of an amendment to the pleadings may also be predicated on prejudice to the non-moving party).

Should this court grant Teva's motion to amend its pleadings but deny its motion for collateral estoppel, reversal by the Federal Circuit would require Teva to withdraw the very amendments to its pleadings that it now seeks to add.  This would delay resumption of discovery and Teva's production of documents, already significantly delayed.  *See* letters collected at Exhs.

A and B to SJ Opposition. On the other hand, denial of Teva's motion to amend concurrently with the institution of a stay will simplify resumption of this action upon reversal by the appeals court because the procedural posture and discovery will resume without delay.

Staying the action does not prejudice Teva or keep it off the market because Teva does not yet have FDA approval for its desmopressin acetate ANDA product. More important, as detailed in Ferring's accompanying papers, as the second generic company to file an ANDA for the same product, even if Teva obtains tentative FDA approval, Teva cannot obtain final FDA approval until after Barr's 180-day exclusivity has run. If Barr declines to launch at risk of a reversal by the appeals court, a stay here pending resolution of the *Barr* appeal appropriately preserves the procedural posture of this case.

Denying Teva's motion to amend and maintaining the *status quo* is therefore the most equitable and efficient way to proceed. *See Micron Tech., Inc. v. Rambus Inc.*, 189 F. Supp. 2d 201, 213 (D. Del. 2002) (granting stay on claim construction, unclean hands and fraud and because prudent to await disposition of those issues on expedited Federal Circuit appeal but allowing parties to complete discovery on other issues); *Yamaha Int'l Corp. v. Central Venture, Inc.*, 1991 U.S. Dist. LEXIS 334 at *6-7 (S.D.N.Y. January 14, 1991) (granting stay pending appeal of sister case to circuit court despite "chill[ing of] defendant's marketing activities because collateral estoppel effect would be destroyed upon reversal of sister court's decision and to avoid inconsistent appellate decisions) (Exh. A hereto). Teva's citation to *Turner v. PNC Bank,* 2003 U.S. Dist. LEXIS 19741 at *16 (D. Del. Nov. 3, 2003) is to the same effect.[2]

---

[2] The remaining cases cited by Teva are distinguishable because none of the factors enumerated here were present.

### III.  CONCLUSION

For all of the above reasons, Ferring respectfully requests that the court deny Teva's motion to amend its Answer and Counterclaims to add a new defense of collateral estoppel and new factual allegations in support of inequitable conduct, and that discovery and further motion practice to be stayed pending appeal of the *Barr* Judgment to the Court of Appeals for the Federal Circuit.

Date:  March 15, 2005

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19899-2207
(302) 888-6316

*Attorneys for Plaintiff Ferring B.V.*

OF COUNSEL:

Dennis J. Mondolino
Esther H. Steinhauer
Edward M. Reisner
Jeffrey M. Gold
Timothy P. Heaton
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York  10178
(212) 309-6000

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on the March 15, 2005, I electronically filed Ferring B.V.'s Opposition Brief to Teva's Motion for Leave to File Amended Answers and Conterclaims with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

Josy W. Ingersoll, Esq.,
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899

I hereby certify that on March 15, 2005, I have faxed and sent by Federal Express the document to the following non-registered participant.

William F. Long
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE
Atlanta, Georgia 30309-3996

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19899-2207
(302) 888-6316
Attorneys for Ferring B.V.

OF COUNSEL:
Dennis J. Mondolino
Esther H. Steinhauer
Edward M. Reisner
Jeffrey M. Gold
Timothy P. Heaton
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
(212) 309-6000
386516_1