IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------x
FERRING B.V.                                    :
                                                :
                                                :        Civil Action No. 04-884-SLR
                    Plaintiff,                   :
                                                :
        v.                                      :
                                                :
TEVA PHARMACEUTICALS USA, INC. and              :
TEVA PHARMACEUTICAL INDUSTRIES                   :
LIMITED                                         :
                    Defendants.                 :
                                                :
------------------------------------------------------------x
```

## FERRING B.V.'S OPPOSITION BRIEF TO TEVA'S MOTION FOR LEAVE TO FILE FOR SUMMARY JUDGMENT AND OPENING BRIEF IN SUPPORT OF FERRING B.V.'S  MOTION TO STAY

Francis DiGiovanni (#3189)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19899-2207
(302) 658-9141

*Attorneys for Ferring B.V.*

OF COUNSEL:
Dennis J. Mondolino
Esther H. Steinhauer
Edward M. Reisner
Jeffrey M. Gold
Timothy P. Heaton
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York  10178
(212) 309-6000

Dated: March 15, 2005

TABLE OF CONTENTS

PAGE

I.      INTRODUCTION ................................................................................................1

II.     STATEMENT OF ADDITIONAL FACTS THAT ARE NOT IN DISPUTE........3

        A.      This Case ...............................................................................................3

        B.      The *Barr* Action.......................................................................................4

        C.      Hatch-Waxman Regulations ...................................................................6

        D.      Facts In Dispute .....................................................................................6

III.    ARGUMENT.......................................................................................................7

        A.      The Standard for Collateral Estoppel .....................................................7

        B.      The Issues in the *Barr* Action Were Not  Fully Litigated for the
                Purposes of Collateral Estoppel................................................................8

        C.      Collateral Estoppel is Unwarranted Here Where There is Reason to
                Doubt the Quality And Fairness of Court's Procedures in the *Barr*
                Action ..................................................................................................12

        D.      A Stay Will Conserve Resources and Simplify the Pending Issues ..........14

        E.      Equitable Considerations Favor the Denial of Collateral Estoppel Here
                in Favor of Stay ....................................................................................16

IV.     CONCLUSION..................................................................................................18

## TABLE OF AUTHORITIES

PAGE

### FEDERAL CASES

*AMTRAK v. Pa. PUC*, 288 F.3d 519 (3d Cir. 2002)..............................11

*Alloc, Inc. v. Unilin Decor N.V.*, 2003 U.S. Dist. LEXIS 11917 (D. Del. July 11, 2003) ...............................................16

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ..........................12

*Aventis CropScience N.V. v. Pioneer Hi-BredInternational, Inc.*, 2004 U.S. Dist. LEXIS 11194 (M.D.N.C. June 18, 2004) .......................17

*Baker Oil Tools, Inc. v. Geo Vann, Inc.,* 828 F.2d 1558 (Fed. Cir. 1987).............13

*Blonder-Tongue Laboratories v. University of Illinois Foundation*, 402 U.S. 313 (1971)...................................................8

*In re Brown*, 951 F.2d 564 (3d Cir. 1991) ...........................................10

*Burlington N. R.R. v. Hyundai Merchant Marine Co.*, 63 F.3d 1227 (3d Cir. 1995)..................................................7

*Cost Brothers, Inc. v. Travelers Indemnity Co.*, 760 F.2d 58 (3rd Cir. 1985) ...................................................14

*Dana Corp. v. Nok, Inc.,* 882 F.2d 505 (Fed. Cir. 1989) ........................9

*Deposit Bank v. Frankfort,* 191 U.S. 499 (1903)...................................10

*FTC v. GlaxoSmithKline*, 294 F.3d 141 (D.C. Cir. 2002) ....................18

*In re Freeman,* 30 F.3d 1459 (Fed. Cir. 1994) ....................................14

*General Electro Music Corp. v. Samick Music Corp.,* 19 F.3d 1405 (Fed. Cir. 1994)..................................................11

*Glaxo Wellcome Inc. v. Eon Laboratoriess Inc.*, 2003 U.S. Dist. LEXIS 2074 (S.D.N.Y. 2003) .............................................17, 18

*Graco Children's Products, Inc. v.  Regalo International,* 77 F. Supp. 2d 660 (E.D. Pa. 1999 ) .............................................17

*In re Graham*, 973 F.2d 1089 (3d Cir. 1992) ........................................7

*Harrington v. Vandalia-Butler Board of Ed.,* 649 F.2d 434 (6th Cir. 1981).........12

*KX Industrial, LLP v. PUR Water Purification Products, Inc.*, 108 F.
