# EXHIBIT C

477XFERC                                                                    1

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

FERRING B.V. and AVENTIS
PHARMACEUTICALS, INC.,

                Plaintiffs,

      v.                                    02 Civ. 9851(CLB)

BARR LABORATORIES, INC.,

                Defendant.
------------------------------x
                                            White Plains, N.Y.
                                            July 7, 2004
                                            10:40 a.m.
Before:

                 HON. CHARLES L. BRIEANT,

                                        District Judge

                          APPEARANCES

MORGAN, LEWIS & BOCKIUS
     Attorneys for Plaintiffs
DENNIS J. MONDOLINO
ESTHER STEINHAUER
TIMOTHY P. HEATON
JENNIFER DEREKA


KIRKLAND & ELLIS
     Attorneys for Defendant
EDWARD C, DONOVAN
DANIEL F. ATTRIDGE
KAREN M. ROBINSON
CHARANJIT BRAHMA
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

477XFERC

1           THE DEPUTY CLERK:  Ferring v. Barr Laboratories.

2           THE COURT:  All right.  Who wishes to be heard at this
3   time?

4           Is there any agreement among counsel as to how or in
5   what order you want to proceed?

6           MR. MONDOLINO:  Since the only motions that are
7   pending were brought by the defendant, I assume that they'll be
8   first, and we'll respond.

9           MR. ATTRIDGE:  Yes, your Honor.

10          THE COURT:  Which motion is that?  Is this a motion
11  for summary judgment of noninfringement or something?

12          MR. ATTRIDGE:  Yes.

13          I'm Daniel Attridge.

14          THE COURT:  Why isn't that to be treated on the same
15  basis as the motion filed by the other side?

16          MR. ATTRIDGE:  They withdrew their motion, your Honor.

17          THE COURT:  I understand that.  They withdrew it for
18  logistical reasons, without prejudice.  It's a mirror image of
19  the same motion, isn't it?

20          MR. ATTRIDGE:  No, it's not, your Honor.

21          With the Court's permission, Mr. Donovan is going to
22  address the noninfringement motion, and I will address the
23  inequitable conduct and nonvalidity motion.  And we are
24  prepared to go one after the other, or, if the Court please,
25  after the first motion is addressed, then perhaps the Court

1        It's Dennis Mondolino for Ferring.

2        I'll try to make this brief, your Honor.

3        Basically, the defendant in this case, with respect to
4   the noninfringement argument, has three points. Those points
5   essentially involve our claim construction, which in this
6   particular case, in view of the arguments they raise, we
7   believe create factual issues.

8        THE COURT: What is the factual issue? He wants me to
9   read the patent literally in its dictionary form. Then he
10  tells me that neither side of the case practices the patent.
11  Everybody sells desmopressin acetate.

12       MR. MONDOLINO: Well, we agree. We don't practice our
13  own invention. This patent is listed in the Orange Book, which
14  is the book that tells the world what patents cover our
15  product. So, in fact, we have listed publicly that this patent
16  covers our desmopressin product, which, in fact, is the DDAVP
17  acetate form that we sell.

18       THE COURT: It says nothing about the acetate form.

19       MR. MONDOLINO: That's exactly right, your Honor.

20       THE COURT: That's their argument.

21       MR. MONDOLINO: What they're asking you to do is
22  determine that when the claim is talking about
23  1-deamino-8-D-arginine vasopressin, that that should be limited
24  to the free base, and not include the salt form, which
25  everybody sells. The fact of the matter is, they point to

477XFERC

1       MR. ATTRIDGE:  We would like to hear the plaintiffs'
2  estimate, because obviously, as the defendant, we're
3  responding.
4       THE COURT:  Either that, or the number of witnesses.
5  We find the estimates of counsel aren't much good, because
6  either we run into a jam and a mob, or the Court tries it much
7  quicker than estimated.
8       MR. MONDOLINO:  Your Honor, I think our case would
9  probably be about -- I would probably have about eight
10 witnesses.
11      THE COURT:  Really?  That many?
12      MR. MONDOLINO:  All the declarants are coming in.
13 They agreed to come.  They are all overseas, but they agreed to
14 come -- they had their depositions taken -- and the inventor,
15 at least one of the inventors.  And then we have some experts.
16      THE COURT:  So I would think about seven or eight
17 people.  The affiants may not be that long.
18      The motion may dispose of some issues and still
19 require a trial.  I can't really come to terms with the
20 problem.  It's helpful to talk about it.  I'm glad that
21 somebody raised it.  But it's not much I can say.
22      What is your prediction as to how many witnesses you
23 would need if you tried the whole issue?
24      MR. ATTRIDGE:  I don't know who his eight are, except
25 for the identification of that --