# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

---------------------------------------------------------------x
FERRING B.V. and                                              :
AVENTIS PHARMACEUTICALS, INC.,                                :
                                                              :
             Plaintiffs,                                      :  Case No. 02 CV 985(CLB)(MDF)
                                                              :
      v.                                                      :
                                                              :
BARR LABORATORIES, INC.                                       :
                                                              :
             Defendant.                                       :
---------------------------------------------------------------x

**PLAINTIFFS' STATEMENT OF FACTS AND RESPONSE TO BARR'S
STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF BARR'S
MOTION FOR SUMMARY JUDGMENT OF INEQUITABLE CONDUCT**

Dennis J. Mondolino (DM2221)
Esther H. Steinhauer (ES5464)
Edward M. Reisner (ER3934)
Jeffrey M. Gold (JG7056)
Timothy P. Heaton (TH1304)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6000

*Attorneys for Plaintiffs Ferring B.V. and
Aventis Pharmaceuticals, Inc.*

*Of Counsel:*
Jeffrey I.D. Lewis (JL8335)
PATTERSON, BELKNAP, WEBB & TYLER LLP

1133 Avenue of the Americas
New York, NY 10036-6710
(212) 336-2000

Plaintiffs Ferring B.V. and Aventis Pharmaceuticals Inc. herein respond to Barr's Rule 56.1 Statement in Support of its Motion for Partial Summary Judgment of Inequitable Conduct. In Part I, Plaintiffs specifically respond to each of Barr's Statements of Undisputed Facts. In Part II, Plaintiffs provide additional statements that are in dispute between the parties and thus preclude summary judgment to defendant Barr. In Part III, Plaintiffs provide additional statements that are undisputed and thus preclude summary judgment

### I. Specific Responses

**Barr's Statement of Undisputed Facts No. 1**:

The '398 patent issued from a patent application, Serial No. 809,937 ("the '398 application"), filed on December 17, 1985. The application claims priority as a continuation application to two previously filed patent applications that were ultimately abandoned..

**Plaintiffs' Response to Barr's Statement of Undisputed Facts No. 1**:

Admitted.

**Barr's Statement of Undisputed Facts No. 2**:

The '398 application identifies two inventors ("the '398 applicants"): Dr. Hans Vilhardt, a former research director at Ferring, and Mr. Helmer Hagstam, the then-technical director at Ferring. The inventors assigned their rights in the application to Ferring.

**Plaintiffs' Response to Barr's Statement of Undisputed Facts No. 2**:

Admitted.

**Barr's Statement of Undisputed Facts No. 3**:

The '398 applicants were at all times represented before the PTO in connection with the prosecution of the '398 patent by the law firm Hopgood, Calimafde, Judlowe & Mondolino ("the Hopgood firm" or "U.S. counsel").

**Plaintiffs' Response to Barr's Statement of Undisputed Facts No. 3:**

Denied. Plaintiffs dispute the name of the law firm during the timeframe of the prosecution of the '398 patent. (Robinson Decl.[1], Exh. E, FERB 000294, FERB 023883)

**Barr's Statement of Undisputed Facts No. 4:**

The '398 applicants and their U.S. counsel were at all times subject to the duty of candor and good faith as set forth in 37 C.F.R. § 1.56(a) in its then-existing form. 37 C.F.R § 1.56(a) (1977) (obligating patent applicants, their assignees, attorneys and all others substantially involved in the application's prosecution to disclose to the PTO "material" information, *i.e.*, any "information . . . where there is a substantial likelihood that a reasonable examiner would consider it important in deciding whether to allow the application to issue as a patent").

**Plaintiff's Response to Barr's Statement of Undisputed Facts No. 4:**

Denied. Plaintiffs dispute the paraphrasing and incomplete definition of the duty of candor and good faith as set forth in 37 C.F.R. § 1.56(a). (Exh. 22[2]).

**Barr's Statement of Undisputed Facts No. 5:**

Dr. Vilhardt and Mr. Hagstam each read the sworn statement regarding the obligations each had to the PTO under 37 C.F.R. § 1.56, and each signed and submitted this statement to the PTO with their '398 patent application.

**Plaintiffs' Response to Barr's Statement of Undisputed Facts No. 5:**

Admitted.

