# EXHIBIT G

1 of 2 DOCUMENTS

ALLOC, INC., a Delaware corporation, et al., Plaintiffs, v. UNILIN DECOR N.V., a Belgian company, et al., Defendants.

Civil Action No. 03-253-GMS

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2003 U.S. Dist. LEXIS 11917

July 11, 2003, Decided

**DISPOSITION:** [*1] Defendants' motion to stay litigation granted. Plaintiffs' motion to strike portions of answer and complaint dismissed, without prejudice.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs, patent holders, brought a complaint alleging patent infringement against defendants, floor companies. Before the court was the companies' motion to stay litigation of the '579 patent pending the completion of both the '621 reexamination proceedings and the United States Federal Circuit's decision on the '267, '907, and '410 patents.

**OVERVIEW:** In the present case, the '579 patent was the only patent in dispute. However it was the latest of the continuation patents that stemmed from the original '621 patent. The '579 patent had never been reviewed by the United States Patent and Trademark Office, the International Trade Commission, or any other court. Even though the '579 patent did not contain precisely the same claims of the other patents that were under review or reexamination, there was a sufficient correlation among all of the patents for the court to conclude that a stay was appropriate. With regard to the issue of efficiency, it was beyond dispute that the court would benefit from a narrowing of the numerous complex issues relating to claims, which, if clearly defined, would streamline discovery and subsequent litigation. To this end, the reexamination of the '621 patent would greatly serve the purpose of defining the issues in this case. The court found that a stay would not unduly burden the patent holders' case as the stay would then be of short duration. The court noted that discovery had not yet begun, nor had a discovery schedule been entered at this time. Likewise, the court had not yet set a trial date.

**OUTCOME:** The floor companies' motion to stay pending the reexamination was granted. The floor companies' motion to strike portions of the answer and complaint was without prejudice.

**LexisNexis(R) Headnotes**

*Patent Law > Remedies > Collateral Assessments > Costs*
*Civil Procedure > Entry of Judgments > Stay of Proceedings & Supersedeas*
[HN1] The decision to stay a case is firmly within the discretion of the court. This authority applies equally to patent cases in which a reexamination by the United States Patent and Trademark Office (PTO) has been requested. Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination. In passing legislation establishing the reexamination proceeding, Congress stated its approval of district courts liberally granting stays within their discretion. In determining whether a stay is appropriate, courts are directed to consider the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.

*Patent Law > U.S. Patent & Trademark Office Proceedings > Continuation Applications > Priority*

Case 1:04-cv-00884-SLR   Document 40-8   Filed 03/15/2005   Page 3 of 5

Page 2
2003 U.S. Dist. LEXIS 11917, *

*Patent Law > Date of Invention & Priority > General Overview*
*Patent Law > Jurisdiction & Review > Subject Matter Jurisdiction > Appeals*

[HN2] A continuing application is one filed during the pendency of another application which contains at least part of the disclosure of the other application and names at least one inventor in common with that application. Thus, a continuation application claims the same invention claimed in an earlier application, although there may be some variation in the scope of the subject matter claimed.

**COUNSEL:** For Alloc Inc, Berry Finance NV, Valinge Aluminium AB, PLAINTIFFS: Francis Digiovanni, Connolly, Bove, Lodge & Hutz, Wilmington, DE USA.

For Unilin Decor NV, Quick-Step Flooring Inc, DEFENDANTS: Richard L Horwitz, David Ellis Moore, Potter Anderson & Corroon, LLP, Wilmington, DE USA.

For Unilin Decor NV, COUNTER-CLAIMANT: Richard L Horwitz, Potter Anderson & Corroon, LLP, Wilmington, DE USA.

For Unilin Decor NV, Quick-Step Flooring Inc, COUNTER-CLAIMANTS: David Ellis Moore, Potter Anderson & Corroon, LLP, Wilmington, DE USA.

For Alloc Inc, Berry Finance NV, Valinge Aluminium AB, COUNTER-DEFENDANTS: Francis Digiovanni, Connolly, Bove, Lodge & Hutz, Wilmington, DE USA.

