# EXHIBIT J

LEXSEE 2004 U.S. DIST. LEXIS 19180

MARK LEVY, Plaintiff, v. STERLING HOLDING COMPANY, LLC, NATIONAL SEMICONDUCTOR CORPORATION and FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., Defendants.

Civil Action No. 00-994 (GMS)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2004 U.S. Dist. LEXIS 19180; Fed. Sec. L. Rep. (CCH) P92,927

September 27, 2004, Decided

**PRIOR HISTORY:** *Levy v. Sterling Holding Co., LLC, 314 F.3d 106, 2002 U.S. App. LEXIS 27407 (3d Cir. Del., 2002)*

**DISPOSITION:** [*1] Defendants' Motion to Stay and For Expedited Briefing was granted.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff shareholder filed a derivative suit on behalf of defendant corporation against defendant directors pursuant to § 16(b) of the Securities Exchange Act of 1934, *15 U.S.C.S. § 78p*(b). Defendants subsequently filed a motion to stay the litigation pending final action by the Securities and Exchange Commission (SEC) on its proposed amendments to S.E.C. Rules 16b-3 and 16b-7.

**OVERVIEW:** The shareholder alleged that the directors purchased the corporation's stocks and then sold them at a profit within six months after purchase, thereby violating the prohibition on short swing profits due to insider trading. Defendants moved to dismiss the complaint on the ground that the alleged purchase transaction was exempt under S.E.C. Rules 16b-7 and 16b-3. The court granted defendants' motion to dismiss, but its decision was reversed on appeal. In response to the appellate court's decision, the SEC proposed clarifying amendments to S.E.C. Rules 16b-3 and 16b-7, which, if adopted, could control the outcome of the litigation. Defendants then moved for a stay of the litigation pending final action on the proposed amendments. The court held that it would grant defendants' motion for a stay because: (1) the shareholder failed to explain how he would be unduly prejudiced by a stay; (2) if the proposed amendments were adopted, many of the issues in the case would be moot and the litigation would be streamlined; and (3) not staying the proceedings ran the risk of conflict with other circuit courts that would have to apply the amended rules if they were adopted.

**OUTCOME:** The court granted defendants' motion for a stay.

**LexisNexis(R) Headnotes**

*Civil Procedure > Entry of Judgments > Stay of Proceedings & Supersedeas*
[HN1] The decision to stay a case is firmly within the discretion of the court.

*Civil Procedure > Entry of Judgments > Stay of Proceedings & Supersedeas*
[HN2] In determining whether a stay is appropriate, a court's discretion is guided by the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.

*Civil Procedure > Entry of Judgments > Stay of Proceedings & Supersedeas*
[HN3] The mere fact of delay is inherent in every request to stay. The issue, therefore, is whether the stay would unduly prejudice the non-moving party.

Case 1:04-cv-00884-SLR   Document 40-11   Filed 03/15/2005   Page 3 of 5

Page 2

2004 U.S. Dist. LEXIS 19180, *; Fed. Sec. L. Rep. (CCH) P92,927

**COUNSEL:** For MARK LEVY, plaintiff: Jeffrey S. Goddess, Rosenthal, Monhait, Gross & Goddess, Wilmington, DE.

For STERLING HOLDING COMPANY, LLC, defendant: P. Clarkson Collins, Jr., Morris, James, Hitchens & Williams, Wilmington, DE.

For NATIONAL SEMICONDUCTOR CORPORATION, defendant: R. Franklin Balotti, Robert J. Stearn, Jr., Jeffrey L. Moyer, Richards, Layton & Finger, Wilmington, DE.

For FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., defendant: Kenneth J. Nachbar, Megan Elizabeth Ward, Morris, Nichols, Arsht & Tunnell, Wilmington, DE.

