# EXHIBIT K

2 of 100 DOCUMENTS

**YAMAHA INTERNATIONAL CORP., YAMAHA ELECTRONICS CORP., U.S.A., Plaintiffs, v. CENTRAL VENTURE, INC., d/b/a EAST 33RD TYPEWRITER & ELECTRONICS, WILLIAM GAN, CHONA M. CHUA-GAN, and JOHN DOES 1-10, Defendants**

No. 90 Civ. 9495

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*1991 U.S. Dist. LEXIS 334; 13 Int'l Trade Rep. (BNA) 1233*

January 10, 1991, Decided
January 14, 1991, Filed

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff authorized distributor filed a motion for a stay of the court's consideration of defendants independent distributors' motion for summary judgment.

**OVERVIEW:** The independent distributors argued that an argument similar to that made by the authorized distributor had been made in a prior case on the same issues which was pending appeal. Therefore, collateral estoppel supported the grant of summary judgment to them on the claims under *19 U.S.C.S. § 1526*. The court found that judicial efficiency would be best served by granting the authorized distributor's motion, thereby suspending any decision on the summary judgment motion until after the decision in that prior case had been handed down. This course of action, the court found, would avoid the possibility of the case having to be considered and reconsidered by this court and an appellate court depending on the outcome of the appeal.

**OUTCOME:** The motion for a stay was granted.

**LexisNexis(R) Headnotes**

*Trademark Law > Foreign & International Protections > Registration*
*International Trade Law > Tariff Act of 1930*
*Trademark Law > Protection of Rights > Registration > Degree of Protection*
[HN1] The Tariff Act prohibits the unauthorized importation of or dealing in foreign-made goods bearing a registered trademark owned by a United States corporation.

*International Trade Law > Tariff Act of 1930*
[HN2] To allow American subsidiaries of foreign firms protection under *19 U.S.C.S. § 1526* would allow any foreign manufacturer to use a wholly owned American subsidiary as a means to secure the help of American tariff law in enforcing worldwide price discrimination.

*Civil Procedure > Entry of Judgments > Stay of Proceedings & Supersedeas*
[HN3] Granting or denying a stay of pending proceedings is a matter within the court's discretion.

**COUNSEL:** [*1]

For Plaintiffs: Wallenstein, Wagner & Hattis, Ltd., Chicago, Illinois, Of Counsel: Robert E. Wagner, Esq., Linda A. Kuczma, Esq., James J. Jagoda, Esq., Anderson Kill Olick & Oshinsky, P.C., New York, New York, Of Counsel: John E. Kidd, Esq.

Case 1:04-cv-00884-SLR   Document 40-12   Filed 03/15/2005   Page 3 of 4

Page 2
1991 U.S. Dist. LEXIS 334, *; 13 Int'l Trade Rep. (BNA) 1233

For Defendants: Ostrager & Chong, New York, New York, Of Counsel: Glenn F. Ostrager.

**JUDGES:**

John F. Keenan, United States District Judge.

**OPINIONBY:**

KEENAN

**OPINION:**

MEMORANDUM OPINION AND ORDER

Introduction

Before the Court is the motion of plaintiffs for a stay of this Court's consideration of defendants' motion for summary judgment. The Court has jurisdiction over this action pursuant to *15 U.S.C. § 1121* and *28 U.S.C. § 1338*. For the reasons set forth below, plaintiffs' motion is granted.

Discussion

Plaintiffs, Yamaha Corporation of America (formerly known as Yamaha International Corporation) and Yamaha Electronics Corporation, USA (collectively referred to as "Yamaha") filed this action alleging trademark infringement and unfair competition. Plaintiffs are California corporations that are the exclusive authorized American distributors of Yamaha brand electronic products, manufactured in Japan by their parent company Yamaha Corporation of Japan. Yamaha Corporation [*2] of America is the owner by assignment of several trademarks used to identify Yamaha products. Defendants sell and advertise Yamaha music equipment. Defendants apparently purchase equipment directly from plaintiffs' parent company, then sell, advertise and distribute the equipment independently, without authorization from plaintiffs.

Plaintiffs' complaint is composed of six counts. Count I alleges that defendants' use of marks identical to the marks owned by plaintiff Yamaha Corporation of America is and will be confusing to the public in violation of *15 U.S.C. § 1114*(a). Count II alleges that defendants' use of the marks amounts to unfair competition in violation of the Lanham Act, *15 U.S.C. § 1125*(a). Count III charges defendants with unlawfully dealing in imported goods bearing plaintiffs' trademarks in violation of the Tariff Act, *19 U.S.C. § 1526*. Count IV contains state and common-law charges of deceptive trade practices and unfair competition. Count V advances another state law claim, for dilution of plaintiffs' property rights. Count VI charges the defendants with intentional interference with plaintiffs' contractual relations with their authorized dealers.

After the parties [*3] conducted discovery, defendants moved for summary judgment. One of the arguments defendants advanced in support of their motion for summary judgment was based on collateral estoppel. In December of 1988, the United States District Court for the Central District of California issued an opinion in *Yamaha International Corporation, et al. v. ABC International Corporation, 703 F. Supp. 1398 (C.D. Cal. 1988)* ("ABC"). In that decision, plaintiffs in this action brought Lanham Act and Tariff Act claims against defendant ABC, a supplier of Yamaha-marked goods to defendants in this action. The Court in ABC granted defendants summary judgment and made findings concerning the application of the Lanham Act and the Tariff Act.

