IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FERRING B.V., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 04-884-SLR |
| ) | |
| TEVA PHARMACEUTICAL ) | |
| INDUSTRIES LTD. and TEVA ) | |
| PHARMACEUTICALS USA, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### TEVA PHARMACEUTICALS USA, INC. & TEVA PHARMACEUTICAL INDUSTRIES LIMITED'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED ANSWERS AND COUNTERCLAIMS

Teva respectfully submits this reply in support of its Motion for Leave to File Amended Answers and Counterclaims.

Rule 15, which governs the right to amend, mandates that "leave shall be freely given when justice so requires." As noted in Teva's opening brief, the Third Circuit has been said to show "strong liberality in allowing amendment." *Bair v. City of Atlantic City*, 100 F. Supp. 2d 262, 265 (D.N.J. 2000).

Ferring's arguments for avoiding the general presumption in favor of amendment are frivolous. First, Ferring argues that "[u]pon reversal by the Federal Circuit of the *Barr* Judgment," the claims and defenses Teva seeks to add will become moot. (Opposition, p. 2.) That argument is simply wrong. If Ferring ultimately prevails on appeal, the result will be that summary judgment is vacated and the case will be remanded for trial. The defense of inequitable conduct will not even be mooted for Barr, much less for Teva.

Given that Ferring's success in appealing the current judgment against Barr does not affect Teva's right to raise the same defenses as Barr, Ferring's argument that a reversal is "likely" is completely irrelevant.[1] Moreover, a reversal is *not* likely.[2]

Ferring does not have any argument for prejudice relating solely to Teva's motion to amend. Ferring's arguments are based on summary judgment being granted in Teva's favor and are duplicative of the arguments raised in its opposition to summary judgments. Teva refutes all of Ferring's arguments in Teva's Reply in Support of Motion for Leave to File Summary Judgment on the Basis of Collateral Estoppel and Opposition to Ferring B.V's Cross-Motion to Stay ("Reply in Support of Collateral Estoppel"), filed concurrently herewith. In short, it is Teva, not Ferring, that is at risk of prejudice by virtue of being kept from the desmopressin acetate market through Ferring's continued wielding of an unenforceable patent, causing Teva to lose sales it can never recoup.

The sole case cited by Ferring in which prejudice to the non-moving party justified denial of amendment is *Cornell & Co. v. Occupational Safety & Health Review Comm.*, 573 F.2d 820 (3d Cir. 1978). In *Cornell*, a party was held to be prejudiced by an amended pleading where the amended pleading "completely changed the nature of the charges" against the non-moving party and the critical fact witnesses (who were transient workers) were not available to address the amended pleading. 573 F.2d at 824-25. Nothing even close to the *Cornell* facts are present here.

---

[1] Equally irrelevant, not to mention, exceedingly optimistic, is Ferring's argument regarding the timing of an appeal. (*See* Teva's Reply in Support of Motion for Summary Judgment, filed concurrently herewith, p. 12.)

[2] Ferring supports its "likelihood" argument by asserting a 40% reversal rate on *claim construction* issues in the Federal Circuit. Even if the Court assumed Ferring's 40% figure accurately reflected Ferring's chances on appeal – which it does not (*See* Teva's Reply in Support of Motion for Summary Judgment, filed concurrently herewith, p. 13-14.) -- then the word that best describes Ferring's chances of success on appeal would actually be "unlikely."

2

The remainder of Ferring's arguments are simply repeats of arguments in Ferring's brief in opposition to Teva's collateral estoppel motion. They are not relevant to the motion to amend. Teva refutes these arguments in full in its concurrently filed Reply in Support of Collateral Estoppel, and hence, does not repeat that discussion herein.

For the forgoing reasons, Teva's motion to amend should be granted.


Dated: March 29, 2005

                              YOUNG CONAWAY STARGATT & TAYLOR LLP

                              */s/ Josy W. Ingersoll by Karen E. Keller*

                              Josy W. Ingersoll (No. 1088)
                              Karen E. Keller (No. 4489)
                              The Brandywine Building
                              1000 West St., 17th Floor
                              P.O. Box 391
                              Wilmington, Delaware 19899-0391
                              Phone:  302-571-8872
                              Phone:  302-571-6600
                              jingersoll@ycst.com

                              Attorneys for Defendants Teva Pharmaceutical
                              Industries Ltd. and Teva Pharmaceuticals USA, Inc.

                              SUTHERLAND ASBILL & BRENNAN LLP

                              William F. Long
                              N.E.B. Minnear
                              999 Peachtree Street
                              Atlanta, Georgia 30309-3996
                              Phone:   404-853-8000
                               Fax:       404-853-8806

## CERTIFICATE OF SERVICE

I, Josy W. Ingersoll, Esquire, hereby certify that on March 29, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis DiGiovanni, Esquire
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 North Orange Street
> P.O. Box 2207
> Wilmington, DE 19899

I further certify that on March 29, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY EMAIL**

> Dennis J. Mondolino, Esquire
> Esther H. Steinhauer, Esquire
> Jeffrey M. Gold, Esquire
> Morgan Lewis & Bockius, LLP
> 101 Park Avenue
> New York, NY 10178-0060

> YOUNG CONAWAY STARGATT & TAYLOR, LLP

> Josy W. Ingersoll (No. 1088)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801
> (302) 571-6600
> jingersoll@ycst.com

> Attorneys for Defendants Teva Pharmaceutical Industries Ltd. and Teva Pharmaceuticals USA, Inc.