IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
FERRING B.V., :
: 
  Plaintiff, : Civil Action No. 04-884-SLR
:
 v. :
:
TEVA PHARMACEUTICALS USA, INC. and :
TEVA PHARMACEUTICALS INDUSTRIES, :
LIMITED, :
:
  Defendants. :
------------------------------------------------------------x

### FERRING B.V.'S REPLY BRIEF
### IN SUPPORT OF ITS MOTION TO STAY

Francis DiGiovanni (#3189)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 888-6316
fdigiovanni@cblh.com

*Attorneys for Plaintiff Ferring B.V.*

OF COUNSEL:

Dennis J. Mondolino
Esther H. Steinhauer
Edward M. Reisner
Jeffrey M. Gold
Timothy P. Heaton
MORGAN, LEWIS & BOCKIUS, LLP
101 Park Avenue
New York, New York 10178
(212) 309-6000

Dated: April 8, 2005

## TABLE OF CONTENTS

|   |   | PAGE |
|---|---|---|
| I. | TEVA WILL NOT BE PREJUDICED BY ENTRY OF A STAY | 1 |
| II. | FERRING WILL BE IRREPARABLY HARMED UNLESS ITS MOTION FOR A STAY IS GRANTED WHEREAS TEVA WILL NOT BE HARMED | 4 |
| III. | FERRING IS LIKELY TO SUCCEED ON APPEAL | 4 |
| IV. | JUDICIAL ECONOMY AND THE PUBLIC INTEREST FAVOR STAYING THIS CASE | 6 |
| V. | CONCLUSIONS | 7 |

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

*Aerogroup Int'l, Inc. v. Show Shoe, Inc.*,
966 F. Supp. 175 (W.D.N.Y. 1997) ................................................................. 2, 3

*Creo Products Inc. v. Presstek, Inc.*,
2001 WL 637397 (D. Del. May 11, 2001) ............................................................ 5

*Hilton v. Braunskill*,
481 U.S. 770 (1987) ............................................................................................ 1

*In Re Professional Air Traffic Controllers Organization (PATCO)*,
699 F.2d 539 (D.C. Cir. 1983) ............................................................................ 7

*Kos Pharm., Inc. v. Andrx Corp.*,
369 F.3d 700 (3rd Cir. 2004) .............................................................................. 3

*Mylan Laboratories, Inc. v. Thompson*,
389 F.3d 1272 (D.C. Cir. 2004) .......................................................................... 4

*Yamaha Int'l Corp. v. Central Venture, Inc.*,
1991 U.S. Dist. LEXIS 334 (S.D.N.Y. January 14, 1991) ................................... 2

**STATUTES**

37 C.F.R. § 1.56(a)(1992) ............................................................................................ 6, 7

**OTHER AUTHORITIES**

Moore, Kimberly A., "Judges Juries and Patent Cases – An Empirical Peek Inside the Black Box," 99 Mich. L. Rev. 365, 397 n. 131 (November 2000). ....................................... 6

Plaintiff Ferring B.V. respectfully submits this memorandum in further support of its motion to stay this case pending resolution of the Federal Circuit appeal from the Judgment granted in *Ferring B.V., et al. v. Barr Laboratories* ("*Barr* action"). Teva contends that this Court should apply the same four-part analysis generally used in evaluating motions for preliminary injunctions, *citing Hilton v. Braunskill*, 481 U.S. 770, 777 (1987)[1] and Fed. R. Civ. P. 62(c):

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies.

Ferring disagrees that this is the applicable standard. (*See* Ferring B.V.'s Opposition Brief to Teva's Motion for Leave to File for Summary Judgment and Opening Memorandum in Support of Ferring B.V.'s Motion to Stay ("Ferring Mem.") at p. 15). However, under any standard, a stay is warranted here where all factors favor granting Ferring's motion for a stay.

I. **TEVA WILL NOT BE PREJUDICED BY ENTRY OF A STAY**

Teva's repeated assertions that it will be prejudiced by being unable to enter the market with its generic tablets if this Court declines to enter judgment against Ferring rings hollow in view of its failure to deny that:

- Teva does not yet have tentative FDA approval for its generic desmopressin acetate product and therefore has no approved product with which to go on the market;

---

[1] As the Supreme Court pointed out in reversing the denial of a stay of a writ of *habeas corpus*, this "formula cannot be reduced to a set of rigid rules." *Id.* at 777, 779.

