**REDACTED**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

FERRING B.V.,             )
                                  )
          Plaintiff,        )
                                  )
v.                               ) .   CIVIL ACTION NO.: 04-884-SLR
                                  )
TEVA PHARMACEUTICAL     )   **CONFIDENTIAL – FILED**
INDUSTRIES LTD. and TEVA     )   **UNDER SEAL**
PHARMACEUTICALS USA, INC.,   )
                                  )
          Defendants.      )
_____ )

## TEVA PHARMACEUTICALS USA, INC. &
## TEVA PHARMACEUTICAL INDUSTRIES LIMITED'S
## OPENING BRIEF IN SUPPORT OF
## MOTION TO LIFT STAY OF PROCEEDINGS

YOUNG CONAWAY STARGATT & TAYLOR LLP

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
302-571-6600
jshaw@ycst.com


SUTHERLAND ASBILL & BRENNAN LLP

William F. Long
N.E.B. Minnear
999 Peachtree Street
Atlanta, Georgia 30309-3996

Attorneys for Defendants Teva Pharmaceutical Industries
Ltd. and Teva Pharmaceuticals USA, Inc.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................ i

I.     NATURE AND STAGE OF THE PROCEEDING AND SUMMARY OF
       ARGUMENT..........................................................................................1

II.    STATEMENT OF CHANGED FACTS AND CIRCUMSTANCES ......................2

       A.  Background ....................................................................................2

       B.  Continuation Of The Stay Will Prejudice Teva And Deprive The
           Consumer Public Of Competition For Nearly A Year.........................3

       C.  Changed Circumstances: Barr Launched Its Generic Product; Teva
           Is Expecting FDA Approval .............................................................4

       D.  Changed Circumstances:  The Federal Circuit Has Denied Ferring's
           Motion To Expedite The Appeal; Resolution Of The Appeal Prior To
           January 1, 2006 Is Unlikely .............................................................5

III.   ARGUMENT............................................................................................6

IV.    CONCLUSION.........................................................................................7

i

## TABLE OF AUTHORITIES

### Cases

*Marsh v. Johnson,*
   263 F. Supp. 2d 49, (D.D.C. 2003) ................................................................................ 7

*Purlolite Int'l, Ltd. v. Rohm & Haas Co.,*
   24 U.S.P.Q.2d 1857 (E.D. Pa. 1992)...... ...................................................…..7

*Rohm & Haas Co. v. Brotech Corp.,*
   1992 U.S. Dist. LEXIS 21721 at (D. Del., July 16, 1992)….…..................…..............…..7

### Statutes

21 U.S.C. § 355(j)(B)(i)(I)(AA)(b) (2005)….………….........…................................3
21 U.S.C. § 355(j)(5)(B)(iii) (2005)….………..…..………  …...……………………..3
21 U.S.C. § 355(j)(5)(B)(iv) (2005)….………………….…..……………………..…...3

### Other Authority

The Hon. Paul R. Michel, *Foreward: The Court of Appeals for the Federal Circuit*
   *Must Evolve to Meet the Challenges Ahead,*
   Amer. Univ. L. Rev., 48:1177, 1186 (1999)….…..............................................................7

## I.    NATURE AND STAGE OF THE PROCEEDING
## AND SUMMARY OF ARGUMENT

In light of recent developments, including Barr Laboratories' commercial launch of its

desmopressin acetate product, Teva Pharmaceuticals USA, Inc. and Teva Pharmaceuticals

Industries Limited (collectively, "Teva") respectfully request that this Court lift the current stay

of proceedings in this case.[1]

Ferring moved to stay based on Teva's request that the Court entertain Teva's motion for

summary judgment that Ferring should be estopped from pursuing this case based on the finding

of another district court that the patent at issue is unenforceable due to inequitable conduct

during its prosecution. Ferring's arguments in support of its stay were premised on two

assumptions purportedly establishing lack of prejudice to Teva: first, that procedural barriers in

the FDA approval process would keep Teva's generic desmopressin acetate product off the

market no matter what this Court did or did not do; and, second, that Ferring's appeal of the

ruling against it in the *Barr* litigation would be expedited. Time has proven both these

assumptions wrong. Accordingly, the stay should now be lifted.

Moreover, if this Court does not now lift the stay in this case, two inequitable and

illogical results will follow. First, Ferring will be allowed to continue to enforce U.S. Patent No.

