IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------x
FERRING B.V.                                     :
                                                 :
                                                 :
                                                 :
            Plaintiff,                           :
                                                 :
    v.                                           :
                                                 :
TEVA PHARMACEUTICALS USA, INC. and               :   Civil Action No. 04-0884-SLR
TEVA PHARMACEUTICAL INDUSTRIES                   :
LIMITED                                          :
                                                 :
                                                 :
            Defendants.                          :
------------------------------------------------------------x
```

## TEVA'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT AND FOR AN AWARD OF ATTORNEY'S FEES AND COSTS

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

Josy W. Ingersoll (#1088)
Karen Keller (#4489)
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Phone:  302-571-8872
Phone:  302-571-6600
jingersoll@ycst.com

**SUTHERLAND ASBILL & BRENNAN LLP**

William F. Long
N.E.B. Minnear
999 Peachtree Street
Atlanta, Georgia 30309-3996
Phone:   404-853-8000
Fax:     404-853-8806

Attorneys for Defendants Teva Pharmaceutical Industries Ltd. and Teva Pharmaceuticals USA, Inc.

Dated:  June 19, 2006

AO 1500598.1


# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................ii

I.    SUMMARY OF ARGUMENT ..................................................................................1

II.    NATURE AND STAGE OF THE PROCEEDING ...................................................1

III.    STATEMENT OF FACTS ........................................................................................2

    A.    Ferring's Inequitable Conduct .......................................................................2

    B.    Ferring's Insistence on Asserting the '398 Patent in the Face of Its Proven Inequitable Conduct ......................................................................................4

IV.    ARGUMENT .............................................................................................................5

    A.    Ferring Should Be Ordered to Dismiss Its Complaint ..................................5

    B.    This Case is Exceptional Under 35 U.S.C. § 285 and Teva Should Be Awarded Its Attorney's Fees .........................................................................6

        1.    Teva is the "Prevailing Party" Within the Meaning of § 285 ...........7

        2.    This Case is "Exceptional" Within the Meaning of § 285 ................7

            a.    Ferring's Inequitable Conduct Before the PTO Makes this Case "Exceptional" ...................................................................7

            b.    Ferring Pursued this Litigation in Bad Faith ..........................9

    C.    Teva's Fees and Costs .................................................................................10

V.    CONCLUSION .......................................................................................................11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*A.B. Chance Co. v. RTE Corp.*, 854 F.2d 1307, 1312-13 (Fed. Cir 1988) ..........................8

*Brasseler USA, LLP v. Stryker Sales Corp.*, 267 F.3d 1370, 1380-1 (Fed. Cir 2001) ..................................................................................................................6, 7, 8

*Burlington Industrial, Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988) ............8

*Bruno Independent Living Aids, Inc. v. Acorn Mobility Services, Ltd.*, 394 F.3d 1348 (Fed. Cir. 2005) ..............................................................................................8

*Eltech System Corp. PPG Industrial, Inc.*, 903 F.2d 805, 810-11 (Fed. Cir. 1990) ............9

*Evident Corp. v. Church & Dwight Co., Inc.*, 2003 U.S.Dist. LEXIS 26296 (D.N.J., June 30, 2003) ..........................................................................................9

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ................................................................7

*Manildra Milling Corp. v. Oglivie Mills, Inc.*, 76 F.3d 1178 (Fed. Cir. 1996) ...................7

*Merck & Co. v. Danbury Pharmacal, Inc.*, 694 F.Supp. 1 ) (D. Del. 1988), *aff'd*, 873 F.2d 1418 ....................................................................................................8

*Nadeau v. Helgemoe*, 581 F.2d 275 (1st Cir. 1978) ...........................................................7

*Realtek Semiconductor Corp. v. Marvell Semiconductor, Inc.*, 2005 U.S.Dist. LEXIS 39332 (N. D. Cal. Nov. 18, 2005) .........................................................7

*Yamanouchi Pharmaceutical Co., Ltd. v. Danbury Pharmacal*, 231 F.3d 1339 (Fed. Cir. 2000) ..............................................................................................7

## DOCKETED CASES

*Ferring B.V. & Aventis Pharmaceuticals, Inc. v. Barr Laboratories, Inc.*, Civil Action No. 02 Civ. 9851 ...........................................................1, 2, 3, 4, 5, 6, 8, 9

## FEDERAL STATUTES

35 U.S.C. § 285 ................................................................................................................1, 6

Fed. R. Civ. P. 54(d) ..........................................................................................................10

I.  **SUMMARY OF ARGUMENT**

Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Limited ("Teva") have moved the Court to dismiss Ferring B.V.'s ("Ferring") complaint and to award Teva its attorney's fees pursuant to 35 U.S.C. § 285. Ferring represented to the Court that it would dismiss this case should the Federal Circuit uphold a decision from the Southern District of New York in a related case. The case at bar has been stayed while Ferring attempted to overturn the Southern District of New York's finding on summary judgment that the sole patent at issue here is unenforceable because of Ferring's inequitable conduct. That stay ended when the Federal Circuit denied Ferring's petition for rehearing *en banc*. The Federal Circuit has now affirmed that Ferring committed inequitable conduct. In accordance with Ferring's representation to the Court, Ferring's complaint should be dismissed. Additionally, Teva seeks a declaration that this is an exceptional case and an award of its fees both because of Ferring's inequitable conduct and Ferring's insistence on filing this case despite being well aware of the facts constituting its inequitable conduct.

