IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
FERRING B.V.                                             :
                                                         :
                                                         :
        Plaintiff,                                       :
                                                         :
    v.                                                   :
                                                         :
TEVA PHARMACEUTICALS USA, INC. and                       :   Civil Action No. 04-0884-SLR
TEVA PHARMACEUTICAL INDUSTRIES                           :
LIMITED                                                  :
                                                         :
        Defendants.                                      :
---------------------------------------------------------x

**TEVA'S OPPOSITION TO FERRING'S
MOTION FOR AN EXTENSION OF TIME**

Defendants Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Limited (collectively, "Teva") oppose Ferring B.V. ("Ferring")'s request for a two week extension of time to respond to Teva's motion to dismiss this case and for an award of its attorney's fees.

**I.  TEVA RESPONDED REASONABLY TO FERRING'S REQUEST FOR AN EXTENSION**

Ferring's complaint in this case is based on an unenforceable patent. This patent was found unenforceable due to inequitable conduct before the Patent and Trademark Office in Ferring's litigation in the Southern District of New York with another generic drug manufacturer, Barr Laboratories. Ferring appealed the New York decision to the Federal Circuit and lost. Ferring then petitioned the Federal Circuit for *en banc* hearing. That request was denied.

Teva moved to dismiss in this case based on two representations from Ferring that it would dismiss its complaint. (D.I. #61.) Ferring's first representation was to this Court in

connection with seeking a stay of this case while it appealed the adverse *Barr* ruling to the Federal Circuit. (*See*, D.I. #62, pp. 5-6.) It represented to the Court that it would dismiss this case if the Federal Circuit upheld the *Barr* ruling. (*See*, D.I. #62, pp. 5-6.) The Federal Circuit did uphold that ruling, but Ferring did not dismiss this case. (*See*, D.I. #62, pp. 5-6.) Ferring's second representation was to Teva, when Teva wrote Ferring asking if it would comply with its first representation to the Court. (*See*, D.I. #62, p. 6.) In response, Ferring reiterated that it would dismiss. (*See*, D.I. #62, pp. 5-6.) Again, it did not. At no point has Ferring provided a reason why it should be allowed to ignore its representation to the Court.

Ferring contacted Teva seeking an extension to respond to Teva's motion. Teva made reasonable counteroffers to Ferring which Ferring rejected without discussion, instead filing the present motion. Teva made two proposals to Ferring. First, Teva offered to grant the extension in full with respect to the attorney's fees portion of its motion (which, in fact, may present complicated issues, or at least difficult issues for Ferring to answer), provided that Ferring would live up to its two representations and dismiss with prejudice.[1] Second, upon hearing for the first time that the current due date conflicted with an attorney's retreat for Ferring's counsel, Teva offered a three-day extension.[2]

The docket shows that Teva has been more than willing to grant reasonable extensions of time in this litigation. Teva has stipulated to extend Ferring's response times *on five occasions* in this litigation already. (D.I. #37, 46, 52, 53 & 54.) Moreover, Teva recently agreed to extend the stay of these proceedings while Ferring sought rehearing *en banc* from the Federal Circuit of

---

[1] Ferring's proposal to dismiss the case without prejudice is hollow. In representing to the Court and to Teva that it would dismiss this case upon an adverse Federal Circuit ruling, Ferring never qualified its representation that it would be able to reinstate the case at a point in the future. The point was, and has always been, finality.

the *Barr* decision. (D.I. #60.) Teva has granted Ferring reasonable extensions. The present extension is not reasonable, however, for the reasons detailed below.

## II. THE TWO WEEK EXTENSION WOULD PREJUDICE TEVA

The difference in the present extension and the five previous ones Teva provided Ferring is that this extension would prejudice Teva.