     Supp. 2d 380 (D. Del. 2000) ...................................................................17

*Kaiser Industrial Corp. v. Jones & Laughlin Steel Corp.*, 515 F.2d 964
     (3d Cir. 1975)..................................................................................9, 14

*Kollmorgen Corp. v. Yaskawa Electric Corp.,* 147 F. Supp. 2d 464
     (W.D.Va. 2001 ..........................................................................................17

*Landis v. North American Co.*, 299 U.S. 248 (1936) ...................................14, 17

*Levy v. Sterling Holding Co.*, 2004 U.S. Dist. LEXIS 19180 (D. Del. Sept.
     2004) ............................................................................................................16

*Masco Corp. v. United States*, 303 F.3d 1316 (Fed. Cir. 2002) ...........................14

*Micron Tech., Inc. v. Rambus Inc.*, 189 F. Supp. 2d 201 (D. Del. 2002) .............16

*Montana v. United States*, 440 U.S. 147 (1979) ..................................................12

*Mylan Labs., Inc. v. Thompson*, 389 F.3d 1272 (D.C. Cir. 2004) ........................18

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979) ..........................................11

*Pfaff v. Wells Electronics*, 5 F.3d 514 (Fed. Cir. 1993)........................................16

*Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 170 F.3d 373 (Fed. Cir.
     1999) ................................................................................................9, 10, 14

*Providence Journal Co. v. FBI*, 595 F.2d 889 (1st Cir. 1979) .............................18

*Scripps Clinic& Research Foundation v. Baxter Travenol Labs.*,
     729 F. Supp. 1473 (D. Del. 1990).......................................................11

*Studiengesellschaft Kohle, mbH v. USX Corp.*, 675 F. Supp. 182 (D. Del.
     1987) ..............................................................................................................9

*Thompson-Hayward Chemical Co. v. Rohm & Haas Co.*, 745 F.2d 27
     (Fed. Cir. 1984)..........................................................................................12

*United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212 (D. Del.
     1991) ...................................................................................................15, 16

*Xerox Corp v. 3Comm. Corp.*, 69 F. Supp. 2d 404 (W.D.N.Y. 1999)..................15

*Yamaha International Corp. v. Central Venture, Inc.*, 1991 U.S. Dist.
LEXIS 334 (S.D.N.Y. January 14, 1991) .......................................................16

*Zeneca Ltd. v. Pharmachemie B.V.*, 16 F. Supp. 2d 112 (D. Mass. 1998) ..............6

## FEDERAL STATUTES

21 U.S.C. § 355(j) ...........................................................................*passim*

## MISCELLANEOUS

Restatement (Second) of Judgments.................................................8, 10

Plaintiff Ferring B.V. ("Ferring") submits this brief in opposition to the motion of defendants Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Limited (collectively "Teva") for leave to file a summary judgment motion based on collateral estoppel ("Teva Motion").[1] Ferring also moves the court to stay this action pending appeal of the *Barr* Judgment to the Federal Circuit.

## I.     INTRODUCTION

The sole basis for Teva's motion for summary judgment based on collateral estoppel is the Judgment entered on February 16, 2005 in the action captioned *Ferring B.V. and Aventis Pharmaceuticals Inc. v. Barr Laboratories Inc.*, Case No. 02 CV 9851, and the Memorandum and Order issued on February 7, 2005 upon which the Judgment is based ("*Barr* action"). The *Barr* court's errors of law in holding the '398 patent unenforceable for inequitable conduct and errors in claim construction and infringement analysis mandate the conclusion that there is reason to doubt the quality and fairness of that prior proceeding, that the Judgment issued was not sufficiently firm for finality and that equitable considerations should persuade this court to rule against Teva on its request for summary judgment based on collateral estoppel.

The decision whether or not to grant collateral estoppel based on a prior district court decision is within a court's discretion and this court should act within its discretion and stay the case pending the outcome of the appeal to the Federal Circuit. Reversal of the *Barr* Judgment will require a reversal of a grant of collateral estoppel and the bases for which Teva seeks collateral estoppel will simply disappear. Reversal will also moot

---

[1]     Ferring's brief in opposition to Teva's Motion for Leave to File Amended Answers and Counterclaims is being filed separately.

1

many of the pending issues and therefore streamline this case for trial. Should the Federal Circuit affirm the *Barr* Judgment, Ferring will withdraw its complaint and dismiss the action.

Denying Teva's request for collateral estoppel does not prejudice Teva. Teva's contention that denial of its motion for collateral estoppel will unfairly keep it off the market pending appeal is just plain wrong. *First*, Teva does not yet have tentative FDA approval for its generic desmopressin acetate product and therefore has no approved product with which to enter the market. *Second*, even if Teva obtains tentative FDA approval tomorrow, it still cannot enter the market because as the second generic to file an ANDA on this product, Teva must wait for final FDA approval until after Barr's 180-day exclusivity has run. *Third*, the earliest that Teva could enter the market is 180 days after Barr starts selling its product, which would be following the Federal Circuit appeal if Barr waits for the resolution of the appeal before launching.