**Barr's Statement of Undisputed Facts No. 6:**

Much of the prosecution history of the '398 patent is missing from the public files. Neither of the plaintiffs nor their counsel kept a copy of the '398 patent prosecution history. Many, but not all, of the missing portions of the '398 patent prosecution history have been pieced together by Barr from the internal files of plaintiffs' U.S. and foreign counsel that were produced

---

[1] "Robinson Decl." refers to exhibits in the Declaration of Karen M. Robinson, submitted with Barr's Motion For Summary Judgment Of Inequitable Conduct.

[2] "Exh. ___" refers to exhibits in the Declaration of Jeffrey M. Gold submitted concurrently with this Statement and Response.

in response to Barr's discovery request. No complete copy of the '398 patent prosecution history was produced to Barr in this litigation.

**Plaintiffs' Response to Barr's Statement of Undisputed Facts No. 6:**

Denied. Plaintiffs dispute that "much" of the prosecution history of the '398 patent is missing from the public files. A substantial portion of the correspondence between the applicants and the PTO is of record.[3] Plaintiffs further dispute the allegation that neither of the plaintiffs nor their counsel kept a copy of the '398 patent prosecution history.

**Barr's Statement of Undisputed Facts No. 7:**

The '398 application's prosecution began in relevant part shortly after the application was filed. On May 28, 1986, applicant Vilhardt and one of his attorneys, Paul Meiklejohn, Esq. of the Hopgood firm, conducted an in-person interview with the patent examiners responsible for the case before any action was taken by the PTO. At the interview, the prior art was discussed, including U.S. Patent No. 3,497,491 to Zaoral ("the Zaoral patent"), but no agreement was reached. The examiner specifically asked whether Vilhardt himself "considered the term 'peroral' in Zaoral to mean 'sublingual or buccal' and Dr. Vilhardt indicated that it did." (citing "first Vilhardt Declaration, par. 6").) The examiner then suggested that the applicants submit "evidence from a non-inventor to the same effect" to support Vilhardt's arguments for allowance.

**Plaintiffs' Response to Barr's Statement of Undisputed Facts No. 7:**

Denied to the extent that plaintiffs dispute the incomplete characterization of the interview and what was discussed or suggested (Exh.2, FERB 023555 Exh. 1, FERB 023550)..

**Barr's Statement of Undisputed Facts No. 8:**

During *ex parte* patent prosecution, it is permissible to submit declaration testimony. *See, e.g.,* U.S. Department of Commerce, Patent and Trademark Office, Manual of Patent Examining Procedure (MPEP) § 716(3) (1983-1987); *accord* MPEP § 716.01(d) (6th ed. 1995) (instructing examiners who are "assessing the probative value of an expert opinion" that they "must consider... the interest of the expert in the outcome of the case").

---

[3] Copies are publicly available and internal files histories were produced in this case. They are voluminous and therefore not attached to plaintiffs' submissions. Please see a substantial excerpt at Robinson Decl., Exh. E.

**Plaintiffs' Response to Barr's Statement of Undisputed Facts No. 8**:

Denied. Plaintiffs dispute that the citation appears in MPEP § 716.01(d) (6th ed. 1995). Plaintiffs further dispute that MPEP § 716.01(d) (6th ed. 1995) was in effect at the time of the prosecution of the '398 prosecution. Plaintiffs further dispute that the examiner assigned to the '398 patent had to consider the interest of experts in the outcome of the case. Exh. 21, MPEP § 716(3) (5th ed. 1983-1994).

**Barr's Statement of Undisputed Facts No. 9**:

Following the interview, the applicants submitted a preliminary amendment, signed by attorney Meiklejohn, that added three new independent claims (which ultimately issued as the independent claims of the '398 patent). In addition, as promised, the applicants submitted four declarations in support of their arguments for issuing the patent.

**Plaintiffs' Response to Barr's Statement of Undisputed Facts No. 9**:

Denied. Plaintiffs dispute that "promises" were made at the May 28, 1986 interview. Exh. 1, FERB 023550; Exh.2, FERB 023555.