**JUDGES:** Gregory M. Sleet, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** Gregory M. Sleet

**OPINION:**

### MEMORANDUM AND ORDER

### I. INTRODUCTION

On March 5, 2003, Alloc, Inc. ("Alloc"), Berry Finance N.V. ("Berry"), and Valinge [*2] Aluminum AB, ("Valinge") (collectively "the plaintiffs") filed a complaint against Unilin Decor, N.V. ("Unilin") and Quick-Step Flooring, Inc. ("Quick-Step") (collectively "the defendants") alleging infringement of U.S. Patent No. 6,516,579 ("the '579 patent"). The '579 patent is the latest in a series of continuation patents that include U.S. Patent Nos. 5,706,621 ("the '621 patent"), 5,860,267 ("the '267 patent"), 6,023,907 ("the '907 patent"), and 6,182,410 ("the '410 patent").

The '621 patent is currently undergoing reexamination in the United States Patent and Trademark Office ("PTO"). Additionally, the Federal Circuit is considering infringement issues with regard to the '267, '907, and '410 patents after the International Trade Commission ("ITC") rendered a non-infringement decision in favor of Unilin and against the plaintiffs.

Presently before the court is the defendant's motion to stay litigation of the '579 patent pending the completion of both the '621 reexamination proceedings and the Federal Circuit's decision on the '267, '907, and '410 patents. After consideration of each of the factors involved, and for the reasons detailed below, the court will grant the motion [*3] to stay.

### II. BACKGROUND

The parties involved in the present action have attempted to resolve their patent infringement issues in many different forums, both in the United States and in Europe. Specifically, in July 2000, Pergo Inc. ("Pergo"), Unilin's licensee, brought a declaratory action in the District of Columbia with regard to the '267, '907, and '621 patents in response to the plaintiffs' threats of infringement litigation. Pergo additionally filed a request for reexamination of the '621 patent in the PTO. This reexamination is currently ongoing. The plaintiffs subsequently filed a complaint in the Eastern District of Wisconsin asserting that Pergo and Unilin infringed the '267 and '907 patents. In response, Unilin filed its own declaratory judgment action in the District of Columbia, alleging that its product did not infringe the '267, '907, and '621 patents.

In December 2000, the plaintiffs initiated a proceeding in the ITC asserting that Unilin infringed the '267, '907, and '410 patents. Upon the filing of the ITC action, all of the district court actions between the two parties concerning the alleged infringement of the '267, '907, and '410 patents were stayed [*4] pursuant to *28 U.S.C. § 1659*. In November 2001, an ITC Administrative Law Judge ("ALJ") issued a decision finding that Unilin did not infringe the '267, '907, or '410 patents. The ITC affirmed the ALJ's decision in April 2002. The plaintiffs then appealed to the Federal Circuit, which heard oral argument on that case in March 2003. No decision has yet issued.

In the present case, the '579 patent is the only patent in dispute. However, as the court noted above, it is the latest of the continuation patents that stem from the original '621 patent. The '579 patent has never been reviewed by the PTO, the ITC, or any other court.

### III. DISCUSSION

[HN1] The decision to stay a case is firmly within the discretion of the court. *See Cost Bros., Inc. v. Travelers Indem. Co., 760 F.2d 58, 60 (3d Cir. 1985)*. This authority applies equally to patent cases in which a reexamination by the PTO has been requested. *Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)* (noting that "courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination. [*5] ") (internal citations omitted); *see also Emhart Indus. v. Sankyo Seiki Mfg., 1987 U.S. Dist. LEXIS 15033, 3 U.S.P.Q.2d 1889, 1890 (N.D. Ill. 1987)* (recognizing that, "in passing legislation establishing the reexamination proceeding, Congress stated its approval of district courts liberally granting stays within their discretion."); *Gould v. Control Laser Corp., 705 F.2d 1340, 1342 (Fed. Cir. 1983)* (citing legislative history of reexamination statute).

In determining whether a stay is appropriate, courts are directed to consider the following factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Xerox Corp. v. 3 Comm Corp., 69 F. Supp.2d 404, 406 (W.D.N.Y. 1999)* (citing cases); *cf. United Sweetner USA, Inc. v. Nutrasweet Co., 766 F. Supp. 212, 217 (D. Del. 1991)* (stating a similar test).