**JUDGES:** Gregory M. Sleet, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** Gregory M. Sleet

**OPINION:**

### ORDER

On November 28, 2000, Mark Levy ("Levy") filed this shareholder's derivative suit on behalf of defendant Fairchild Semiconductor International, Inc. ("Fairchild") against Sterling Holding Company, LLC ("Sterling") and National Semiconductor Corporation ("National") (collectively "the defendants") pursuant to section 16(b) of the Securities Exchange Act of 1934, *15 U.S.C. § 78p(b)*. Levy alleges that the defendants, who sit on the Fairchild Board of Directors, [*2] purchased Fairchild stocks and then sold those stocks at a profit within six months after purchase. Levy alleges that the defendants' conduct violated the *section 16(b)* prohibition on short swing profits due to insider trading. The defendants previously moved to dismiss the action on the ground that the alleged "purchase" transaction - a pre-IPO reclassification - was exempt under Securities and Exchange Commission ("SEC") *Rule 16b-7* and/or *Rule 16b-3*. On February 5, 2002, this court granted the defendants' motion to dismiss. See *Levy v. Sterling Holding Co., LLC, 2002 U.S. Dist. LEXIS 1767, 2002 WL 187513 (D. Del. Feb. 5, 2002)* (D.I. 46). Levy appealed the decision, and a panel of the United States Court of Appeals for the Third Circuit subsequently reversed and remanded. See *Levy v. Sterling Holding Co., LLC, 314 F.3d 106 (3d Cir. 2002)*. The defendants, supported by the SEC as *amicus curiae*, then moved for rehearing and rehearing *en banc*, which the Third Circuit denied by a 7-3 vote. Subsequently, the defendants filed a petition for a writ of *certiorari*, which the Supreme Court denied on October 14, 2003. See *Sterling Holding Co., LLC v. Levy, 540 U.S. 947, 157 L. Ed. 2d 277, 124 S. Ct. 389 (2003)*. [*3] On remand, the court issued a scheduling order setting the deadline dates for dispositive motions and motions in limine. The court also set the dates for the pre-trial conference and the trial. This case has proceeded through pre-trial fact discovery, which closed on May 17, 2004. On June 4, 2004, summary judgment motions were filed and the parties' briefing on those motions is now complete. The parties have also filed motions in limine with the court.

On June 21, 2004, the SEC proposed clarifying amendments to SEC *Rules 16b-3* and *16b-7*n1 n2 The proposed amendments were motivated by the Third Circuit's opinion in this case. If adopted, the amendments may control the outcome of the litigation. Presently before the court is the defendants' motion to stay the litigation pending the final action by the SEC on its proposed amendments to SEC *Rules 16b-3* and *16b-7*. After consideration of each of the factors involved, and for the reasons detailed below, the court will grant the motion to stay.

n1 The SEC has proposed the following amendments to *Rule 16b-3*:

> As amended this paragraph would be entitled "Acquisitions from the issuer," and provides that "any transaction involving an acquisition from the issuer (other than a Discretionary Transaction), including without limitation a grant or award, will be exempt if any one of the Rule's three existing alternative conditions is satisfied ...." These conditions require: approval of the transaction by the issuer's board of directors, or board committee composed solely of two or more Non-Employee directors [Rule 16b-3(d)(1)]; aapproval or ratification of the transaction, in compliance with Exchange Act Section 14, by the issuer's shareholders [Rule 16b-3(d)(2)]; or the officer or director to hold the acquired securities for a period of six months following the date of acquisition [Rule 16b-3(d)(3)].

Page 3

2004 U.S. Dist. LEXIS 19180, *; Fed. Sec. L. Rep. (CCH) P92,927

*Exchange Act Release No. 34-49895 (June 21, 2004), 2004 SEC LEXIS 1278, 2004 WL 1391723, at \*4.* The SEC has also proposed adding Note 4 to *Rule 16b-3*, which states:

> The exemptions provided by paragraphs (d) and (e) of this section [16b-3] apply to any securities transaction by the issuer with an officer or director of the issuer that satisfies the specified conditions of paragraph (d) or (e) of this section, as applicable. These exemptions are not conditioned on the transaction being intended for a compensatory or other particular purpose.