Plaintiffs in ABC alleged that defendant imported goods bearing the Yamaha trademark in violation of [HN1] the Tariff Act, which prohibits the unauthorized importation of or dealing in foreign-made goods bearing a registered trademark owned by a United States corporation. See *703 F. Supp. at 1403*. Defendants argued that the protection of American companies provided by the Act does not apply to American subsidiaries of foreign manufacturers such as Yamaha International. [*4] The Court granted summary judgment to defendants, holding that [HN2] "to allow Yamaha-America and firms like it [protection under § 526] would allow any foreign manufacturer to use a wholly owned American subsidiary as a means to secure the help of American tariff law in enforcing worldwide price discrimination." *703 F. Supp. at 1403*.

Plaintiffs in this action make identical Tariff Act allegations against Central Venture, an enterprise which purchased Yamaha-marked goods from ABC. Complaint para. 24. Defendants argue that the Tariff Act decision in ABC requires a decision in their favor on collateral estoppel grounds. The decision in Yamaha International Corporation, et al. v. ABC International Corporation is currently on appeal to the United States Court of Appeals for the Ninth Circuit.

The ABC decision also addressed Lanham Act questions. In response to plaintiffs' allegations that the unauthorized importation of Yamaha-marked goods constituted a violation of the Lanham Act, the Court held that because Yamaha had made a judicial admission of the genuineness of the marked goods, the Lanham Act did not prohibit their importation. See *id. at 1404*. In support omits conclusion [*5] that the Lanham Act did not prohibit the importation of genuine goods without the consent of owner of the mark, the ABC court cited the decision of the Court of Appeals for the Second Circuit

Case 1:04-cv-00884-SLR    Document 40-12    Filed 03/15/2005    Page 4 of 4

Page 3

1991 U.S. Dist. LEXIS 334, *; 13 Int'l Trade Rep. (BNA) 1233

in *Olympus Corporation v. United States, 792 F.2d 315 (2d Cir. 1986)*, and the decision of the Ninth Circuit in *NEC Electronics v. Cal Circuit Abco, 810 F.2d 1506 (9th Cir. 1987)*.

Defendants also argue that collateral estoppel supports the grant of summary judgment to them on plaintiffs' Lanham Act claims.

"In NEC, as here, the plaintiff argued that the defendant's use of the assigned trademark in connection with sales of goods obtained from the parent was likely to cause confusion among consumers that the goods sold by the defendant were authorized by or connected to the plaintiff. The plaintiff further argued, as here, that confusion would arise among consumers as to servicing and warranties which were offered by the plaintiff. Both arguments were rejected by the Ninth Circuit Court of Appeals."

See Defendants' memorandum of law at 18.

In addition to the ABC case, a recent decision of the United States District Court for the District of Columbia has a bearing on this [*6] Court's decision on this motion. In *Yamaha Corporation of America v. United States, 745 F. Supp 734 (D.D.C. 1990)*, one of the plaintiffs in this action brought suit against the Department of the Treasury and the U.S. Customs Service. Plaintiff sought a declaratory judgment stating that the Lanham Act and the Tariff Act barred the importation of goods manufactured by the foreign parent of an American corporation that owned a trademark. The Court denied plaintiff's application, holding that collateral estoppel applied on the Tariff Act and Lanham Act issues already litigated in the California case. *Yamaha Corporation of America v. United States, 745 F. Supp. 734, 738 (D.D.C. 1990)*. This decision is also under appeal.

Plaintiffs urge the Court to stay consideration of defendants' summary judgment motion pending the Ninth Circuit's decision of the appeal in the ABC case. Plaintiffs point out that if the district court decision in ABC is reversed, the collateral estoppel effect of the Lanham Act and Tariff Act decisions by that Court will be destroyed. If this Court decides to apply collateral estoppel and grant defendant summary judgment, that decision will likely have [*7] to be reopened pursuant to *Fed. R. Civ. P. 60* if the Ninth Circuit reverses the district court in ABC. Plaintiffs' memorandum in support of stay at 3. In opposition to the grant of a stay, defendants argue that the grant of a stay would chill defendants' marketing activities. See Defendants' memorandum at 5.

[HN3] Granting or denying a stay of pending proceedings is a matter within the Court's discretion. See *Landis v. North American Co., 299 U.S. 248 (1936)*. The Court feels that under these circumstances judicial efficiency would be best served by granting plaintiffs' motion, thereby suspending any decision on defendants' summary judgment motion until after the decision of the Ninth Circuit in the ABC case. This course of action will avoid the possibility of the case having to be considered and reconsidered by this Court and the Court of Appeals for the Second Circuit depending on the outcome of the appeal.

Conclusion

For the reasons set forth above, plaintiffs' motion is granted. Counsel for the parties are instructed to monitor the progress of the appeal and to update the Court periodically concerning the progress of that case. In addition, counsel for plaintiffs are [*8] instructed to notify the Court immediately when the Ninth Circuit's decision in that case is announced.

SO ORDERED.

Dated: New York, New York
January 10, 1991