- Teva does not contend that its desmopressin acetate product has received tentative approval from the FDA or that such approval is imminent; and

- Teva cannot enter the market even if it obtains FDA approval because as the second generic to file an ANDA on this product, Teva must wait until after Barr's 180-day exclusivity has run.

Teva's assertions that it will be prejudiced assumes that: (1) the FDA will finally approve Barr's ANDA shortly; (2) Barr will immediately go on the market;[2] and (3) the FDA will approve Teva's ANDA within the next six months,[3] a record time.[4]

In this regard, *Aerogroup Int'l, Inc. v. Show Shoe, Inc.*, 966 F. Supp. 175, 181 (W.D.N.Y. 1997) does not help Teva. The *Aerogroup* court distinguished the decision in *Yamaha Int'l Corp. v. Central Venture, Inc.*, 1991 U.S. Dist. LEXIS 334 (S.D.N.Y. January 14, 1991) (Ex. K to D.I. 40) on the ground that in "*Yamaha*, the defendant's business activities were not restricted by any pending injunction or stipulation." *Aerogroup*, 966 F. Supp. at 181. *Yamaha* is entirely applicable here. Teva is not being kept off the market by an injunction and it is undisputed that Teva must wait for FDA approval. Thus, entering Judgment now will not result in Teva entering the market as it apparently did in the *Aerogroup* case.[5] Teva's attempt to analogize the facts here

---

[2]  The entry in the *Barr* action of a Stipulation to postpone any motion practice on attorney fees and costs (Ferring Mem. at 6) strongly suggests that Barr intends to wait until after the Appeal is decided before entering the market.

[3]  Theoretically, Teva could enter the market before the appeal is resolved, *inter alia*, if Teva obtains tentative FDA approval and buys Barr's exclusivity or the Federal Circuit declines to expedite the appeal and Barr enters the market and its 180-day exclusivity has run its course.

[4]  Teva filed its ANDA in 2004, approximately two years after Barr. (Ferring Mem at 5.)

[5]  *Braunskill*, also relied on by Teva, is analogous to an injunction in that granting of *habeas corpus* pending respondent's appeal would have had the immediate effect of releasing the state prisoner. 481 U.S. at 770. In fact, the Supreme Court reversed the denial of the stay. *Id.* at 779.

to an injunction entered in *Aerogroup* is misplaced (Teva Reply at 15),[6] and exemplifies why Teva is incorrect in seeking to apply the standard for a stay pending an injunction issued against a defendant.

Here, a stay will maintain the *status quo* without harming either of the parties. If Barr receives FDA approval and enters the market before the Federal Circuit appeal is decided and before the expiration of Teva's 30-month stay, Teva's motions could be ruled on at that time. Assuming that Teva has by then received tentative FDA approval and the Court grants its motions, entry of Judgment would lift the stay and Teva could enter the market.

Teva's contention that Ferring's intent to seek an expedited appeal of the *Barr* Judgment is based on a belief that Barr will receive FDA approval shortly and immediately enter the market is baseless. Ferring is seeking an expedited appeal because: *first*, its reputation has been besmirched by the unjustified holding that it committed inequitable conduct and the ongoing damage to its reputation and loss of goodwill cannot be compensated by money. *See Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 726 (3rd Cir. 2004) (damage to reputation and loss of goodwill constitutes irreparable harm). *Second*, and more important, the entry of the *Barr* Judgment has precipitated the filing of eight class action antitrust lawsuits against the *Barr* plaintiffs (Ferring and Aventis).[7]

---

[6]   Teva Pharmaceuticals USA, Inc. & Teva Pharmaceuticals Industries Limited's Reply in Support of Motion for Leave to File Summary Judgment on the Basis of Collateral Estoppel and Opposition to Ferring B.V.'s Cross-Motion to Stay is referred to herein as "Teva Reply."