5,047,398 (the "'398 patent") in plain violation of an Order from the Southern District of New

York finding that patent to be unenforceable. Second, as of January 1, 2006, Barr, the first

generic ANDA filer, will be granted a *de facto* extension of its monopoly in the generic

desmopressin acetate market past the six months to which it is statutorily entitled. On the

---

[1]    It is Teva's understanding that there currently are two motions which are *sub judice* and
which would be ripe for decision upon the lifting of the stay: Teva's Motion for Leave to File
Motion for Summary Judgment on the Basis of Collateral Estoppel (D.I. #35) and Teva's Motion
for Leave to File Amended Answers and Counterclaims (D.I. #33).

1

contrary, should the Court now lift the stay in light of the current changed circumstances, Teva believes that the Court will find its summary judgment to be well-grounded and Teva likely will be able to enter the desmopressin acetate market in 2006, broadening consumer choice.

## II.     STATEMENT OF CHANGED FACTS AND CIRCUMSTANCES

### A.     Background

Ferring is the holder of the '398 patent, which relates to desmopressin, an anti-diuretic pharmaceutical. Teva filed an Abbreviated New Drug Application ("ANDA") with the FDA to market a generic version of desmopressin acetate. That ANDA forms the basis of Ferring's patent infringement allegations in this case. Teva is the second ANDA filer on oral desmopressin acetate. The first ANDA filer, Barr Laboratories, was sued by Ferring in the United States District Court for the Southern District of New York in an action captioned *Ferring B.V. and Aventis Pharmaceuticals Inc. v. Barr Laboratories Inc.,* Case No. 02-CV-9851 (S.D.N.Y.). The Court in the *Barr* litigation issued an Order that the '398 patent was unenforceable due to misconduct in the prosecution of that patent in front of the United States Patent and Trademark Office and that Barr's ANDA did not infringe. Through the continued pendency of this action, Ferring violates that Order by seeking to enforce the unenforceable '398 patent.

On the basis of the Order from the Southern District of New York, Teva filed a motion for leave to file for summary judgment (D.I. #35) and Ferring filed a cross-motion for stay of the case (D.I. #38). On April 27, 2005, this Court granted Ferring's motion for a stay (D.I. #48).

2

**B.     Continuation Of The Stay Will Prejudice Teva And
Deprive The Consumer Public Of Competition For
Nearly A Year.**

Unless this Court acts now, Teva most likely will be kept off the generic market for 11

months longer than it would be were Ferring not enforcing the '398 patent in violation of the

Order of the Southern District of New York.  Under the Hatch-Waxman Act, as long as this

litigation remains pending, Teva will not be able to launch a commercial desmopressin acetate

product until December 9, 2006, 30 months after it notified Ferring of its ANDA.  21 U.S.C. §

355(j)(5)(B)(iii) (2005).

Were it not for this case, Teva most likely would be able to enter the generic market on

January 1, 2006.  As the first generic filer, Barr is entitled to 180 days of generic exclusivity after

it launches its product commercially.  *See* 21 U.S.C. § 355(j)(5)(B)(iv) & §

355(j)(B)(i)(I)(AA)(b) (2005).  This 180 day period began on July 5, 2005 when Barr announced

that it had received final approval from the FDA to market its generic desmopressin acetate

product and that it "plans to launch its product immediately."  (*See* Press Release "Barr Receives

Approval for DDAVP® Tablets, 0.1 mg & 0.2 mg," attached hereto as *Exhibit A*.)

The stay of the present case does not alleviate the prejudice to Teva.  As long as this case

is pending, Ferring is able to misuse the '398 patent to keep Teva from competing in the

desmopressin acetate market, in contravention of the Southern District of New York's Order that

the '398 patent cannot be enforced.  If this case is not terminated, Ferring's misuse will continue.

Furthermore, the continued pendency of this case provides a windfall to Barr in that Barr

will be allowed a possible year and a half of generic exclusivity.  Teva will lose sales and market

position that it may never be able to recoup and the public will be deprived of a second generic

option for desmopressin acetate treatment for nearly a year longer than contemplated by statute.