II. **NATURE AND STAGE OF THE PROCEEDING**

Ferring filed suit against Teva on July 20, 2004 alleging infringement of United States Patent No. 5,047,398 (the "'398 patent"), the same patent it previously asserted against Barr Laboratories, Inc. ("Barr") in the Southern District of New York in a case captioned *Ferring B.V. & Aventis Pharmaceuticals, Inc. v. Barr Laboratories, Inc.*, Civil Action No. 02 Civ. 9851 (CLB) (S.D.N.Y.). (D.I. #1.) In the *Barr* case, the Southern District of New York found that the '398 patent was unenforceable due to Ferring's inequitable conduct. (See Exhibit A, Memorandum & Order dated February 7, 2005 in *Barr* district court litigation.)

1-NY/1807941.3
AO 1492416.2

The Federal Circuit has now affirmed the inequitable conduct ruling in the *Barr* case, finding that the Ferring's '398 patent – the same one Ferring is asserting in this litigation – was obtained by Ferring through inequitable conduct and, therefore, is unenforceable. (See Exhibit B, Federal Circuit Opinion dated February 15, 2006.) Ferring's petition for rehearing was denied by the Federal Circuit on April 10, 2006. (See Exhibit C, Federal Circuit Order dated April 10, 2006.)

This case was stayed pending the resolution of Ferring's attempts to persuade the Federal Circuit to overturn the district court's decision in *Barr*. (See D.I. #48; D.I. # 60.) When it initially opposed the application of collateral estoppel based on the *Barr* decision and moved this Court for a stay, it represented to this Court:

> Should the Federal Circuit affirm the Barr judgment, Ferring will withdraw its complaint and dismiss the action.

(D.I. #40, p. 2.)

Ferring, however, did not dismiss this case, but instead sought Teva's agreement to continue the stay while it sought rehearing *en banc* from the Federal Circuit. The parties then stipulated to continue the stay until Ferring's petition for rehearing *en banc* was heard by the Federal Circuit. (D.I. #60.) On April 10, the Federal Circuit denied the petition for rehearing *en banc*. Thus, the stay is now concluded.

### III.  STATEMENT OF FACTS

#### A.  Ferring's Inequitable Conduct

Ferring was able to secure the issuance of the '398 patent, only by deliberately and fraudulently misleading the United States Patent & Trademark Office. (Exhibit A, p. 19.) The '398 patent claims a method of administering the pharmaceutical compound desmopressin via oral dosages to be absorbed gastrointestinally. (Exhibit A, pp. 1 – 2.) Not surprisingly, the

2

critical issue during prosecution of the '398 patent was whether the prior art disclosed oral dosages of desmopressin to be absorbed through the stomach. (See generally, Exhibit A, pp. 4 – 7.) Although Ferring repeatedly insisted that the prior art did not teach this dosage form, the PTO disagreed with Ferring's interpretation of the prior art and steadfastly refused to issue the patent. (Exhibit A, pp. 4 – 6.) In the course of this lengthy and protracted prosecution history and multiple rejections,[1] the Examiner in 1990 requested Ferring to provide sworn testimony by "non-inventor," *i.e.*, an objective, disinterested expert witness, to verify that references in the prior art to "peroral" dosage did not include oral dosage for gastrointestinal absorption. (Exhibit A, p. 4.)

In direct response to the PTO's request for disinterested testimony, Ferring submitted declarations of three witnesses *each with financial and other interests related to Ferring*. Notwithstanding the indisputable duty to disclose all material information to the PTO, Ferring did not disclose the existence of Ferring's financial and other relationships with these witnesses.[2] Moreover, one of these three "experts" did not possess *any* relevant expertise, as the witness

---

[1] The Court in *Barr* described the prosecution history as ""very cumbersome and indeed mysterious." (Exhibit A, p. 16.)