First, Teva should no longer be the subject of patent infringement allegations from Ferring, and Ferring should abide by its representations immediately. It has been several months since the Federal Circuit found against Ferring. Ferring successfully resisted the application of collateral estoppel by insisting to this Court that a short stay of this case was appropriate while it sought review from the Federal Circuit. Ferring now is trying to turn the short Federal Circuit stay into a Trojan Horse to create a new stay while it petitions the United States Supreme Court for certiorari.[3] In the unlikely event that the Supreme Court grants Ferring's petition, a raft of new stays are likely to follow. Ferring undoubtedly would argue for a stay while the Supreme Court considered the case itself and, in the unlikely event that the Supreme Court remanded to the Federal Circuit, a stay while the Federal Circuit further reviewed the case. Moreover, it is important to remember that the *Barr* decision was a finding of inequitable conduct on summary judgment. Thus, even assuming a complete victory for Ferring at the Supreme Court, the *Barr* case would return to the Southern District of New York for trial on Barr's inequitable conduct allegations. The result of that trial would inevitably be appealed. As a result, what began as a short stay while the Federal Circuit considered Ferring's appeal could evolve into a multi-year

---

[2] The other stated difficulties are the July 4th holiday and a July trial at the International Trade Commission. Federal holidays are, of course, excluded for computational purposes under the Federal Rules, and the extension Ferring seeks would still call for the response to be provided in July.

stay. This case would remain on the Court's docket, and Teva would remain the subject of patent infringement allegations that Ferring promised to dismiss.

Further delay also prejudiced Teva because Teva has pled inequitable conduct allegations beyond those that are the subject of the appeals in *Barr*. The *Barr* appeal concerns the undisclosed affiliations of several individuals who provided declarations to the Patent and Trademark Office in connection with the patent application with Ferring and the inventor, Dr. Vilhardt. Teva has pled an inequitable conduct defense based on the fact that Dr. Vilhardt failed to disclose at least two prior art references to the Patent and Trademark Office that negatively affected the patentability of the invention – despite contributing to both prior art references. (D.I. #12, pp. 3-4.)

If Ferring were to live up to its representation to dismiss this case, there would be no urgency with regard to these allegations. However, it is now clear that Ferring does not intend to dismiss this case. As a result, Teva should be allowed to reopen this case to take discovery on its independent inequitable conduct allegations. Ferring's continuing insistence on further extensions and stays is depriving Teva of its right to pursue its claims and risks loss or degradation of increasingly aging evidence. It is for this reason that Teva was willing to provide a full extension if the case was dismissed with prejudice and only the attorney's fees issue were to remain. If Ferring is not willing to live up to its prior statements, however, Teva can only agree to a three-day extension (which should accommodate Ferring's logistical issues).

---

[3] As Teva has previously noted, the application of collateral estoppel is not undone by the existence of a pending appeal. *See* 18A Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 4433 (2002) ("[T]he preclusive effects of a lower court judgment cannot be suspended simply by taking an appeal that remains undecided.")

### III. CONCLUSION

For the foregoing and within reasons, Teva requests that Ferring's motion for an extension to file its answering brief in opposition to Teva's Motion to Dismiss Complaint and for an Award of Attorney's Fees and Costs be denied. However, Teva does not oppose granting Ferring a three-day extension.

Dated: June 26, 2006

YOUNG CONAWAY STARGATT & TAYLOR LLP

Josy W. Ingersoll (#1088)
Karen E. Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Phone: 302-571-6672
Phone: 302-571-6600

Attorneys for Defendants Teva Pharmaceutical
Industries Ltd. and Teva Pharmaceuticals USA, Inc.

SUTHERLAND ASBILL & BRENNAN LLP

William F. Long
N.E.B. Minnear
999 Peachtree Street
Atlanta, Georgia 30309-3996
Phone:  404-853-8000
 Fax:     404-853-8806

## CERTIFICATE OF SERVICE

I, Josy W. Ingersoll, Esquire, hereby certify that on June 26, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Francis DiGiovanni, Esquire
>Connolly Bove Lodge & Hutz LLP
>The Nemours Building
>1007 North Orange Street
>Wilmington, DE  19801

I further certify that on June 26, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

>Dennis J. Mondolino, Esquire
>McDermott Will & Emery
>340 Madison Avenue
>New York, NY 10017

>YOUNG CONAWAY STARGATT & TAYLOR, LLP

>Josy W. Ingersoll (No. 1088)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware  19801
>(302) 571-6600
>jingersoll@ycst.com

>Attorneys for Defendants Teva Pharmaceutical
> Industries Ltd. and Teva Pharmaceuticals USA, Inc.

DB01:1593531.1