Additionally, granting Teva's motion for collateral estoppel and entering Judgment will irreparably harm Ferring. Entry of Judgment here will terminate Teva's 30-month stay of approval of its ANDA product. Once the stay is lifted, it cannot be reinstated, even after reversal by the Federal Circuit. Ferring could only seek relief via a second action against Teva on the same '398 patent. Accordingly, stay pending appeal will not prejudice any of the parties, will preserve the *status quo* and conserve the parties' and court's resources.

## II.    STATEMENT OF ADDITIONAL FACTS THAT ARE NOT IN DISPUTE

### A.    This Case

On or about June 9, 2004, Ferring received Notification pursuant to 21 U.S.C. § 355(j)(2)(B)(ii) that Teva had filed an Abbreviated New Drug Application ("ANDA") No. 77-122 seeking approval to market its generic version of the desmopressin acetate or DDAVP® tablets covered by U.S. Patent 5,047,398 ("the '398 patent").[2]   After due investigation pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) of the Hatch-Waxman regulations,[3] this suit was initiated on July 20, 2004 when Ferring filed a complaint asserting Teva's infringement of the '398 patent.   The filing of this suit initiated a statutory 30-month stay of the approval of Teva's ANDA which expires on December 8, 2006.   21 U.S.C. § 355(j)(B)(iii).

Teva answered denying infringement and asserting defenses and counterclaims of non-infringement, invalidity and inequitable conduct.   In support of its inequitable conduct pleading, Teva alleged that during prosecution of the patent in suit, applicants had failed to provide the Patent & Trademark Office with several allegedly material publications.   (Teva Answer, Exh. D.I. 12.)   Ferring replied denying all of Teva's defenses and counterclaims.

---

[2]     Ferring's desmopressin acetate tablets are marketed and sold in the United States under the tradename DDAVP® tablets by its exclusive licensee Aventis Pharmaceuticals, Inc. under FDA-approved New Drug Application ("NDA") No. 01-9955.

[3]     The Drug Price Competition and Patent Term Restoration Act of 1984, Pub. L. No. 98-417, 98 Stat. 1585 §§ 156, 271 to the Federal Food, Drug and Cosmetic Act ("FFDCA") is colloquially referred to as the "Hatch-Waxman Amendments."

Following the issuance of the district court's Memorandum and Order in the *Barr* action, on February 8, 2005 Teva's counsel contacted counsel for Ferring and requested that, in view of that decision, Ferring withdraw its complaint in this action. Ferring declined to do so and proposed instead that the parties stay this case pending appeal of the *Barr* decision to the Federal Circuit. (*See* letters collected at Exh. A). Although Teva declined to agree to a stay, it refused to produce the documents it had been scheduled to produce, although Ferring had already produced over 90,000 pages. (*See* Ferring's production letters collected at Exh. B). Accordingly, discovery has been *de facto* stayed.

At present, Teva does not have FDA approval for its ANDA product, nor does Teva contend that its product has received tentative approval from the FDA or that such approval is imminent.[4]

### B. The *Barr* Action

In July 2002, two years before Teva, Barr became the first company to file an ANDA for a generic version of Ferring's desmopressin acetate tablets marketed under the tradename DDAVP® tablets. After due investigation under 21 U.S.C. 355(j), plaintiffs Ferring B.V. and its exclusive licensee Aventis Pharmaceuticals, Inc. ("Aventis") initiated suit against Barr on December 13, 2002 in the Southern District of New York, asserting the '398 patent, the same patent asserted against Teva here.

In April/May/ 2004, pursuant to a Scheduling Order, the parties filed memoranda in support of their claim construction and summary judgment motions. Declining to hold

---

[4]    During the 30 month stay, an ANDA is reviewed and processed by the FDA and often receives tentative approval within that timeframe. Final approval must wait for the expiration of the 30-month stay or resolution of the suit at the district court level or expiration of the patent(s). *See* 21 U.S.C. § 355(j)(5)(B)(iii).

a hearing on claim construction, on July 7, 2004, the district court heard argument on summary judgment.  At the hearing, in opposing Barr's summary judgment motion for unenforceability, Ferring's counsel reiterated that the existence of numerous disputed facts precluded the grant of Barr's motion and stated that the declarants who were the subject of that motion would be available to testify at trial.  (Tr. at 62, Exh. C).

On February 7, 2005, the court entered a Memorandum and Order granting Barr's motions for summary judgment of non-infringement of the asserted claims of the '398 patent and for summary judgment of unenforceability of the '398 patent due to inequitable conduct.[5]  In reaching its inequitable conduct holding on the declarations of three declarants, the court noted that the declaration of one declarant was not challenged in Barr's motion because he "had no ties to Ferring."  (Decision at 6, fn 5).

Judgement was entered on February 16, 2005, and on February 23, 2005 plaintiffs filed their Notice of Appeal to the Federal Circuit.  (Notice of Appeal, Exh. D).  On March 2, 2005, the parties filed a stipulation to postpone motion practice for costs and attorney fees until after appeal.  (Stipulation, Exh. E.)