**Barr's Statement of Undisputed Facts No. 10**:

Dr. Vilhardt himself submitted two declarations as well as his curriculum vitae. The PTO already understood that Dr. Vilhardt was an interested party (and hence sought non-inventor evidence). Nonetheless, Dr. Vilhardt's declarations and CV identified Dr. Vilhardt's relationship with the assignee Ferring.

**Plaintiff's Response to Barr's Statement of Undisputed Facts No. 10**:

Denied to the extent that plaintiffs dispute what the PTO "already understood" and the alleged reason why it "sought non-inventor evidence". (Exh. 1, FERB 023550-51).

**Barr's Statement of Undisputed Facts No. 11**:

In addition, the applicants submitted declarations from Drs. Czernichow and Miller in support of their arguments. The declarations included the declarants' respective curricula vitae, including Dr. Czernichow's 26-page CV. But no relationship or interest of Drs. Czernichow or Miller was disclosed in the declarations or attachments.

**Plaintiff's Response to Barr's Statement of Undisputed Facts No. 11:**

Denied. Plaintiffs dispute that any relevant relationship or interest existed between applicants and either Drs. Czernichow or Miller. (Exh. 18, Czernichow Tr. at 22, 25-26; Exh. 17, Miller Tr. at 191. Plaintiffs further dispute that Dr. Czernichow's CV was 26 pages. Exh. 23).

**Barr's Statement of Undisputed Facts No. 12:**

The preliminary amendment argued that the claims were patentable, relying on, among other things, the ostensibly objective expert testimony of Drs. Czernichow or Miller. In particular, the applicants relied on the "non-inventor" testimony of Dr. Czernichow, who was described as a "world-class researcher in peptide chemistry with numerous publications and awards, as set forth in his curriculum vitae."

**Plaintiff's Response to Barr's Statement of Undisputed Facts No. 12:**

Denied. Plaintiffs dispute there was anything "ostensible" about the declarations of Drs. Czernichow or Miller. (Exh. 2, FERB 023555-559).

**Barr's Statement of Undisputed Facts No. 13:**

The PTO was unpersuaded, and rejected the claims of the '398 patent application based on the prior art including Zaoral.

**Plaintiff's Response to Barr's Statement of Undisputed Facts No. 13:**

Admitted.

**Barr's Statement of Undisputed Fact No. 14:**

In response, the applicants filed a request for reconsideration, signed by attorney Meiklejohn. The request for reconsideration reargued that the claims of the '398 patent were patentable based on the record and several newly submitted articles. Among the new articles was one by "Professor Besser." Specifically, applicants argued that Professor Besser first learned that DDAVP was orally active from applicants, and only then "performed experiments where DDAVP was administered in drinkable form for gastrointestinal absorption."

**Plaintiffs' Response to Barr's Statement of Undisputed Facts No. 14:**

Denied to the extent that plaintiffs dispute the incomplete characterization of applicant's argument with respect to Professor Besser. (Robinson Decl., Exh. E, FERB 023578 and FERB 023594-605).

**Barr's Statement of Undisputed Facts No. 15:**

The PTO remained unconvinced, and again rejected the claims based on the prior art including Zaoral.

**Plaintiffs' Response to Barr's Statement of Undisputed Facts No. 15:**

Admitted.

**Barr's Statement of Undisputed Fact No. 16:**

The applicants subsequently appealed the examiner's decision to the Board of Patent Appeals and Interferences ("the Board"). In the appeal brief, signed by attorney Mondolino of the Hopgood firm, the applicants sought reversal of the examiner's decision. The brief included a copy of the Czernichow declaration, and again identified Dr. Czernichow as a "world-wide researcher in peptide chemistry with numerous publications and awards, as set forth in his curriculum vitae." No relationship or interest to the patent assignee Ferring of Dr. Czernichow was disclosed.

**Plaintiffs' Response to Barr's Statement of Undisputed Facts No. 16:**

Denied. Plaintiffs dispute that any relevant relationship or interest existed between applicants and Dr. Czernichow. (Exh. 18, Czernichow Tr. at 22, 25-26). Plaintiffs further dispute that only the declaration of Dr. Czernichow was submitted. (Exhs. 4, 11, Dr. Miller's Declaration).