In opposition to the defendants' motion to stay, the plaintiffs first argue that, since the '579 patent itself is not at issue [*6] in the reexamination proceedings, or in the Federal Circuit appeal, there is no need to stay the case before this court. *See* D.I. 21 at 7. The court must disagree because the plaintiffs cannot credibly argue that the patents are not alike in subject matter, as well as in many of their claims. This is so because, in general, [HN2] "a continuing application is one filed during the pendency of another application which contains at least part of the disclosure of the other application and names at least one inventor in common with that application." *Transco Products, Inc. v. Performance Contracting, Inc., 38 F.3d 551, 555 (Fed. Cir. 1994)*. Thus, a continuation application "claims the same invention claimed in an earlier application, although there may be some variation in the scope of the subject matter claimed." *Id.* Indeed, the plaintiffs themselves admit that the patents in question do have some terms in common. *See* D.I. 21 at 10. Therefore, even though the '579 patent does not contain precisely the same claims of the other patents that are under review or reexamination, there is a sufficient correlation among all of the patents for the court to conclude that a [*7] stay is appropriate.

Additionally, with regard to the issue of efficiency, it is beyond dispute that the court would benefit from a narrowing of the numerous complex issues relating to claims, which, if clearly defined, would streamline discovery and subsequent litigation. To this end, the reexamination of the '621 patent will greatly serve the purpose of defining the issues in this case. For example, the court will gain the benefit of the PTO's particular expertise in evaluating the prior art. *See Pegasus Development Corp. v. DirecTV, Inc., 2003 U.S. Dist. LEXIS 8052, 2003 WL 21105073, *2 (D. Del. May 14, 2003)* (citations omitted). Likewise, the court will also benefit from the reexamination process in that (1) many discovery issues relating to prior art may be alleviated; (2) the record of the reexamination likely would be entered at trial; (3) the issues, defenses, and evidence will be more easily limited in pre-trial conferences following a reexamination; and (4) the outcome of the reexamination process may encourage a settlement without further involvement of the court. *Id.* (citations omitted). Such a refinement of the issues will benefit both parties by reducing litigation costs. [*8] *See id.* This approach will also best conserve the court's scarce resources. *See id.* Similar benefits will likewise flow from the Federal Circuit's analysis of the '267, '907, and '410 patents.

The plaintiffs alternatively contend that the motion is premature because the two proceedings that have a potential impact on this case may be decided well before this case reaches the claim interpretation stage. *See* D.I. 21 at 5. However, if the decisions of the PTO and Federal Circuit are imminent, as the plaintiffs suggest, a stay at this time would not unduly burden their case as the stay would then be of short duration.

Finally, the court notes that discovery in this case has not yet begun, nor has a discovery schedule been entered at this time. Likewise, the court has not yet set a trial date. Therefore, the stay will be entered before any party incurs substantial litigation-related expenses.

## IV. CONCLUSION

In light of the above considerations, the court concludes that a stay at this point in the case would not unduly prejudice the plaintiffs or create for them a clear tactical disadvantage. Indeed, a stay will allow the issues before the court to be further simplified [*9] and defined to the benefit of the parties, as well as the court.

For the foregoing reasons, IT IS HEREBY ORDERED that:

   1. The Defendants' Motion to Stay Pending the Reexamination by the U.S. Patent and Trademark Office and Ruling

by the United States Court of Appeals for the Federal Circuit (D.I. 15) is GRANTED.

2. The parties shall advise the court of any decision that results from the PTO's reexamination of the '621 patent and any decision that results from the Federal Circuit's consideration of the '267, '907, and '410 patents within thirty (30) days of the date of each decision.

3. The Plaintiffs' Motion to Strike Portions of the Answer and Complaint (D.I. 11) is DISMISSED, without prejudice, and with leave to re-file should it become necessary following the stay.

Dated: July 11, 2003

Gregory M. Sleet

UNITED STATES DISTRICT JUDGE