*2004 SEC LEXIS 1278, [WL] at 5.* [*4]

n2 The SEC has proposed the following amendments to *Rule 16b-7*:

> consistent with the rule's title ["Mergers, reclassifications, and consolidations"] the text would state "merger reclassification or consolidation" each place it currently states "merger or consolidation." In addition, a proposed new paragraph would specify that the exemption specified by Rule 16b-7 applies to any securities transaction that satisfies the conditions of the rule and is not conditioned on the transaction satisfying any other conditions.

*2004 SEC LEXIS 1278, [WL] at 6.*

[HN1] The decision to stay a case is firmly within the discretion of the court. *See Cost Bros., Inc. v. Travelers Indem. Co., 760 F.2d 58, 60 (3d Cir. 1985).* [HN2] In determining whether a stay is appropriate, the court's discretion is guided by the following factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Xerox Corp. v. 3 Comm Corp., 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)* [*5] (citing cases); *cf. United Sweetener USA, Inc. v. Nutrasweet Co., 766 F. Supp. 212, 217 (D. Del. 1991)* (stating a similar test).

Levy, the non-moving party, claims that he is prejudiced because the defendants seek an open-ended delay to a case that has been pending since 2000. Levy further claims that a stay would prejudice him because it would delay resolution of the parties' cross-motions for summary judgment. Moreover, Levy asserts that even if summary judgment were denied despite "overwhelming evidence of Defendants' violations of ... [section] 16(b) and their absence of any credible defense," he would be unfairly prejudiced by a stay because it would delay a trial date that has already been agreed upon and set. (D.I. 163, at 5). Levy contends that the law in the District of Delaware is that forestalling an agreed upon trial date would result in prejudice to the plaintiff. (D.I. 163, at 5) (citing *Dentsply Int'l, Inc. v. Kerr Mfg. Co., 734 F. Supp. 656 (D. Del. 1990)* (Farnan, J.)). The court cannot agree. [HN3] The mere fact of delay is inherent in every request to stay. The issue, therefore, [*6] is whether the stay would unduly prejudice the non-moving party. Here, Levy merely claims that a stay will delay the court's resolution of the cross-motions for summary judgment, as well as the trial. Levy, however, has not attempted to explain how he would be prejudiced. Furthermore, Levy has not pointed to any clear tactical disadvantage that would result from staying the case. Thus, the court finds that the prejudice to Levy is slight, if any.

Staying the litigation until the SEC decides whether to adopt the proposed amendments to *Rules 16b-3* and *16b-7* will simplify the issues in this case and focus the litigation. If adopted, the proposed amendments to *Rule 16b-3* will not limit the exemption to transactions that have some compensation-related aspect. The only limitations will be the conditions set forth in *16b-3(d)(1)-(3)*. In addition, if adopted, the proposed amendments to *Rule 16b-7* will exempt reclassifications from *section 16(b)*. Thus, many of the issues in the litigation will become moot. A stay will conserve the resources of the parties and the court. It will enable the court to forego deciding many of the arguments raised in the parties' cross-motions for summary judgment, [*7] such as the applicability of the unorthodox transaction doctrine enunciated by the Supreme Court in *Kern County Land Co. v. Occidental Petroleum Corp., 411 U.S. 582, 36 L. Ed. 2d 503, 93 S. Ct. 1736 (1973).* Moreover, it will obviate the need of the court to resolve expert discovery disputes and make rulings on motions in limine and other pretrial motions. If the proposed amendments are rejected, the court will proceed with the case. The court will then decide the parties' cross-motions for summary

Case 1:04-cv-00884-SLR    Document 40-11    Filed 03/15/2005    Page 5 of 5

Page 4

2004 U.S. Dist. LEXIS 19180, *; Fed. Sec. L. Rep. (CCH) P92,927

judgment, consistent with the Third Circuit's opinion, and proceed to trial, if necessary.