[7]   These actions are: *Meijer, Inc. and Meijer Distribution, Inc. v. Ferring B.V.*, Ferring Pharmaceuticals, Inc., and Aventis Pharmaceuticals, Inc., Civ. Action No. 05-CV-2237, S.D.N.Y; *Helen Seamon v. Ferring B.V., Ferring Pharmaceuticals, Inc., and Aventis Pharmaceuticals, Inc.*, Civ. Action No. 05-CV-2398, S.D.N.Y.; *Vista Healthplan, Inc. v. Ferring B.V., Ferring Pharmaceuticals, Inc., and Aventis Pharmaceuticals, Inc.*, Civ. Action No. 05-CV-2628, S.D.N.Y.; *Louisiana Wholesale Drug Company, Inc. v. Ferring B.V., Ferring Pharmaceuticals, Inc., and Aventis Pharmaceuticals, Inc.*, Civ. Action No. 05-CV-2872, S.D.N.Y.; *Rochester Drug Co-Operative, Inc. v. Ferring B.V., Ferring Pharmaceuticals, Inc.*

3

## II. FERRING WILL BE IRREPARABLY HARMED UNLESS ITS MOTION FOR A STAY IS GRANTED WHEREAS TEVA WILL NOT BE HARMED

If the Court grants Teva's motion and enters judgment in Teva's favor, Ferring will irretrievably lose the 30-month stay of FDA approval of Teva's ANDA to which it is entitled under the provisions of Hatch-Waxman.[8]  *See* Remarks of Representative Waxman, Congressional Record of September 6, 1984, at H9118, attached as Exhibit 1. Thus, if this Court enters Judgment against Ferring, the 30-month stay of Teva's ANDA would automatically end and could not be reinstated.  As the Federal Circuit noted in *Mylan Laboratories, Inc. v. Thompson*, 389 F.3d 1272, 1284 (D.C. Cir. 2004), the 30-month stay is designed to provide market-exclusivity to a pharmaceutical patent holder that "it should rightfully enjoy, which could not be reinstated even if the patent holder might subsequently successfully appeal the district court's decision." Without a stay, Ferring will irretrievably lose a right to which it will still be entitled upon a successful appeal in *Barr*.

## III. FERRING IS LIKELY TO SUCCEED ON APPEAL

Teva argues that, for purposes of collateral estoppel, whether the decision in the *Barr* action is correct is irrelevant.  It then itemizes what it deems "factual issues", issues which the *Barr* plaintiffs believe the district court improperly resolved on summary judgment.  Ignoring

---

and *Aventis Pharmaceuticals, Inc.*, Civ. Action No. 05-CV-2928, S.D.N.Y.; *Pennsylvania Employees Benefit Trust Fund v. Ferring B.V., Ferring Pharmaceuticals, Inc. and Aventis Pharmaceuticals, Inc.*, Civ. Action No. 05-CV-2835, S.D.N.Y.; *Painters District Council, No. 30 Health and Welfare Fund v. Ferring B.V., Ferring Pharmaceuticals, Inc., and Aventis Pharmaceuticals, Inc.*, Civ. Action No. 05-CV-2987, S.D.N.Y; and *Philadelphia Federation of Teachers Health and Welfare Fund v. Ferring B.V., Ferring Pharmaceuticals, Inc. and Aventis Pharmaceuticals, Inc.*, Civ. Action No. 05-CV-3178, S.D.N.Y.

[8]     Upon introduction, Hatch-Waxman originally provided for an 18 month stay of approval, which was then extended to 30 months.  This time-frame was considered sufficient to complete any patent litigation prior to FDA approval of a generic product and for a generic company to obtain FDA approval.  *See* Remarks of Representative Kastenmeyer, Congressional Record of

4

plaintiffs' evidence to the contrary and without analysis, Teva repeatedly asserts that those issues were not "reasonably disputed." (Teva Reply at 6-7.)

Whether or not this Court should closely examine the decision in the *Barr* action in deciding whether to exercise its discretion and apply collateral estoppel, the correctness of the Judgment granted in that case should be evaluated by this Court in determining Ferring's likelihood of success on appeal. *See Creo Products Inc. v. Presstek*, Inc., 2001 WL 637397 at *12 (D. Del. May 11, 2001) (denying summary judgment where there was no evidence of intent and credibility of patentee was at issue) (Ex. 2 hereto). As set forth in Ferring's Memorandum, and contrary to Teva's assertions, the *Barr* court improperly resolved numerous contested issues of fact in granting summary judgment that the patent in suit was unenforceable due to inequitable conduct and committed additional errors in construing the claims and finding non-infringement. Moreover, the disputed issues of fact were resolved entirely by drawing adverse inferences against nonmovants, unsupported by an iota of evidence.[9] These disputed issues were set forth in detail in Ferring's Memorandum at 7-8. As evidenced by the appeal of the *Barr* Judgment to the Federal Circuit, Ferring unequivocally maintains that no inequitable conduct was committed during prosecution of the '398 patent and that its validity will be upheld.