REDACTED

C.    **Changed Circumstances: Barr Launched Its Generic Product;
Teva Is Expecting FDA Approval.**

In contrast to the arguments and assumptions which Ferring offered this Court in the

initial briefing on its stay motion, the last likely barrier to Teva launching its desmopressin

acetate product is the pendency of this litigation.  In the initial briefing on the motion to stay,

Ferring argued that Teva did not yet have tentative FDA approval for its desmopressin acetate

product, that it could not receive final FDA approval until 180 days after Barr's entry into the

market, and that Barr's entry would not occur until after the resolution of the Federal Circuit

appeal "[a]ssuming that Barr waits for the resolution of the Federal Circuit appeal" to launch its

product commercially. (D.I. #40, p. 7.)  In its reply brief, Ferring provided an even stronger

statement of its view of Barr's intentions: "The entry of a Stipulation in the *Barr* action ...

strongly suggests that Barr intends to wait until after the Appeal is decided before entering the

market." (D.I. #47, p. 2, n.2.)

However, Ferring's speculation was flatly incorrect as new facts illustrate.  As of last

week, Barr *has* commercially launched its product without waiting for the resolution of Ferring's

appeal. (*See* Exhibit A.)  By statute, Barr's commercial launch of its product means that its 180-

day generic exclusivity will expire on January 1, 2006 and will no longer be a barrier to Teva's

entry after that date.

Further, Teva expects that by the time Barr's generic exclusivity expires, Teva will have

secured tentative FDA approval to launch its generic desmopressin acetate product.

REDACTED

Contrary to Ferring's earlier assumptions and assertions, as of January 1, 2006, it is likely that the only bar to Teva's commercial launch of desmopressin acetate will be the existence of this case.

### D.     Changed Circumstances:  The Federal Circuit Has Denied Ferring's Motion To Expedite The Appeal;  Resolution Of The Appeal Prior To January 1, 2006 Is Unlikely.

In contrast to the rapid developments in the FDA process, Ferring's stated hopes on the speed of its appeal to the Federal Circuit have been shown to be misplaced.  In the initial briefing on the stay, Ferring attempted to allay concerns as to the length of time the appeal would take by stating it would "seek to expedite the [Federal Circuit] appeal." (D.I. #40, p. 5.)  However, the Federal Circuit denied Ferring's motion to expedite its appeal on April 28, 2005, the day after this case was stayed.  (*See* Docket, *Ferring B.V. et al. v. Barr Labs., Inc.*, Case No. 05-1284 (Fed. Cir.), attached hereto as *Exhibit C.*)

It has been nearly four months since March 15, 2005, when Ferring stated its belief that the appeals process would "take approximately four to six months." (D.I. #40, p. 6.)  The appeal appears to be far from a decision.  The Federal Circuit's calendar for July and August has been released, and Ferring's appeal has not yet been scheduled for argument.  (*See* Calendar

5

Announcement for the United States Court of Appeals for the Federal Circuit, attached hereto as *Exhibit D*.)

Even after the argument is scheduled, the Federal Circuit must still hear argument and issue a ruling. As Teva set forth in its brief opposing Ferring's stay motion, Judge Michel of the Federal Circuit has noted that patent cases often take between six to eight months to be decided *from the time oral argument is held*. (D.I. #44, p. 12, *citing* The Hon. Paul R. Michel, *Foreward: The Court of Appeals for the Federal Circuit Must Evolve to Meet the Challenges Ahead*, Amer. Univ. L. Rev., 48:1177, 1186 (1999).) Thus, it is extremely unlikely that the appeal will be decided prior to expiration of Barr's generic exclusivity and, consequently, extremely likely that Teva will be kept off the desmopressin acetate market by Ferring's enforcement of a patent that has already been held to be unenforceable. The result is harm to both Teva and to the public.

### III.    ARGUMENT

The same inherent discretionary power that enables this Court to enter a stay enables it to lift a stay if it is no longer warranted. *See Rohm & Haas Co. v. Brotech Corp.*, 1992 U.S. Dist. LEXIS 21721 at \*6 (D. Del., July 16, 1992); *see also, Marsh v. Johnson*, 263 F. Supp. 2d 49, 52 (D.D.C. 2003); *Purlolite Int'l, Ltd. v. Rohm & Haas Co.*, 24 U.S.P.Q.2d 1857 (E.D. Pa. 1992). It is entirely appropriate for this Court to "reexamine the factual and procedural circumstances to determine whether maintaining the stay is appropriate." *Brotech* at \*7. If the reasons for imposing the stay have changed, the stay should be lifted. *Id.; see also, Marsh*, 263 F. Supp. 2d at 52 (D.D.C. 2003) ("When circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay *sua sponte* or upon motion.")