[2] Of the five declarations Ferring submitted in 1990, three were Drs. Czernichow, Robinson, and Barth. (Exhibit A, p. 6.) Dr. Robinson's declaration did not contain a CV. (Exhibit A, p. 7.) Neither did Dr. Barth's. (Exhibit A, p. 7.) Dr. Czernichow did submit a CV, but did not disclose any affiliation with Ferring. (Exhibit A, p. 8.) What the Examiner was not told was the following: Dr. Czernichow "was a Ferring consultant and received research funding from Ferring from 1985 to 1986, and again from about 1988 to 1990" (Exhibit A, p. 8); Dr. Robinson "was employed as a pre-clinical research director at Ferring from 1985-1986," the time period during which Ferring was sponsoring desmopressin research (Exhibit A, p. 9); and, Dr. Barth was a "Ferring consultant," as Ferring's attorneys would later describe him in a privilege log during the *Barr* litigation. (Exhibit A, p. 10.) Furthermore, one of the named inventors of the '398 patent, Dr. Vilhardt, testified that he sent Dr. Barth a partial draft of Dr. Barth's declaration and that the two were "old friends." (Exhibit A, p. 11.) Dr. Vilhardt also sent a draft declaration to Dr. Robinson. (Exhibit B, p. 22.)

3

candidly admitted. (He testified in the *Barr* case that "he had no [relevant] expertise" and "did not understand why he was retained to provide a declaration"). (Exhibit A, p. 9.)

On the basis of this deceptively created record, the PTO Examiner incorrectly assumed, as Ferring knew that he would, that these witnesses were entirely disinterested experts. Accordingly, Ferring fraudulently led the PTO to assume that it was issuing the patent based upon disinterested expert testimony, when in fact it was not. Based upon Ferring's fraudulent misrepresentation about the affiliation and qualifications of the witnesses, the PTO finally issued the patents. (Exhibit A, p. 7.)

### B. Ferring's Insistence on Asserting the '398 Patent In the Face of Its Proven Inequitable Conduct

Ferring was not able to produce any evidence to create a material issue with respect to the foregoing facts, and accordingly, the trial court entered summary judgment that the patents were obtained through fraud. As noted above, the Federal Circuit affirmed the judgment, finding evidence of "multiple omissions over a long period of time" during the '398 prosecution. (Exhibit B, p. 23.) It further found "evidence in the summary judgment record supporting that a conclusion that the past relationships were deliberately concealed." (Exhibit B, p. 21.) It determined that these undisclosed relationships were "at least in the aggregate ... highly material as a matter of law." (Exhibit B, p. 16.)[3]

The evidence proving Ferring's inequitable conduct was, of course, well known to Ferring itself, the assignee of the patent and the employer of the inventors, before it sued Teva. Moreover, Ferring was reminded of its misconduct during the *Barr* litigation, as Barr specifically pointed out in detail why the undisputed evidence justified summary judgment of inequitable

---

[3] The Federal Circuit subsequently denied Ferring's petition for rehearing and rehearing *en banc*.

conduct in its briefs in support of its motion for summary judgment and in oral argument before the Southern District of New York (all of which were completed *before* Ferring sued Teva). (See Exhibit D, Docket in *Barr* litigation, p. 18 & p. 22.) Ferring cannot possibly claim that when it filed the present action against Teva on July 20, 2004, it was not fully informed of the undisputed evidence proving that Ferring committed inequitable conduct.

Even more significantly, at least by the date Ferring sued Teva, Ferring knew that it could not develop through discovery any evidence to create a material issue of fact, as the briefing and argument in the *Barr* litigation were then complete. If any evidence existed that would have created a colorable issue with respect to inequitable conduct, Ferring would have uncovered it as part of the discovery proceedings in the Barr litigation, long before the summary judgment briefing closed. Knowing of its misdeeds to the PTO both by virtue of having committed them and having been reminded of them in the *Barr* litigation, Ferring should never have instituted the present proceedings and never forced Teva to defend this suit.

Ferring's bad faith and frivolous litigation, and its inequitable conduct before the PTO, caused Teva needlessly to expend significant resources in this litigation. Ferring's conduct makes this an exceptional case, and, accordingly, Teva should be awarded its attorney's fees and costs.

## IV. ARGUMENT

### A. Ferring Should Be Ordered to Dismiss Its Complaint

Ferring successfully moved this Court for a stay of this action while it appealed the unenforceability finding of the Southern District of New York. (D.I. #40.) As part of its attempt to persuade this Court to undertake the stay, Ferring represented to the Court:

> Should the Federal Circuit affirm the Barr judgment, Ferring will withdraw its complaint and dismiss the action.