Entry of Judgment lifted the 30-month stay of FDA approval of Barr's generic product, which was to expire on May 4, 2005.  Because Barr does not yet have FDA approval (as it has publicly stated), it cannot launch its desmopressin acetate product.  Ferring will seek to expedite the appeal and while there can be no accurate prediction as

---

[5]    The Memorandum and Order issued three months before the expiration of *Barr's* 30-month stay on May 4, 2005.

to how long the appeal process will require, counsel for Ferring believe that as the issues are relatively straightforward it will take approximately four to six months.

### C.    Hatch-Waxman Regulations

As the first company to file an ANDA for a particular product, Barr is entitled to 180 days of exclusivity in marketing its generic product under the Hatch-Waxman provisions governing ANDA cases. *See* 21 U.S.C. 355(j)(5)(B)(iv) (2003). Barr's exclusivity begins when it launches its product or after a final decision of an appeals court. *See* 21 U.S.C. § 355(j)(5)(B)(iv) and § 355(j)(5)(B)(i)(I)(AA)(bb)(2004).[6] If Barr receives FDA approval during the pendency of the Federal Circuit appeal, it may decide not to launch at risk of a reversal.[7]

### D.    Facts In Dispute

Teva's contention that denial of its motion for collateral estoppel without prejudice will unfairly keep it off the market is just plain wrong. Omitted entirely from Teva's papers is the fact that as the second company to file an ANDA for the same product, Teva cannot obtain final FDA approval for its product until 180 days after the expiration of Barr's marketing exclusivity. *See* 21 U.S.C. §355(j)(5)(B)(iv)(2003). Even

---

[6]    Revisions to the Hatch-Waxman regulations have been recently enacted by the Medicare Prescription Drug, Improvement and Modernization Act of 2003. Under the new provisions, the "court decision" that initiates the running of the first ANDA applicant's 180-day exclusivity period is a decision by an appellate court. This provision was made retroactive and therefore applies here even though Barr, the first applicant for this product, filed its ANDA before the changes became effective in December 2003. *See* Pub. L. 108-173 §§ 1102(b) (Dec. 8, 2003).

[7]    Otherwise Barr would assume the risk of later being found liable for infringement and damages. *See* 35 U.S.C. § 284; *see also Zeneca Ltd. v. Pharmachemie B.V.*, 16 F. Supp. 2d 112, 115-116 (D. Mass. 1998).

if Teva receives tentative FDA approval for its desmopressin acetate product tomorrow, it cannot launch until after Barr's exclusivity has run. *Id*. Assuming that Barr waits for the resolution of the Federal Circuit appeal, the earliest that Teva can obtain final approval and enter the market is 180 days after Barr's entry following affirmation by the Federal Circuit. If the Federal Circuit reverses, the collateral estoppel basis for Teva's summary judgment motion will disappear and neither Barr nor Teva can enter the market until subsequent resolution of one of the actions.[8]

Ferring also disputes Teva's "Undisputed Facts"on inequitable conduct copied from the *Barr* decision insofar as they were disputed in the *Barr* action. To shorten this paper and avoid extensive repetition, Ferring incorporates by reference "Plaintiffs' Statement of Facts and Responses to Barr's Statement of Undisputed Facts in Support of Barr's Motion for Summary Judgment" ("Plaintiffs' Disputed Facts"), filed in the *Barr* action. (Exh. F).

## III.   ARGUMENT

### A.   The Standard for Collateral Estoppel

To prevail on a motion for collateral estoppel, Teva must demonstrate that the following factors are met: (1) the issue to be precluded is the same as that involved in the prior action, (2) the issue was actually litigated, (3) it was a valid and final judgment and (4) the determination was essential to the prior judgment. *Burlington N. R.R. v. Hyundai Merchant Marine Co.*, 63 F.3d 1227, 1231 (3d Cir. 1995)(quoting *In re Graham*, 973

---

[8]   Theoretically, Teva could enter the market before the appeal is resolved, *inter alia*, if Teva obtains tentative FDA approval <u>and</u> buys Barr's exclusivity or the Federal Circuit declines to expedite the appeal <u>and</u> Barr's 180-day exclusivity has run its course.

F.2d 1089, 1097 (3d Cir. 1992)).  Even if all of the criteria are satisfied, application of the

doctrine is "subject to an overriding fairness determination by the trial judge."

*Burlington*, 63 F.3d  at 1231; *see also* Restatement (Second) of Judgments § 29.  As the

Supreme Court stated in *Blonder-Tongue Lab.  v. University of Illinois Found.*, 402 U.S.

313, 334 (1971),

> no one set of facts, no one collection of phrases, will
> provide an automatic formula on estoppel pleas.  In the end,
> decision will necessarily rest on the trial court's sense of
> justice and equity.

Here, equitable considerations favor the denial of collateral estoppel; moreover

not all of the factors are met.