**Barr's Statement of Undisputed Facts No. 17:**

The Board did not agree that the claims in the '398 application were patentable. The Board discussed the declarations, and noted that

> [t]he numerous declarations and supporting materials submitted by appellants are relevant to the issue of what Zaoral would teach to one of ordinary skill. The declarations do show that the general

> rule accepted by those of ordinary skill in this art is that peptides
> are generally hydrolyzed in the stomach and it would be expected
> that their biological activities are lost.

The Board ultimately decided, however, that an uncited prior art reference, Vavra, "teaches that the structural alteration in the molecule of DDAVP accounts for protection of the peptide against enzymatic degradation, thus increasing the biological half-life or even rendering the peptide orally active." The Board concluded that "the teachings set forth by Vavra indicate that the general rule alluded to by declarants is not operative here." Thus, the Board rejected the claims based on Vavra.

**Plaintiffs' Response to Barr's Statement of Undisputed Facts No. 17:**

  Admitted.

**Barr's Statement of Undisputed Facts No. 18:**

  After rejecting the claims as unpatentable, the Board remanded the case back to the examiner.

**Plaintiffs' Response to Barr's Statement of Undisputed Facts No. 18:**

  Admitted.

**Barr's Statement of Undisputed Facts No. 19:**

  After review of the Board's decision rejecting the claims, applicant Vilhardt wrote to attorney Stephen Judlowe of the Hopgood firm that "everything now depends on our ability to deal with the Vavra paper."

**Plaintiffs' Response to Barr's Statement of Undisputed Facts No. 19:**

  Denied. Plaintiffs dispute the incomplete characterization of Dr. Vilhardt's letter to the Hopgood firm. (Robinson Decl., Exh. H)

**Barr's Statement of Undisputed Facts No. 20:**

  In preparing to "deal with the Vavra paper," Vilhardt contacted at least two Ferring consultants regarding additional declaration evidence: Dr. Iain Robinson and Professor Barth. Both Robinson and Barth signed declarations in support of Vilhardt's positions.

**Plaintiffs' Response to Barr's Statement of Undisputed Facts No. 20:**

  Denied. Plaintiffs dispute either Drs. Robinson or Barth were consultants of Ferring at the time. (Exh. 19, Robinson Tr. at 39-40; Exh. 20, Barth Tr. at 30-31).

**Barr's Statement of Undisputed Facts No. 21:**

In addition, at some point during the '398 prosecution, Dr. Vilhardt also sought declarations from two other Ferring consultants, Professor Leonard Share, and Professor Besser. Both received draft declarations from the Hopgood firm "relating to prosecution of the '398 patent."

**Plaintiffs' Response to Barr's Statement of Undisputed Facts No. 21:**

Denied to the extent that plaintiffs dispute that Dr. Vilhardt sought declarations from Professors Share and Besser. (Exh. 26, Vilhardt Tr. at 357-358, 254-255). Plaintiffs further dispute that Professors Share and Besser were Ferring consultants. (Exh. 26, Vilhardt Tr. at 357-358, 351).

**Barr's Statement of Undisputed Facts No. 22:**

In November 1990, the applicants submitted an amendment after appeal to the examiner of the '398 application, signed by attorney Mondolino of the Hopgood firm. The amendment included five new declarations that sought to distinguish Vavra and otherwise support the applicants' positions: specifically, a third declaration by Vilhardt, a second declaration by Czernichow, a second declaration by Miller, and the declarations by Robinson and Barth. Unlike the other declarants, neither the Robinson nor the Barth declarations included a curriculum vitae for the PTO. The Share and Besser declarations were withheld from the PTO by the applicants.

**Plaintiffs' Response to Barr's Statement of Undisputed Facts No. 22:**

Denied. Plaintiffs dispute that the Share and Besser declarations were withheld from the PTO by the applicants. (Exh. 26, Vilhardt Tr. at 357-358, 254-255 Robinson Decl., Exh. E, see FERB 023856-882).

**Barr's Statement of Undisputed Facts No. 23:**

None of the declarations submitted with the amendment after appeal identified any interest or relationship of any of the declarants with Ferring (although Vilhardt's interest was already known).

**Plaintiffs' Response to Barr's Statement of Undisputed Facts No. 23:**

Admitted.

**Barr's Statement of Undisputed Facts No. 24:**

The amendment after appeal relied on the five declarations in support of the applicants' arguments against the Board's rejection based on the Vavra article. No interest or relationship was disclosed at any time in the amendment (or anyplace else).