Not staying the proceedings, however, runs the risk of inconsistent adjudications. This case is scheduled for trial on November 1, 2004. According to the SEC's release, the deadline for comments on the proposed amendments was August 9, 2004. Thus, all that remains is for the SEC to decide whether it will adopt the proposed amendments. While Levy asserts that it takes the SEC a substantial period of time from its initial proposal to ultimately adopt a rule, the SEC's proposed amendments here are clarifying, meant only to interpret the pre-existing rules and not to adopt new rules. Therefore, the amount [*8] of time from the close of the notice and comment period to the decision to adopt will likely not be nearly as substantial as the amount of time it takes the SEC to adopt a new rule. By staying the action and awaiting the decision of the SEC, in the event of adoption, a further conflict with other circuit courts that will have to apply amended SEC *Rules 16b-3* and *16b-7* may be avoided. n3

---

n3 The Third Circuit decision in *Levy* is already inconsistent with the United States Court of Appeals for the Second Circuit, which reached a different conclusion in *Gryl ex rel. Shire Pharms. Group PLC v. Shire Pharms. Group PLC, 298 F.3d 136 (2d Cir. 2002)*.

---

The Third Circuit noted in *Levy* that "*section 16(b)* explicitly authorizes the SEC to exempt 'any transaction ... as not comprehended within the purpose of' the statute. This section is critical[,] for courts defer to an agency's interpretation of statutes, particularly where the statute provides the agency with authority to make the interpretation." *Levy, 314 F.3d 106, 112 (3d Cir. 2002)* [*9] (citing *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843-44, 81 L. Ed. 2d 694, 104 S. Ct. 2778 (1984))*. *Levy* then explained that "the SEC has not set forth its interpretation clearly," and that it would have "to ascertain what in fact was its interpretation." *Levy, 314 F.3d at 112*. Moreover, the court concluded that although it disagreed with the district court's holding "that *Rule 16b-7* exempted the reclassification transaction as a matter of law ... we do not conclude at this time that the reclassification transaction is outside the definition of 'purchase' under *section 16(b)*." *Id. at 125*. The Third Circuit did not hold that the reclassification transaction was outside the conditions for exemption under *Rule 16b-7*. The Court of Appeals only held that it could not, at the motion to dismiss stage of the proceedings, determine whether the reclassification was exempt. The court could not hold that the reclassification transaction was outside the definition of "purchase" because the SEC had not clearly set forth its interpretation of the term. Thus, the court recognized that guidance from the SEC as to the interpretation [*10] of *Rules 16b-3* and *16b-7* was needed. In response to the Third Circuit's opinion in *Levy*, the SEC proposed the amendments to *Rules 16b-3* and *16b-7* to "resolve any doubt as to the meaning and interpretation of these rules" and to reaffirm "the views we have expressed previously regarding their appropriate construction." *Exchange Act Release No. 34-49895 (June 21, 2004), 2004 SEC LEXIS 1278, 2004 WL 1391723, at *3* (explaining that the *Levy* opinion resulted in uncertainty regarding the exemptive scope of *Rules 16b-3* and *16b-7*). If the proposed amendments are adopted, the Fairchild reclassification transaction will be considered exempt under *Rule 16b-7*. Thus, many of the issues in this case will be moot and the litigation streamlined.

In the present case, fact discovery is complete and a trial date is set. However, given the possibility that adoption of the SEC's proposed amendments to *Rules 16b-7* and *16b-3* could materially affect the issues in this case and the fact that Levy cannot point to any way that he will be unduly prejudiced by the stay, the court finds that the balance of harms weighs in favor of a stay. Thus, the court will grant the defendants' motion to stay.

Therefore, IT [*11] IS HEREBY ORDERED that:

    1. The defendants' Motion to Stay and For Expedited Briefing (D.I. 150) is GRANTED.

Dated: September 27, 2004

Gregory M. Sleet

UNITED STATES DISTRICT JUDGE