According to Teva, Federal Circuit statistics suggest that that Ferring probably will lose on appeal, as "unenforceability decisions are affirmed by the Federal Circuit in 76% of cases." (Teva Mem. at 10.) This article, however, expressly states that those statistics "do not include

---

August 8, 1984, at H8708; remarks of Senator Hatch, Congressional Record of August 10, 1984, at S10504. (Exhibit 1.)

[9] Under the current standard, it is also clear that the omitted associations were not material because they neither "establishe[d] . . . a prima facie case of unpatentability of a claim," nor "refute[d] or [was] inconsistent with a position take by the applicant" in support of his application. 37 C.F.R. § 1.56(a)(1992).

5

appeals from summary judgments." Moore, Kimberly A., "Judges Juries and Patent Cases – An Empirical Peek Inside the Black Box," 99 *Mich. L. Rev.* 365, 397 n. 131 (November 2000).

### IV. JUDICIAL ECONOMY AND THE PUBLIC INTEREST FAVOR STAYING THIS CASE

Because neither Barr nor Teva has FDA approval for its generic demopressin acetate tablets, Teva's contention that granting its summary judgment motion favors the public interest and promotes the goals of the Hatch-Waxman Act by facilitating generic entry into the market and promoting "consumer choice in the desmopressin acetate market" is mere rhetoric. (Teva Mem. at 9-10.) Granting Teva's motion and entry of judgment will not provide the public with any immediate benefit any more than maintaining the *status quo* will.

Teva is correct, however, that promoting the goals of Hatch-Waxman does serve the public interest. The 30-month stay is an integral part of the statutory scheme which should not lightly be undermined by an unnecessary rush to judgment. Additionally, the public has an interest in the efficient operation of the court system and staying this action would promote judicial economy. Should the Federal Circuit affirm, Ferring will dismiss this suit and Teva will obtain the relief it seeks without further burdening the Court. If the Federal Circuit reverses, the bases for Teva's motions will be mooted and Teva presumably will voluntarily withdraw them.

If this Court does not stay this case and the Federal Circuit reverses, Ferring will be required to institute a new action against Teva entailing needless duplication of effort. Thus, granting Ferring's motion to stay will lessen the burden on this Court, while denying Ferring's motion necessarily will increase the judicial workload with no corresponding benefit to the public.

There is simply no reason for the Court to rule on Teva's motions at this time. As noted in *In Re Professional Air Traffic Controllers Organization (PATCO)*, 699 F.2d 539 (D.C. Cir.

6

1983), in approving a court's discretion to stay proceedings while that judgment was on appeal, "it appears entirely reasonable to defer the process until the risk of reversal or alteration on appeal has passed. The deferral avoids the complicated unraveling that might become necessary if a judgment, post recognition and enforcement outside the rendering forum, is overturned on direct review." *Id.* at 544-45 (citations omitted). The difference between this case and *PATCO* is that if the Court grants Teva's motions and then the Federal Circuit reverses, there will be no way to undo the damage to Ferring.

## V. CONCLUSION

For the above-stated reasons and the reasons set forth in Ferring's Opening Memorandum, Ferring's motion to stay these proceedings should be granted.

Date: April 8, 2005

Respectfully submitted,

/s/Francis DiGiovanni
Francis DiGiovanni (FD3189)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 888-6316
fdigiovanni@cblh.com

*Attorneys for Plaintiff Ferring B.V.*

OF COUNSEL:

Dennis J. Mondolino
Esther H. Steinhauer
Edward M. Reisner
Jeffrey M. Gold
Timothy P. Heaton
MORGAN, LEWIS & BOCKIUS, LLP
101 Park Avenue
New York, New York 10178
(212) 309-6000

7

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I, hereby certify that on the April 8, 2005, I electronically filed Ferring B.V.'s Reply Memorandum in Support of its Motion to Stay, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following, and I hereby certify that we have served via Hand Delivered a copy of said document to:

Josy W. Ingersoll, Esq.
Young Conway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899

I hereby certify that on April 8, 2005, I have served via facsimile and United States Postal Service, the document to the following non-registered participant:

William F. Long
William L. Warren
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE
Atlanta, Georgia  30309-3996

/s/ Francis DiGiovanni
Francis DiGiovanni (#3189)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19801
(302) 658-9141
fdigiovanni@cblh.com

*Attorneys for Plaintiff Ferring B.V.*

390412_1