6

In this case, two sets of facts and circumstances discussed in the parties' briefing on the stay have changed. The Federal Circuit developments make it likely that Ferring's appeal will not be decided until later than January 1, 2006. The regulatory developments make it likely that Teva will be cleared to launch its desmopressin acetate product on January 1, 2006, but for the existence of this case. At the time the stay was entered, it may have appeared uncertain to the Court when Teva would be able to enter the desmopressin acetate market were this case not pending. While this Court may have viewed the prejudice to Teva and the public as speculative before, it is now clear that the likely result of the stay not being lifted is prejudice to Teva and individuals needing low-cost anti-diuretics.

## IV.    CONCLUSION

For the foregoing and within reasons, Teva respectfully requests that the Court lift the stay entered April 27, 2005 and consider the two motions *sub judice*: Motion for Leave to File Motion for Summary Judgment on the Basis of Collateral Estoppel (D.I. #35) and Motion for Leave to File Amended Answers and Counterclaims (D.I. #33).

Dated: July 12, 2005

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
302-571-6600
jshaw@ycst.com

7

SUTHERLAND ASBILL & BRENNAN LLP

William F. Long
N.E.B. Minnear
999 Peachtree Street
Atlanta, Georgia 30309-3996
Phone:    404-853-8000
 Fax:       404-853-8806
 Attorneys for Defendants Teva Pharmaceutical
 Industries Ltd. and Teva Pharmaceuticals USA, Inc.

8

# EXHIBIT A

Barr Pharmaceuticals, Inc. (ticker: BRL, exchange: New York Stock Exchange (.N)) News
Release - Jul. 5, 2005

---

**Barr Receives Approval for DDAVP(R) Tablets, 0.1 mg & 0.2 mg**

WOODCLIFF LAKE, N.J., July 5, 2005 /PRNewswire-FirstCall via COMTEX/ – Barr
Pharmaceuticals, Inc. (NYSE: BRL) today announced that its subsidiary, Barr
Laboratories, Inc., has received final approval from the U.S. Food and Drug
Administration (FDA) for its generic version of DDAVP(R) (Desmopressin Acetate)
Tablets, 0.1 mg and 0.2 mg. The Company is the first to file an Abbreviated New Drug
Application (ANDA) with the FDA for a generic version of DDAVP Tablets, 0.1 mg and
0.2 mg, and is entitled to 180 days of marketing exclusivity on the product. The
Company plans to launch its product immediately.

Barr filed an ANDA for Desmopression Acetate Tablets, 0.1 mg and 0.2 mg, with the
FDA in July 2002, and was sued on December 13, 2002, by Ferring B.V. and Aventis
Pharmaceuticals, Inc. Ferring manufactures DDAVP(R) Tablets for Aventis, which
markets the product in the United States. Barr filed for summary judgment in April 2004
and summary judgment was granted in favor of the Company in February 2005. The
court ruled that the patent alleged to cover DDAVP is unenforceable and not infringed by
Barr's product. The court's decision ended the 30-month stay on FDA approval of Barr's
products, and allowed FDA to approve Barr's product in the normal course. In February
2005, Ferring B.V. filed an appeal of the District Court's decision. Barr might be liable for
damages if the District Court is reversed on appeal.

DDAVP Tablets had annual sales of approximately $191 million, based on IMS data for
the twelve months ending April 2005.

DDAVP (Desmopressin Acetate) Tablets are indicated as antidiuretic replacement
therapy in the management of central diabetes insipidus and for the management of the
temporary polyuria and polydipsia following head trauma or surgery in the pituitary
region. They are also indicated for the management of primary nocturnal enuresis.

Barr Pharmaceuticals, Inc., a holding company that operates through its principal
subsidiaries, Barr Laboratories, Inc. and Duramed Pharmaceuticals, Inc., is engaged in
the development, manufacture and marketing of generic and proprietary
pharmaceuticals.