(D.I. #40, p. 2.)

Despite the fact that the '398 patent is unenforceable and despite the fact that the Federal Circuit now has affirmed the *Barr* judgment, Ferring has not withdrawn its complaint in this action. Teva requested more than a month ago that Ferring abide by its representation, and Ferring confirmed that it would dismiss its complaint, but has not done so.[4] (See Exhibit E, Letter from Long to Mondolino dated April 24, 2006 & Exhibit F, Letter from Mondolino to Long dated April 25.) Ferring should be compelled to live up to its representations to the Court.

**B.    This Case Is Exceptional Under 35 U.S.C. § 285 and Teva Should Be Awarded Its Attorney's Fees**

Ferring should pay Teva's attorney's fees because Ferring sued Teva on a patent that Ferring knew it had obtained through fraudulent conduct. So clear was the evidence of inequitable conduct that the Southern District of New York in the *Barr* litigation took the unusual step of finding inequitable conduct on a motion for summary judgment, a judgment that the Federal Circuit affirmed.

Section 285 authorizes a court to award attorney's fees to the prevailing party in patent infringement litigation in "exceptional cases." Teva is the prevailing party in this case. As the Federal Circuit has found, "[e]xceptional cases are normally those involving bad faith litigation or those involving inequitable conduct by the patentee in procuring the patent." *Brassler USA, LLP v. Stryker Sales Corp.*, 267 F.3d 1370, 1380 (Fed. Cir. 2001). An award of attorney's fees against Ferring is warranted in this case on both these grounds.

---

[4]    Although its position is not entirely clear, as of this writing, Ferring appears to be considering reneging on its representations and seeking an additional stay of the case. It has filed no motion at this time. Should Ferring seek an additional stay, Teva will oppose it because of the high level of prejudice that would result to Teva.

6

### 1.     Teva is the "Prevailing Party" Within the Meaning of § 285

The term "prevailing party" in a fee-shifting statute such as § 285 means a party who succeeds "on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)); *see also, Manildra Milling Corp. v. Oglivie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996) (declaratory judgment plaintiff who succeeded in obtaining a declaration of invalidity was a "prevailing party" within the meaning of § 285). "Determination of the prevailing party is based on the relation of the litigation results to the overall objective of the litigation." *Realtek Semiconductor Corp. v. Marvell Semiconductor, Inc.*, 2005 U.S. Dist. LEXIS 39332 (N.D. Cal. Nov. 18, 2005) (citations omitted).

Teva is the prevailing party in this litigation. Ferring has delayed in abiding by its representation that it would dismiss this litigation. When that dismissal occurs – voluntarily or not, Teva will have succeeded in its overall objectives in this litigation.

### 2.     This Case is "Exceptional" Within the Meaning of § 285

There is a well-developed body of Federal Circuit case law that defines the type of conduct that could cause a case to be deemed "exceptional" under § 285:

> The prevailing party may prove the existence of an exceptional case by showing: inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified and otherwise bad faith litigation; a frivolous suit or willful infringement.

*Brasseler*, 267 F.3d at 1380.

#### a.     Ferring's Inequitable Conduct Before the PTO Makes this Case "Exceptional"

Although the Court should review the totality of the circumstances to make an exceptional case finding, *Yamanouchi Pharmaceutical Co., Ltd. v. Danbury Pharmacal*, 231

7

F.3d 1339, 1347 (Fed. Cir. 2000), the Federal Circuit has clarified that finding that an inequitable conduct, standing alone, provides a sufficient basis to support an exceptional case finding under § 285. *See, e.g., Bruno Independent Living Aids, Inc. v. Acorn Mobility Services, Ltd.*, 394 F.3d 1348 (Fed. Cir. 2005) (finding of exceptional case based on inequitable conduct affirmed); *A.B. Chance Co. v. RTE Corp.*, 854 F.2d 1307, 1312 (Fed. Cir. 1988) ("inequitable conduct ... either alone or in conjunction with trial conduct, may constitute the basis for an award of attorneys' fees under 35 U.S.C. § 285"); *Merck & Co. v. Danbury Pharmacal, Inc.*, 694 F. Supp. 1, 37) (D. Del. 1988) ("Given the flagrant inequitable conduct by Merck before the PTO, it would be unjust not to award Danbury reasonable attorney fees."), *aff'd*, 873 F.2d 1418 (Fed. Cir. 1989); *see, also, A.B. Chance*, 854 F.2d at 1312-13 (denial of request for attorney's fees vacated and remanded where district court did not make a determination of whether the patentee had engaged in inequitable conduct before the PTO).