### B.    The Issues in the *Barr* Action Were Not Fully Litigated for the Purposes of Collateral Estoppel

For collateral estoppel to apply, the issue in suit must be identical to the question

"finally decided against the patentee."  *Blonder-Tongue*, 402 U.S. at 333.  As Teva

readily concedes, the *Barr* Judgment that the '398 patent is unenforceable was based on

entirely different facts than those pleaded by Teva in its Answer and Counterclaims.

(Teva Mem at 8).[9]  Teva relies for "identity" on an argument that both this and the *Barr*

action concerned inequitable conduct.  Further Teva argues that this issue was fully

litigated in that prior action although decided on summary judgment.[10]  None of the cases

---

[9]    Teva Pharmaceuticals USA, Inc. and Teva Pharmaceuticals Industries Limited's Opening Brief for Summary Judgment on the Basis of Collateral Estoppel is referred to herein as "Teva Mem."

[10]    In an attempt to conform its Answer and Counterclaims, Teva has moved to amend its pleadings.  Ferring opposes this motion and its opposition brief is being filed separately.

Teva cites support this contention.  In both *Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 170 F.3d 373 (Fed. Cir. 1999) and *Kaiser Indus. Corp. v. Jones & Laughlin Steel Corp.*, 515 F.2d 964 (3d Cir. 1975) the prior judgment was obtained after a full trial on the merits.[11]

In the *Kaiser* case, the Third Circuit accorded collateral estoppel to a previous decision from the Court of Appeals for the Sixth Circuit.  Moreover, that decision was not directed to unenforeceability/inequitable conduct at all, but only to patentability issues of anticipation, obviousness and indefiniteness.  *Kaiser*, 515 F.2d at 971.  The lower court decision was based on a full trial on the merits that lasted for 150 days of court time spread out over the duration of a year.  Almost 13,800 pages of testimony were taken, post trial briefing ran to 1000 printed pages and final arguments lasted five days.  In addition, the district judge visited the plant in which the accused's manufacturing was performed and witnessed a series of experiments.  *Id.*   The district court's judgment of invalidity was then appealed to the Sixth Circuit which affirmed the decision below.  *Id.* at 974.[12]  In the *Pharmacia* case, inequitable conduct was decided following a full jury

---

[11]     Likewise, in *Dana Corp. v. Nok, Inc.*, 882 F.2d 505, 506 (Fed. Cir. 1989) and *Studiengesellschaft Kohle, mbH v. USX Corp.*, 675 F. Supp. 182, 183, 185-186 (D. Del. 1987) ("central issue  . . . was squarely addressed by both the trial court  . . . and the Fifth Circuit . . . .") (citations omitted).  Preclusive effect was accorded to a prior Federal Circuit decision affirming invalidity in a previous action and a prior Fifth Circuit decision affirming claim construction and non-infringement in a previous action, respectively.

[12]     In fact, several other district court cases then pending on the same patent were stayed pending the appeal to the Third Circuit.  *Kaiser*, 515 F.2d at 971 n.20.

trial on the merits which lasted nearly a month. *Pharmacia & Upjohn*, 170 F.3d at 1380.[13]

Ferring disagrees that that the *Barr* Judgment is entitled to collateral estoppel, as Teva contends.  Teva Mem. at 5.  According to The Restatement (Second) of Judgments § 13:

> The rules of res judicata are applicable only when a final judgment is rendered.  However for purposes of issue preclusion . . . "final judgment" includes any prior adjudication of an issue in another action that is determined to be *sufficiently firm* to be accorded preclusive effect.  (Added emphasis.)

In determining whether the prior resolution was sufficiently firm, this court should consider, *inter alia*, whether the parties were fully heard, whether a reasoned opinion was filed and whether the court's prior decision was subject to appeal or was in fact reviewed on appeal.  *See In re Brown*, 951 F.2d 564, 569 (3d Cir. 1991) (citing to § 13 of Restatement).

While issue preclusion was applied in *Brown*, the circumstances there are easily distinguished from the proceedings in the *Barr* action.  In *Brown*, several hearings were held and the state court judge reaffirmed his earlier decision on liability of plaintiff to a bank in a bankruptcy proceeding.  According to the Third Circuit, the state court's opinion also "reflected an appreciation of the relevant facts and familiarity with the applicable law."  *Id.* at 570.  This is in stark contrast to the *Barr* action, where there was no Markman or claim construction hearing, where the summary judgment hearing was

---

[13]    This was also the situation in *Deposit Bank v. Frankfort*, 191 U.S. 499, 519 (1903) where denial of collateral estoppel was sought "in the face of a judgment of a federal circuit court, affirmed by this [Supreme Court]" and concerned the same parties.

limited and where the Memorandum and Order clearly show that the District Court had

no appreciation for the relevant facts and was unfamiliar with the applicable law, *supra*.[14]

*Scripps Clinic & Research Foundation v. Baxter Travenol Labs*., 729 F. Supp.