**Plaintiffs' Response to Barr's Statement of Undisputed Facts No. 24:**

Admitted.

**Barr's Statement of Undisputed Facts No. 25:**

The prosecution history shows that after submission of the amendment after appeal, the '398 patent was allowed. The record contains no evidence showing why the PTO changed its position. The '398 patent subsequently issued on September 10, 1991.

**Plaintiffs' Response to Barr's Statement of Undisputed Facts No. 25:**

Denied. (Robinson Decl., Exh. E, FERB 023883).

**Barr's Statement of Undisputed Facts No. 26:**

At all relevant times, Dr. Czernichow had a relationship with assignee Ferring. He was a "Ferring Consultant." He had also received funding from Ferring for his own DDAVP research, including Ferring funding in 1985-1986 (before and around the time of his 1986 declaration to the PTO). But he did not disclose in his 26-page CV or in either of his declarations to the PTO that Ferring had sponsored his desmopressin research. Before his declarations were submitted to the PTO, Dr. Czernichow also had worked with Dr. Anna Fjellestad Paulsen – the wife of Ferring's CEO, Frederik Paulsen. In addition, Dr. Czernichow had conducted a DDAVP study with Dr. Paulsen and had co-authored a 1986 article with her detailing that study. Czernichow indicated that, other than his signature, he did not actually write anything at all in his two declarations to the PTO.

**Plaintiffs' Response to Barr's Statement of Undisputed Facts No. 26:**

Denied. Plaintiffs dispute that "[a]t all relevant times, Dr. Czernichow had a relationship with assignee Ferring. He was a 'Ferring Consultant.'" (Exh. 18) Czernichow Tr. at 22, 25-26). Plaintiffs further dispute that Dr. Czernichow's CV is 26 pages. (Exh. 23). Plaintiffs further dispute that Czernichow "did not actually write anything at all in his two declarations to the PTO." (Exh. 18, Czernichow Tr. at 27, 107-108).

**Barr's Statement of Undisputed Facts No. 27:**

At all relevant times, Dr. Robinson had a relationship with assignee Ferring. Robinson was Ferring's pre-clinical research director from 1985-86 As Ferring's pre-clinical research director, Robinson had provided his "friend," Dr. Vilhardt, with DDAVP samples so that Vilhardt could pursue his desmopressin research. After working as Ferring's pre-clinical research director, Dr. Robinson was also a paid consultant for Ferring from 1986-1989. Ferring also sponsored Dr. Robinson's research.

**Plaintiffs' Response to Barr's Statement of Undisputed Facts No. 27:**

Denied. Plaintiff disputes that "[a]t all relevant times, Dr. Robinson had a relationship with assignee Ferring." (Exh. 19, Robinson Tr. at 38-39 – any relationship ceased in 1989 before the preparation of his declaration).

**Barr's Statement of Undisputed Facts No. 28:**

Dr. Robinson, in addition, did not write portions of his declaration and he did not recall or realize that he was submitting this declaration to the U.S. Patent Office (*see id. at* 87-88). He could not recall who had asked him to submit this declaration, and he had "no idea" why he was contacted to submit it. Robinson also admitted that, at the time of his 1990 declaration, he had no expertise in DDAVP and had done no research on drug delivery systems or on the absorption of peptides in the gastrointestinal tract.

**Plaintiffs' Response to Barr's Statement of Undisputed Facts No. 28:**

Denied to the extent Dr. Robinson did not "realize he was submitting his declaration to the PTO." (Exh. 19, Robinson Tr. at 87-88). Plaintiffs further dispute that Dr. Robinson "had no expertise in DDAVP." (Exh. 19, Robinson Tr. at 52-53).

**Barr's Statement of Undisputed Facts No. 29:**

Contrary to the assertions in his declaration, Dr. Robinson testified during his deposition that the Vavra reference cited by the Board of Patent Appeals did indeed suggest the oral administration of desmopressin. (*Id.* at 120 (Ex. O).) More specifically, Robinson had argued in his 1990 declaration to the PTO that the Vavra reference, in combination with the Zaoral patent, did not suggest the "administration of DDAVP orally for gastrointestinal absorption" (*i.e.*, the invention claimed by the '398 patent). (DX 27, Robinson Decl. (Ex. P) ¶¶ 2-6; Robinson Dep. at 98.) In his deposition, however, Robinson admitted that *"Dr. Vavra's article shows that a dose of DDAVP has an antidiuretic effect when given orally."* (Robinson Dep. at 120 (Ex. O).)