Forward-Looking Statements

Except for the historical information contained herein, the statements made in this press
release constitute forward-looking statements within the meaning of Section 27A of the
Securities Act of 1933 and Section 21E of the Securities Exchange Act of 1934.
Forward-looking statements can be identified by their use of words such as "expects,"
"plans," "projects," "will," "may," "anticipates," "believes," "should," "intends," "estimates"
and other words of similar meaning. Because such statements inherently involve risks
and uncertainties that cannot be predicted or quantified, actual results may differ
materially from those expressed or implied by such forward-looking statements
depending upon a number of factors affecting the Company's business. These factors
include, among others: the difficulty in predicting the timing and outcome of legal

proceedings, including patent-related matters such as patent challenge settlements and patent infringement cases; the outcome of litigation arising from challenging the validity or non- infringement of patents covering our products; the difficulty of predicting the timing of FDA approvals; court and FDA decisions on exclusivity periods; the ability of competitors to extend exclusivity periods for their products; our ability to complete product development activities in the timeframes and for the costs we expect; market and customer acceptance and demand for our pharmaceutical products; our dependence on revenues from significant customers; reimbursement policies of third party payors; our dependence on revenues from significant products; the use of estimates in the preparation of our financial statements; the impact of competitive products and pricing on products, including the launch of authorized generics; the ability to launch new products in the timeframes we expect; the availability of raw materials; the availability of any product we purchase and sell as a distributor; the regulatory environment; our exposure to product liability and other lawsuits and contingencies; the increasing cost of insurance and the availability of product liability insurance coverage; our timely and successful completion of strategic initiatives, including integrating companies and products we acquire and implementing our new enterprise resource planning system; fluctuations in operating results, including the effects on such results from spending for research and development, sales and marketing activities and patent challenge activities; the inherent uncertainty associated with financial projections; changes in generally accepted accounting principles; and other risks detailed from time-to-time in our filings with the Securities and Exchange Commission, including in our Annual Report on Form 10-K for the fiscal year ended June 30, 2004.

The forward-looking statements contained in this press release speak only as of the date the statement was made. The Company undertakes no obligation (nor does it intend) to publicly update or revise any forward-looking statements, whether as a result of new information, future events or otherwise, except to the extent required under applicable law.

Carol A. Cox
Barr Laboratories, Inc.
+1-201-930-3720
ccox@barrlabs.com

COMTEX
News Network

News provided by COMTEX. User agreement applies

EXHIBIT B

REDACTED

REDACTED

EXHIBIT C

Case Details Screen

Check Your Billing History   Change Client Code

# Case Details
## U.S. Court of Appeals for the Federal Circuit
**FERRING BV V BARR LABS**
**05-1284**
**Case documents are not available for download**

Click Here for Listing of Briefs
Click Here To Search Again

| Date | History |
|------|---------|
| 7/8/2005 | Due   GRAY 1 BRIEF |
| 5/9/2005 | Appellant Principal Brief Filing Date |
| 6/21/2005 | Appellee or Cross Appellant Principal Brief Filing Date |
| / / | Appellant Reply Brief Filing Date |
| / / | Cross Appellant Reply Brief Filing Date |
| / / | Appendicies Filing Date |
| / / | Disposition: ; by |
| / / | Mandated on |
| >> | *Please Note: The briefs above are only the most current.* << |

| | |
|---|---|
| --- | - - - - - |
| --- | >> Please Note: Motions & Actions Filed are listed first. Entries are listed last << |
| | |
| 4/26/2005 | MOTION: Entry 7 :by Appellant - MOTION TO EXPEDITE BRIEFING AND CONSIDERATION. SERVICE : by Mail on 4/25/2005
REPLY 1: 5/2/2005 , Entry # 13 |
| 4/28/2005 | ACTION: Entry 8:MOTION DENIED. |
| | |
| 4/7/2005 | MOTION: Entry 5 :by Appellant - MOTION TO WITHDRAW AS COUNSEL FOR AVENTIS PHARMACEUTICALS, INC. SERVICE : by Mail on 4/2/2005 |
| 4/28/2005 | ACTION: Entry 8:MOTION GRANTED. |

>> Entries for Case Number: 05-1284 <<

| | |
|---|---|
| Entry 14 : A | 5/2/2005 :  APPELLANT'S AVENTIS'S CERTIFICATE OF COMPLIANCE WITH FED. CIR. RULE 11(D). |
| Entry 12 : A | 5/2/2005 :  CERTIFICATE OF COMPLIANCE WITH FEDERAL CIRCUIT RULE 11(D) FOR PLAINTIFF-APPELLANT, FERRING B.V..
SERVICE : by Mail on 4/29/2005 |
| Entry 11 : A | 5/3/2005 :  REVISED OFFICIAL CAPTION AND SENT TO PARTIES.
SERVICE : by Mail on 5/3/2005 |
| Entry 10 : A | 4/29/2005 :  CERTIFICATE OF COMPLIANCE WITH FEDERAL CIRCUIT RULE 11(D) FOR DEFENDANT-APPELLEE, BARR LABORATORIES, INC.; COUNSEL HAS |