The Southern District of New York entry of summary judgment against Ferring and the Federal Circuit's affirmance, leave no question that Ferring did in fact commit inequitable conduct. Facts evidencing inequitable conduct so clearly that summary judgment is appropriate are "'rare indeed,'" as the *Brasseler* court noted *en route* to awarding attorney's fees. *Brasseler*, 267 F.3d at 1381, *quoting Burlington Indus., Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988).

While Ferring derided the *Barr* summary judgment decision as erroneous, the Federal Circuit affirmed that there was no dispute of material fact with respect to Ferring's inequitable conduct. (See Exhibit B, pp. 22 – 24.) When Ferring sought *en banc* review of the Federal Circuit panel's decision, its petition was denied. (Exhibit C.) Ferring cannot seriously contest the inequitable conduct issue.

### b. Ferring Pursued this Litigation in Bad Faith

Ferring and its counsel have been aware of all of the evidence proving Ferring's inequitable conduct during the '398 prosecution since the outset of the present litigation. When it filed this case on July 21, 2004, the inequitable conduct summary judgment motion in the *Barr* litigation already had been briefed and argued and it knew that it could not dispute the facts relied upon by *Barr*. (See Exhibit E, p. 18 & 22.)

Despite this, Ferring proceeded to institute infringement litigation against Teva on the '398 patent. Teva was forced to defend itself and to incur substantial attorney's fees investigating and litigating the case. Teva should never have been forced to incur these fees, and this Court and the state of Delaware should never have been forced to devote the resources necessary to keep this case on its docket.

As the Federal Circuit has found, if a "patentee is manifestly unreasonable in assessing infringement, while continuing to assert infringement in court, an inference is proper of bad faith, whether grounded in or denominated wrongful intent, recklessness, or gross negligence." *Eltech Sys. Corp. PPG Indus., Inc.*, 903 F.2d 805, 811 (Fed. Cir. 1990). Moreover, "studied ignorance" will not excuse a patentee who fails to assess properly the strength of its case." *Id.* At 810-11.

Because of Ferring's decision to push forward in spite of the evidence, Ferring should be required to reimburse Teva for its fees. Were it not for Ferring's decision to prosecute this case on a patent that clearly was unenforceable, Teva (and the Court) would not have incurred these costs. *See Evident Corp. v. Church & Dwight Co., Inc.*, 2003 U.S. Dist. LEXIS 26296 at *20 (D.N.J., June 30, 2003) ("Church & Dwight would not have incurred any legal fees in this

exceptional patent case if not for Peroxydent's inequitable conduct …. Accordingly, we conclude that Peroxydent is liable for Church & Dwight's reasonable attorney fees.")

### C. Teva's Fees and Costs

Fed. R. Civ. P. 54(d)(2) requires that the applicant "state the amount or provide a fair estimate of the amount sought." Teva seeks attorney's fees to date in the amount of approximately $347,982.07 and costs in the amount of approximately $21,112.78 together with both pre- and post-judgment interest. Teva will submit supporting materials as directed by the Court.

## V. CONCLUSION

Wherefore, Teva respectfully requests that the Court order Ferring to withdraw its complaint and further award Teva its attorney's fees and costs for defending against this unmeritorious lawsuit.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (#1088)
Karen Keller (#4489)
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Phone:  302-571-8872
Phone:  302-571-6600
jingersoll@ycst.com

SUTHERLAND ASBILL & BRENNAN LLP

William F. Long
N.E.B. Minnear
999 Peachtree Street
Atlanta, Georgia 30309-3996
Phone:    404-853-8000
Fax:      404-853-8806

Attorneys for Defendants Teva Pharmaceutical Industries Ltd. and Teva Pharmaceuticals USA, Inc.

Dated: June 19, 2006

## CERTIFICATE OF SERVICE

I, Josy W. Ingersoll, Esquire, hereby certify that on June 19, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Francis DiGiovanni, Esquire
> Connolly Bove Lodge & Hutz LLP
> The Nemours Building
> 1007 North Orange Street
> Wilmington, DE  19801

I further certify that on June 19, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY FEDERAL EXPRESS**

> Dennis J. Mondolino, Esquire
> Esther H. Steinhauer, Esquire
> Jeffrey M. Gold, Esquire
> Morgan Lewis & Bockius, LLP
> 101 Park Avenue
> New York, NY 10178-0060

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> /s/ Josy W. Ingersoll
> Josy W. Ingersoll (No. 1088)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware  19801
> (302) 571-6600
> jingersoll@ycst.com
>
> Attorneys for Defendants Teva Pharmaceutical
> Industries Ltd. and Teva Pharmaceuticals USA, Inc.