1473, 1474 (D. Del. 1990) does not help Teva.  Unlike Ferring, plaintiff/patentee *Scripps*

did not oppose the collateral estoppel effect of the California court's decision on

invalidity and enforceability.  Nor did *Scripps* argue that it was denied a full and fair

opportunity to litigate validity in the prior action, which Ferring does here, *infra*.[15]  This

obliged the Delaware court to treat the prior judgment as estoppel.  *Id.* at 1475 (*citations*

*omitted*).[16]

Also inapplicable here is *AMTRAK v. Pa. PUC*, 288 F.3d 519, 526-528 (3d Cir.

2002) where the appeals court accorded collateral estoppel to a previous decision

between the same parties on the same issue.  In fact, the Appeals Court specifically

---

[14]     *Burlington N. R.R. v. Hyundai Merchant Marine Co.,* 63 F.3d 1227, 1232 (3d Cir. 1995) is completely inapplicable here as it involved offensive use of collateral estoppel. Offensive collateral estoppel allows a litigant who was not a party to a prior judgment to use that judgment "offensively" to prevent a defendant from relitigating issues resolved in the earlier proceeding.  *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). That is not the posture of the case here.

[15]     The sole issue in dispute was whether the Delaware court should apply collateral estoppel to the prior decision on exceptionality, not an issue here.  *Scripps Clinic*, 729 F. Supp. at 1477.

[16]     *General Electro Music Corp. v. Samick Music Corp.*, 19 F.3d 1405 (Fed. Cir. 1994) is also unavailing Teva.  There the Federal Circuit did not address any issue of collateral estoppel, but was discussing whether there was any need for the appeals court to consider appellants' arguments disputing the invalidity holding below.  *Id.* at 1413.

questioned whether the prior decision could be accorded an estoppel effect in litigation with a different party. *Id*. at 527-528 at n.6, 531.[17]

While it is correct that the district court's Judgment in the *Barr* action reached without any trial on the merits is entitled to be accorded a collateral estoppel effect, in view of plaintiffs' appeal of that decision and the caselaw, Ferring urges that the more equitable and more efficient approach is to wait until that appeal is resolved. *See e.g., Harrington v. Vandalia-Butler Bd. of Ed.*, 649 F.2d 434, 438 (6th Cir. 1981) (a "judgment on the merits . . . will be deprived of its conclusive effect . . . if it is vacated, reversed, or set aside on direct appeal.")

     **C.    Collateral Estoppel is Unwarranted Here**
           **Where There is Reason to Doubt the Quality**
           **And Fairness of Court's Procedures in the *Barr* Action**

The Supreme Court has stated that collateral estoppel is unwarranted where there "is reason to doubt the quality, extensiveness or fairness of procedures followed in the prior litigation." *Montana v. United States*, 440 U.S. 147, 164 & fn. 11 (1979) (citations omitted). These criteria bar the application of collateral estoppel here.

In reaching its conclusion on the issue of unenforceability due to inequitable conduct, the *Barr* court improperly drew inferences from the evidence against the nonmovants, *i.e.*, plaintiffs, at almost every step of its analysis. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-255 (1986). The district court's holding that the prior relationships with Ferring of the scientists who submitted declarations in support of the

---

[17]    Likewise in *Thompson-Hayward Chem. Co. v. Rohm & Haas Co.*, 745 F.2d 27, 28, 31 (Fed. Cir. 1984), the Federal Circuit accorded collateral estoppel to its own prior decision in another action on the same patent.

patent application were improperly concealed from the examiner violated the fundamental rules governing motions for summary judgment by resolving disputed issues of fact concerning both the materiality of the nondisclosed information and the intent of the patentees in not disclosing it. *See* Disputed Facts, *supra*. Because materiality and intent are both issues of fact, and the facts were reasonably disputed, they should not have been summarily disposed. *See Baker Oil Tools, Inc. v. Geo Vann, Inc.*, 828 F.2d 1558, 1566 (Fed. Cir. 1987).

The *Barr* court also erred in its finding of non-infringement of any claim of the '398 patent based on its incorrect construction of the claim term "1-deamino-8-D-arginine vasopressin." In construing this claim term, the court ignored the knowledge of those skilled in the art, the patent specification and standard practice in the pharmaceutical arts in which the active moiety of a drug is understood to include its salts.

Likewise, the holding that defendant Barr does not infringe claims 6-9 which cover "a method for initiating antidiuresis . . . ." and claim 11 which covers "a method for treating diabetes insipidus . . ." was wrong even under the *Barr* court's erroneous claim construction. The tablets of both Barr and Teva (and those of plaintiffs) contain desmopressin acetate which upon ingestion dissociates into the constituent salt moiety and desmopressin. The latter is then gastrointestinally absorbed to cause an antidiuretic effect, meeting that claim term in the method claims even under the Court's erroneous construction.