**Plaintiffs' Response to Barr's Statement of Undisputed Facts No. 29**:

Denied. (Exh. 19, Robinson Tr. at 99-100, 120; Exh. 24 (Errata)).

**Barr's Statement of Undisputed Facts No. 30**:

At all relevant times, Dr. Barth had a relationship with assignee Ferring. He too had an "association" with Ferring, working as a "Ferring Consultant." Barth had worked on "some joint projects" with Ferring. Dr. Vilhardt helped prepare Barth's declaration, giving Barth "some lines" and telling him "what he should describe in the affidavit." As noted earlier, Vilhardt also sent Barth a draft declaration.

**Plaintiffs' Response to Barr's Statement of Undisputed of Facts No. 30:**

Denied. Plaintiffs dispute that "[a]t all relevant times, Dr. Barth had a relationship with assignee Ferring." (Exh. 20, Barth Tr. at 38; Exh. 26, Vilhardt Tr. at 358-359). Plaintiffs further dispute that Dr. Vilhardt's giving Barth "some lines" implies that he told Dr. Barth what he should describe in his affidavit. (Exh. 26, Vilhardt Tr. at 359-61; Exh. 20, Barth Tr. 32).

## II. Statement of Disputed Facts Precluding Summary Judgment

**Plaintiffs' Statement of Disputed Fact No. 1:**

Declarant Dr. Czernichow never had any interest in the issuance of the '398 patent. (Exh. 18, Czernichow Tr. at 120).

**Plaintiffs' Statement of Disputed Fact No. 2:**

Declarant Dr. Barth never had any interest in the issuance of the '398 patent. (Exh. 20, Barth Tr. at 138-139).

**Plaintiffs' Statement of Disputed Fact No. 3:**

Declarant Dr. Robinson never had any interest in the issuance of the '398 patent. (Exh. 19, Robinson Tr. at 80).

**Plaintiffs' Statement of Disputed Fact No. 4:**

There would not have been a substantial likelihood that the examiner of the '398 patent application would have considered the disclosure of the relationship between Dr. Miller and the applicants important in deciding whether to allow the '398 patent. Exh. 4 and Exh. 11 Miller Declarations; Exh. 17, Miller Tr. at 191.

**Plaintiffs' Statement of Disputed Fact No. 5:**

There would not have been a substantial likelihood that the examiner of the '398 patent application would have considered the disclosure of the relationship between Dr. Czernichow and the applicants important in deciding whether to allow the '398 patent. Exh. 3 and Exh. 12, Czernichow Declarations, Exh. 18, Czernichow Tr. at 22, 25-26.

**Plaintiffs' Statement of Disputed Fact No. 6:**

There would not have been a substantial likelihood that the examiner of the '398 patent application would have considered the disclosure of the relationship between Dr. Barth and the applicants important in deciding whether to allow the '398 patent. Exh. 14, Barth Declaration, Exh. 20; Barth Tr. at 9, 17 and 38.

**Plaintiffs' Statement of Disputed Fact No. 7:**

There would not have been a substantial likelihood that the examiner of the '398 patent application would have considered the disclosure of the relationship between Dr. Robinson and the applicants important in deciding whether to allow the '398 patent. Exh. 13, Robinson Declaration, Exh. 19, Robinson Tr. at 29-30, 80-81.

**Plaintiffs' Statement of Disputed Fact No. 8:**

Dr. Vilhardt never considered one way or another whether to withhold the relationships between the declarants and the applicants from the PTO. Exh. 26, Vilhardt Tr. at 250-256.

**Plaintiffs' Statement of Disputed Fact No. 9:**

Dr. Vilhardt did not intentionally withhold the relationships between the declarants and the applicants from the PTO. Exh. 26, Vilhardt Tr. at 250-256.