Case Details Screen                                                                                 Page 2 of 2

REACHED AN AGREEMENT WITH COUNSEL FOR PLAINTIFFS-APPELLANTS
REGARDING THE REMOVAL OF CERTAIN DOCUMENTS FROM UNDER SEAL.
**SERVICE :** by Mail on 4/29/2005

**Entry 9 : A**      4/28/2005 :  AMENDED CERTIFICATE OF INTEREST FOR PLAINTIFF-APPELLANT,
AVENITS PHARMACEUTICALS, INC.

**Entry 6 : A**      4/13/2005 :  EOA REJECTED FOR APPELLANT(S), GERALD SOBEL. ONLY ONE
ATTORNEY CAN BE PRINCIPAL COUNSEL.

**Entry 4 : A**      3/29/2005 :  CERTIFICATE OF INTEREST FOR APPELLEE(S), BARR
LABORATORIES, FILED (03/29/05)
**SERVICE :** by Mail on 3/29/2005

**Entry 3 : A**      3/24/2005 :  CERTIFICATE OF INTEREST FOR PLAINTIFF-APPELLANT, AVENTIS
PHARMACEUTICALS, INC.
**SERVICE :** by Mail on 3/23/2005

**Entry 2 : A**      3/23/2005 :  FILED: CERTIFICATE OF INTEREST FOR THE PLAINTIFF-APPELLANT,
FERRING B.V.
**SERVICE :** by Mail on 3/22/2005

**Entry 1 : A**      3/14/2005 :  APPELLANTS' TRANSCRIPT PURCHASE ORDER FORM.

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 07/08/2005 10:17:47 | | |
| PACER Login: | sa0064 | Client Code: | |
| Description: | dkt detail | Search Criteria: | 05-1284 |
| Billable Pages: | 1 | Cost: | 0.07 |

The Briefs Screen

Check Your Billing History    Change Client Code

# Listing of Briefs
## U.S. Court of Appeals for the Federal Circuit
### 05-1284
### Briefs are not available for download

Click Here for **Case Details**
Click Here To Search Again

| | |
|---|---|
| 6/21/2005 | BRIEF OF DEFENDANT-APPELLEE . BY BARR LABORATORIES, INC. (APPELLEI SERVED BY MAIL ON 6/21/2005. FILED ON 6/21/2005 . (CONFIDENTIAL & NON-CONFIDENTIAL VERSIONS) |
| 5/9/2005 | BRIEF FOR PLAINTIFF-APPELLANT AVENTIS PHARMACEUTICALS, INC. . BY AVENTIS PHARMACEUTICALS, INC. (APPELLANT ). SERVED BY MAIL ON 5/9/2( FILED ON 5/9/2005 . (NON-CONFIDENTIAL) |
| 4/25/2005 | BRIEF FOR PLAINTIFF-APPELLANT FERRING B.V. . BY FERRING B.V. (APPELLANT ). SERVED BY MAIL ON 4/25/2005. FILED ON 4/25/2005 . (CONFIDENTIAL & NON-CONFIDENTIAL VERSIONS) |

- - - - - -

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 07/08/2005 10:18:16 | | |
| PACER Login: | sa0064 | Client Code: | |
| Description: | Briefs List | Search Criteria: | 05-1284 |
| Billable Pages: | 1 | Cost: | 0.07 |

# EXHIBIT D

# U.S. Court of Appeals for the Federal Circuit

## Calendar Announcement

### (This calendar is subject to revision.)

6/30/2005

**Panel A:  Tuesday, July 5, 2005, 10:00 A.M., Courtroom 201

| | | |
|---|---|---|
| 04-3422 | COX V USPS | [argued] |
| 04-1612 | ORLANDO FOOD CORP V US | [argued] |
| 05-1086 | GUARDIAN MOVING V NSA | [argued] |
| 05-3061 | GRIBCHECK V MSPB | [on the briefs] |
| 05-5063 | WOODS V US | [on the briefs] |

**Panel B:  Wednesday, July 6, 2005, 10:00 A.M., Courtroom 201

| | | |
|---|---|---|
| 04-1475 | UNION CARBIDE V SHELL OIL | [argued] |
| 05-1066 | SICOM SYSTEMS V AGILENT TECH | [argued] |
| 05-3040 | LAYCOCK V ARMY | [argued] |
| 04-1457 | IN RE BATTISTON | [on the briefs] |
| 05-7084 | JACKSON V DVA | [on the briefs] |
| 05-3073 | PHILLIPS V USPS | [on the briefs] |