Finally, the *Barr* court's basis for non-infringement under the doctrine of equivalents is plain wrong. It relied exclusively on an excerpted statement by plaintiffs' counsel at the July 7th oral argument purportedly acknowledging that the '398 patent

does not cover plaintiffs' commercial formulation of desmopressin acetate. The court simply disregarded (or failed to understand) counsel's statements which continued: "[t]his patent is listed in the Orange Book, which is the book that tells the world what patents cover our product. So, in fact, we have listed publicly that this patent covers our desmopressin product, which, in fact, is the DDAVP acetate form that we sell." (Tr. at 31, Exh. C.) In this context and the context of all of plaintiffs' papers in the *Barr* action, it is clear that the statement relied upon by the district court was a transcription error by the court reporter. Since it is undisputed that the '398 patent covers plaintiffs' product and that the desmopressin acetate in both Barr's and Teva's product does exactly the same thing in exactly the same way to achieve exactly the same result as the patented invention, the *Barr* court's holding of non-infringement under the doctrine of equivalents was entirely without basis.

These serious errors in the *Barr* court's procedures in reaching its Judgment, are persuasive evidence that the quality and fairness criteria were not met in that proceeding. This is definitely not a case where "the balance tips in favor of preclusion because of the fullness with which the issue was litigated and decided in the first action." *Masco Corp. v. United States*, 303 F.3d 1316, 1329-1330 (Fed. Cir. 2002); *cf. In re Freeman*, 30 F.3d 1459, 1467 (Fed. Cir. 1994) (affirming grant of collateral estoppel where there was no doubt as to quality, extensiveness and fairness of procedures of prior decision affirmed by Federal Circuit); *Kaiser* and *Pharmacia & Upjohn*, *supra*.

### D. A Stay Will Conserve Resources and Simplify the Pending Issues

The decision whether to stay a case is firmly within the discretion of the court. *See Landis v. North American Co.,* 299 U.S. 248, 254-255 (1936); *Cost Bros., Inc. v.*

*Travelers Indem. Co.*, 760 F. 2d 58, 60 (3rd Cir. 1985). In determining whether a stay is appropriate, a court should consider the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party, (2) whether a stay will simplify the issues in question and trial of the case and (3) whether discovery is complete and whether a trial date has been set. *United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991) (stating test); *see also Xerox Corp v. 3Comm. Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999) (citations omitted).

This case meets all of the criteria for a stay. *First*, there is no prejudice to Teva. Teva does not yet have tentative approval from the FDA and moreover, as the second ANDA applicant for this product, must wait for Barr's 180-day exclusivity to run before it can obtain final approval. If Barr waits for the Federal Circuit's decision before entering the market, Teva cannot launch pending the appeal either.

*Second*, while the Court has issued a Scheduling Order, discovery has barely begun with only Ferring having produced documents, depositions have not yet been scheduled and trial is not imminent. *Third*, as shown above, the Federal Circuit's consideration and decision on the issues of claim construction and inequitable conduct will considerably streamline the instant suit.

In *United Sweetener*, the court granted a stay of the action pending re-examination of patent in suit. The court reasoned that the benefits of deferring to PTO's expertise overcame the delay in the accused infringer's market entry because the PTO proceeding would, *inter alia*, simplify the issues in the case and aid in preparation for trial. *Id.* at 217-18. The facts here more strongly favor deference to the Federal Circuit's expertise because a stay not only does not prevent Teva from entering the market, it does not

prejudice Ferring either and conserves judicial resources.  *See also  Levy v. Sterling Holding Co.,* 2004 U.S. Dist. Lexis 19180 at *4-10 (D. Del. Sept. 2004) (staying action pending consideration of amendments by  SEC so as to streamline issues and avoid potentially inconsistent adjudications) (Exh. G);  *Alloc, Inc. v. Unilin Decor N.V.*, 2003 U.S. Dist. LEXIS  11917 at *7-8 (D. Del. July 11, 2003) (granting stay in favor of reexamination in the PTO and Federal Circuit appeal because of resultant streamlining of issues, conservation of resources and discovery had not yet begun) (Exh. H).

### E.    Equitable Considerations Favor the Denial of Collateral Estoppel Here in Favor of Stay

The appeals court will decide whether the *Barr* court's basis for its holding of summary judgment of uneforceability for inequitable conduct - the purported materiality omitted information about the relationships of three of the declarants with Ferring and applicant's intent - was correct.  Since it is likely that the Judgment will be reversed, a stay is appropriate here.  *See Micron Tech., Inc. v. Rambus Inc.*, 189 F. Supp. 2d 201, 213 (D. Del. 2002) (granting stay on claim construction, unclean hands and fraud and because prudent to await disposition of those issues on expedited Federal Circuit appeal but allowing parties to complete discovery on other issues); *Yamaha Int'l Corp. v. Central Venture, Inc.*, 1991 U.S. Dist. LEXIS 334 at * 6-7 (S.D.N.Y. January 14, 1991) (granting stay pending appeal of sister case to circuit court despite "chill[ing of] defendant's marketing activities because collateral estoppel effect would be destroyed upon reversal of sister court's decision and to avoid inconsistent appellate decisions) (Exh. I).