**Plaintiffs' Statement of Disputed Fact No. 10:**

Dr. Vilhardt did not intend to mislead the patent office by withholding the relationships between the declarants and the applicants from the PTO. Exh. 26, Vilhardt Tr. at 250-256.

### III. Plaintiffs' Statement of Undisputed Facts Precluding Summary Judgment

**Plaintiffs' Statement of Undisputed Fact No. 1:**

MPEP § 716 (5th ed. 1983-1994) was in effect at all times during the prosecution of the '398 patent. (Exh. 21 MPEP § 716).

**Plaintiffs' Statement of Undisputed Fact No. 2:**

MPEP § 716 (6th ed. 1995) was never in effect during the prosecution of the '398 patent.

**Plaintiffs' Statement of Undisputed Fact No. 3:**

Declarant Dr. Miller never had any financial interest in the issuance of the '398 patent. (Exh. 17, Miller Tr. at 199).

**Plaintiffs' Statement of Undisputed Fact No. 4:**

Dr. Vilhardt was never asked at his deposition if he or any applicant considered one way or another whether to include information about the relationship between Dr. Miller and the applicants for the '398 patent. Exh. 26, Vilhardt Deposition transcript.

**Plaintiffs' Statement of Undisputed Fact No. 5:**

Dr. Vilhardt was never asked at his deposition if he or any applicant considered one way or another whether to include information about the relationship between Dr. Czernichow and the applicants for the '398 patent. Exh. 26, Vilhardt Deposition transcript.

**Plaintiffs' Statement of Undisputed Fact No. 6:**

Dr. Vilhardt was never asked at his deposition if he or any applicant considered one way or another whether to include information about the relationship between Dr. Robinson and the applicants for the '398 patent. Exh. 26, Vilhardt Deposition transcript.

**Plaintiffs' Statement of Undisputed Fact No. 7:**

Dr. Vilhardt was never asked at his deposition if he or any applicant considered one way or another whether to include information about the relationship between Dr. Barth and the applicants for the '398 patent. Exh. 17, Miller Deposition transcript.

**Plaintiffs' Statement of Undisputed Fact No. 8:**

Dr. Miller was never asked at his deposition if he or any applicant considered one way or another whether to include information about his relationship with the applicants for the '398 patent. Exh. 17, Miller Deposition transcript.

**Plaintiffs' Statement of Undisputed Fact No. 9:**

Dr. Czernichow was never asked at his deposition if he or any applicant considered one way or another whether to include information about his relationship with the applicants for the '398 patent. Exh. 18, Czernichow Deposition transcript.

**Plaintiffs' Statement of Undisputed Fact No. 10:**

Dr. Robinson was never asked at his deposition if he or any applicant considered one way or another whether to include information about his relationship with the applicants for the '398 patent. Exh. 19, Robinson Deposition transcript.

**Plaintiffs' Statement of Undisputed Fact No. 11:**

Dr. Barth was never asked at his deposition if he or any applicant considered one way or another whether to include information about his relationship with the applicants for the '398 patent. Exh. 20, Barth Deposition transcript.

Date:   May 7, 2004

Respectfully submitted,

*(signature)*
Dennis J. Mondolino (DM2221)
Esther H. Steinhauer (ES5464)
Edward M. Reisner (ER3934)
Jeffrey M. Gold (JG7056)
Timothy P. Heaton (TH1304)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY  10178
(212) 309-6000

*Attorneys for Plaintiffs Ferring B.V. and Aventis Pharmaceuticals, Inc.*

*Of Counsel:*
Jeffrey I.D. Lewis (JL8335)
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY  10036-6710
(212) 336-2000

## Certificate of Service

I certify that on this 7th day of May, 2004 I caused a copy of the foregoing Plaintiffs' Statement of Disputed Facts in Support of Its Opposition to Barr's Motion For Summary Judgement Of Inequitable Conduct.

### VIA HAND DELIVERY

Joseph C. Gioconda
KIRKLAND & ELLIS
Citigroup Center
153 East 53rd Street
New York, NY 10022-4675
(212) 446-4800

### VIA FACSIMILE AND FEDERAL EXPRESS

Edward C. Donovan, Esq.
KIRKLAND & ELLIS
655 Fifteenth St., N.W.
Suite 1200
Washington, D.C. 20005
(202) 878-5000