**Panel C:  Wednesday, July 6, 2005, 10:00 A.M., Courtroom 402

| | | |
|---|---|---|
| 03-5128 | FIRST NATIONWIDE BANK V US | [argued] |
| 04-5021 | FIRST HEIGHTS BANK V US | [argued] |
| 04-3467 | THOMAS V ARMY | [argued] |
| 05-7022 | BINGHAM V DVA | [argued] |
| 04-3125 | GUTIERREZ V USPS | [on the briefs] |
| 05-3079 | WASHINGTON V OPM | [on the briefs] |

**Panel D:  Thursday, July 7, 2005, 10:00 A.M., Courtroom 201

| | | |
|---|---|---|
| 04-1444 | ERICSSON INC V HARRIS CORP | [argued] |
| 04-1495 | MALLINCKRODT INC V MASIMO CORP | [argued] |
| 04-3466 | O'LEARY V OPM | [argued] |
| 05-3034 | BERRIOS V JUSTICE | [argued] |
| 05-7060 | VORACEK V DVA | [argued] |
| 05-3081 | DAIGLE V AIR FORCE | [on the briefs] |

**Panel E:  Thursday, July 7, 2005, 10:00 A.M., Courtroom 402

| | | |
|---|---|---|
| 04-3298 | STANLEY V JUSTICE | [argued] |
| 04-3427 | VERGOS V JUSTICE | [argued] |
| 04-1592 | NJ INSTITUTE OF TECHNOLOGY V MEDJET | [argued] |
| 05-5004 | MCMULLEN V US | [argued] |
| 05-3016 | SMITH V MSPB | [on the briefs] |
| 05-3087 | NOBLE V MSPB | [on the briefs] |

**Panel F:  Friday, July 8, 2005, 10:00 A.M., Courtroom 201

| | | |
|---|---|---|
| 04-3367 | DUNN V AIR FORCE | [argued] |
| 05-5005 | MCCAFFERTY V US | [on the briefs] |
| 05-3039 | ABADIA V MSPB | [on the briefs] |
| 05-3048 | KIEVENAAR V OPM | [on the briefs] |
| 05-3096 | SCHAB V VA | [on the briefs] |

**Panel G:  Friday, July 8, 2005, 10:00 A.M., Courtroom 402

| | | |
|---|---|---|
| 04-6005 | LAGUNA V OOC | [argued] |
| 04-3389 | RUSSO V USPS | [argued] |
| 05-1033 | BRINE INC V STX | [argued] |
| 05-5027 | SAI INDUSTRIES CORP V US | [argued] |
| 05-3044 | SMITH V ARMY | [on the briefs] |
| 05-3109 | MAPA V OPM | [on the briefs] |

*****************************************************************************

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Calendar Announcement
(This calendar is subject to revision.)