Likewise, while claim construction in a prior case can collaterally estop the scope of such claims in a later case, *Pfaff v. Wells Electronics*, 5 F.3d 514, 517-518 (Fed. Cir. 1993) (citations omitted), estoppel is not appropriate here where the district court in the

*Barr* action made numerous and serious errors, when there was no Markman hearing and when "nearly 40 percent of claim constructions are changed or overturned by the Federal Circuit." *See Kollmorgen Corp. v. Yaskawa Electric Corp.,* 147 F. Supp. 2d 464, 466, 467-468 (W.D.Va. 2001, citations omitted) (declining to adopt claim construction of a prior case despite seven day Markman hearing where construction not reviewed by the Federal Circuit because of settlement); *see also Graco Children's Products, Inc. v. Regalo Int'l*, 77 F. Supp. 2d 660, 662, 664 (E.D. Pa. 1999) (declining to grant issue preclusion to prior district court decision because, *inter alia*, case had settled before appellate review could occur); *KX Indus., LLP v. PUR Water Purification Prods., Inc.*, 108 F. Supp. 2d 380, 387 (D. Del. 2000). As the *Kollmorgen* court stated

> The [Markman] Court appeared to value the role of the Federal Circuit as the final interpreter of patent claim construction . . . Markman does not stand for the blanketed adoption of patent constructions without first undergoing the Federal Circuit's rigorous review.

*Kollmorgen*, 147 F. Supp. 2d at 468.

This reasoning is applicable to the inequitable conduct issues as well. Moreover, even if resolution of the appeal does not dispose of all of the issues in this suit, it will narrow them. This is cost efficient, will streamline discovery and help to better define the issues for trial. *Landis*, 299 U.S. at 253-254; *see also Aventis CropScience N.V. v. Pioneer Hi-Bred International, Inc.*, 2004 U.S. Dist. LEXIS 11194 at *3-5 (M.D.N.C. June 18, 2004) (withdrawing its own grant of summary judgment on the basis of collateral estoppel for inequitable conduct, claim construction and non-infringement in light of reversal by Federal Circuit of prior decision in another district court) (Exh. J); *Glaxo Wellcome Inc. v. Eon Labs. Inc.*, 2003 US Dist. LEXIS 2074 at *3-5 (S.D.N.Y.

Feb. 13, 2003) (declining to apply collateral estoppel on the basis of prior district court decisions) (Exh. K).

On the other hand, entry of Judgment here will terminate Teva's 30-month stay of approval of its ANDA. Once the stay is lifted, it cannot be reinstated, even after reversal by the Federal Circuit. *See, e.g., Mylan Labs., Inc. v. Thompson*, 389 F.3d 1272, 1284 & n.11 (D.C. Cir. 2004). Upon reversal, Ferring could only seek relief via a second suit against Teva on the same '398 patent. A stay will avoid this irreparable harm to Ferring. *See Providence Journal Co. v. FBI*, 595 F. 2d 889, 890 (1st Cir. 1979) (stay appropriate to allow meaningful appellate review where denying stay would result in "immediate divestiture of appellants' rights . . . ."); *see also FTC v. GlaxoSmithKline*, 294 F. 3d 141, 145 (D.C. Cir. 2002) (reversing FTC order to enforce subpoena thereby avoiding potential loss of attorney-client privilege).

## IV.    CONCLUSION

For all of the foregoing reasons, Ferring urges that the court deny Teva's motion for leave to file summary judgment based on collateral estoppel and grant Ferring's cross-motion to stay this action pending appeal of the *Barr* Judgment to the Federal Circuit.

Date: March 15, 2005

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19899-2207
(302) 888-6316

*Attorneys for Plaintiff Ferring B.V.*

OF COUNSEL:

Dennis J. Mondolino
Esther H. Steinhauer
Edward M. Reisner
Jeffrey M. Gold
Timothy P. Heaton
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York  10178
(212) 309-6000

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I hereby certify that on the March 15, 2005, I electronically filed Ferring B.V.'s

Opposition Brief to Teva's Motion for Leave to File for Summary Judgment and Opening

Memorandum in Support of Ferring B.V.'s Motion to Stay with the Clerk of the Court

using CM/ECF which will send notification of such filing(s) to the following:

Josy W. Ingersoll, Esq.,
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899

I hereby certify that on March 15, 2005, I have faxed and sent by Federal Express,

the document to the following non-registered participant:

William F. Long
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE
Atlanta, Georgia  30309-3996

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19899-2207
(302) 658-9141

Attorneys for Ferring B.V.

1

Dennis J. Mondolino
Esther H. Steinhauer
Edward M. Reisner
Jeffrey M. Gold
Timothy P. Heaton
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178
(212) 309-6000

386474_1