6/21/05

**Panel A:  Monday, August 1, 2005, 10:00 A.M., Courtroom 201

Federal Circuit Pending Argument Calendar                                    Page 2 of 3

```
        03-1621   GOLDEN VOICE V ROCKWELL FIRSTPOINT    [argued]
        04-1597   CALLICRATE V WADSWORTH MFG            [argued]
        05-1119   BROWN V BARBACID                      [argued]
        05-1331   PFIZER V TEVA PHARMACEUTICALS         [argued]
        05-3083   SCOTT V DHS                           [on the briefs]
        05-1347   COLIDA V NEC USA INC                  [on the briefs]

**Panel B:   Tuesday, August 2, 2005, 10:00 A.M., Courtroom 201

        04-1410   JVW ENTERPRS V INTERACT ACCESSORIES   [argued]
        04-1515   HEARTLAND BY-PRODUCTS V US            [argued]
        04-3393   BURDGE V NAVY                         [argued]
        04-1602   WILLIAMS ADVANCED V TARGET TECH       [argued]
        05-5011   ALEXANDER V US                        [on the briefs]
        05-3104   DE MELO V OPM                         [on the briefs]

**Panel C:   Tuesday, August 2, 2005, 10:00 A.M., Courtroom 402

        04-1526   SUNBEAM V WING SHING PRODUCTS         [argued]
        04-3395   SPIGNER V AIR FORCE                   [argued]
        05-1019   NMB SINGAPORE V US                    [argued]
        05-1022   PERRICONE V MEDICIS PHARMACEUTICAL    [argued]
        05-5030   LIN V US                              [on the briefs]
        05-3120   JACK V COMMERCE                       [on the briefs]

**Panel D:   Wednesday, August 3, 2005, 10:00 A.M., Courtroom 201

        04-1528   OCEAN INNOVATIONS V ARCHER            [argued]
        04-3461   WARREN V USPS                         [argued]
        05-1031   FUJITSU AMERICA V US                  [argued]
        05-1068   MINUTEMAN INTL V NILFISK-ADVANCE      [argued]
        05-7114   GUILLORY V DVA                        [on the briefs]
        05-3122   THOMPSON V MSPB          .            [on the briefs]

**Panel E:   Wednesday, August 3, 2005, 10:00 A.M., Courtroom 402

        04-1572   MICROSTRATEGY V BUSINESS OBJECTS      [argued]
        05-1027   BARRECA V SOUTH BEACH BEVERAGE        [argued]
        05-1058   ZHEJIANG NATIVE PRODUCE V US          [argued]
        05-7089   MACPHEE V DVA                         [argued]
        05-3017   SOWELL V OPM                          [on the briefs]
        05-3124   HART V OPM                            [on the briefs]

**Panel F:   Thursday, August 4, 2005, 10:00 A.M., Courtroom 201

        04-1581   NOVO NORDISK V BIO-TECHNOLOGY         [argued]
        05-3028   REMY V DHS                            [argued]
        05-5010   COMMONWEALTH OF KENTUCKY V US         [argued]
        05-1091   KAPUSTA V GALE CORPORATION            [argued]
        05-3047   PATTERSON V INTERIOR                  [on the briefs]
        05-3141   ADAMS V OPM                           [on the briefs]

**Panel G:   Thursday, August 4, 2005, 10:00 A.M., Courtroom 402

        04-1594   BATEMAN V POR-TA TARGET               [argued]
        05-1020   SORENSEN V ITC                        [argued]
        05-5012   STRICKLAND V US                       [argued]
        05-1107   ULTRATECH V TAMARACK SCIENTIFIC       [argued]
        05-3054   TUTE V MSPB                           [on the briefs]
        05-3151   BROWN V TREASURY                      [on the briefs]

**Panel H:   Friday, August 5, 2005, 10:00 A.M., Courtroom 201

        04-1596   ENGINEERED PRODUCTS V DONALDSON CO    [argued]
        05-1018   ENERGIZER HOLDINGS V ITC              [argued]
        05-3024   NEWHOUSE V AIR FORCE                  [argued]
        05-1138   WORLD KITCHEN V ZYLISS HAUSHALTWARE   [argued]
        05-3060   ZEH V TREASURY                        [on the briefs]
        05-3169   DICKMAN V TRANSPORTATION              [on the briefs]
```

---

**Home** | **Court opinions & orders** | **Rules & forms** | **Calendar** | **Dispositions**
| **Information, statistics & directions** | **Employment** |
**Website Search Engine**



Federal Circuit Pending Argument Calendar

REDACTED

## CERTIFICATE OF SERVICE

I, John W. Shaw, Esquire, hereby certify that on July 12, 2005, I caused copies of the foregoing document to be served on the following counsel of record in the manner indicated:

### BY HAND DELIVERY

Francis DiGiovanni, Esquire
Connolly Bove Lodge & Hutz LLP
1220 Market Street
Wilmington, DE 19801

### BY FEDERAL EXPRESS

Dennis J. Mondolino, Esquire
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

*Attorneys for Defendants Teva Parmaceutical Industries Ltd. and Teva Pharmaceuticals USA, Inc.*

WP3:1128545.1                                                    58956.1012

## CERTIFICATE OF SERVICE

I, John W. Shaw, Esquire, hereby certify that on July 15, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis DiGiovanni, Esquire
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 North Orange Street
> Wilmington, DE  19801

I further certify that on July 15, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY FEDERAL EXPRESS

> Dennis J. Mondolino, Esquire
> Morgan Lewis & Bockius, LLP
> 101 Park Avenue
> New York, NY 10178-0060

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John W. Shaw (No. 3362)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
jshaw@ycst.com

Attorneys for Defendants Teva Pharmaceutical
 Industries Ltd. and Teva Pharmaceuticals USA, Inc.