

About Sughrue | Practice Groups | Attorneys | News & Events | Publications | Careers

» News

**Judicial Decisions**

» Events

» Links

## News & Events
**Ferring et al. v. Barr Labs., Inc.,**

Wednesday, February 15, 2006

Continuing the increase in the judicial recognition of inequitable conduct, the federal circuit in *Ferring et al. v. Barr Labs., Inc.,* No. 05-1284 (Fed. Cir. Feb. 15, 2006), affirmed the summary judgment grant of unenforceability for inequitable conduct based on the applicant's failure to disclose to the PTO the relationships of multiple declarants to the assignee.

Ferring's '398 patent-in-suit was directed to an antidiuretic composition in solid oral dosage form for absorption in the human gastrointestinal tract. The composition was known in the prior art for use in sublingual, peroral, and nasal administration forms, and exclusively licensed to Ferring in the prior art '491 patent. In an effort to overcome rejections based on the '491 patent, applicants during prosecution submitted declarations by both inventors and non-inventors stating that the prior art disclosure of peroral administration did not include an orally administered form that was absorbed in the GI tract. Applicants never disclosed that four of the five declarations submitted to the PTO were written by scientists who had been employed or had received research funds from Ferring, and that the principal inventor participated in the drafting of two of the four declarations submitted by non-inventors. The district court found the omission highly material, inferred intent based on the high level of materiality, and granted summary judgment of unenforceability in favor of Barr.

Relying on Refac and Paragon, the federal circuit affirmed, holding that a declarant's prior relationships with the patent applicant may be material, particularly where (1) the declarant's views on the underlying issue important to patentability and (2) the past relationship to the applicant was a significant one. Here, the declarations challenged the veracity of a second reference and claimed that the reference was inapplicable to human gastrointestinal absorption. According to the court, the declarations were not only pivotal, but were essentially opinions supported largely by the declarants' own scientific expertise and little else. The court supported its reasoning on materiality by noting that the examiner's request for declarations by non-inventors accentuated the concern about the objectivity of those providing

declarations and their relationship to Ferring. The court affirmed the finding of intent based on the stated importance of the declarants' objectivity combined with the "deliberate concealment" of their relationships with Ferring.

In a lengthy dissent, Judge Newman sharply criticized the Court's departure from Kingsdown's clear and convincing standard requiring objective evidence of materiality and intent to deceive. She recounted the tenuous relationships of each of the four affiants with Ferring, the inventor's knowledge of only one of the scientist's relationships, and the fact that that none any of the scientists had anything to gain or lose as a result of the issuance of the '398 patent as probative of a lower level of materiality, sufficient to survive a motion for summary judgment. She criticized the panel majority's holding that deceptive intent was established as a matter of law if the applicant "should have known" that information might be material to patentability as an unwarranted resurrection of an era when inequitable conduct was widely criticized as a "plague" upon the patent litigation system.

Extranet    Download a Patent

Language  English | Japanese

© 2005 Sughrue Mion PLLC, All Rights Reserved.

Sughrue Mion PLLC | Judicial Decisions | M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Company, Inc.  Page 1 of 2



- About Sughrue
- Practice Groups
- Attorneys
- News & Events
- Publications
- Careers

- News
- **Judicial Decisions**
- Events
- Links

## News & Events
**M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Company, Inc.**

Monday, February 27, 2006

**Intent to Deceive Cannot be Established Solely by the Absence of a Good Faith Explanation for Nondisclosure**

The failure to disclose a prior art device to the PTO, where the only evidence of intent is a lack of a good faith explanation for the nondisclosure, cannot constitute clear and convincing evidence sufficient to support a determination of culpable intent to deceive the PTO.

In M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Company, Inc., Nos. 05-1224, -1228 (Fed. Cir. February 27, 2006), the Court of Appeals for the Federal Circuit reversed a summary judgment ruling of unenforceability due to inequitable conduct.

Fisher's '914 patent is directed to a combination of a pneumatic driver with an eraser wheel to remove decals from a motor vehicle. During prosecution, Fisher never disclosed its own prior art Model 220 die grinder, a tool containing some of the claimed features found in its Model 220 grinder, a model Fisher had sold for 20 years. The examiner allowed the claims because he could not find prior art that disclosed all of the claimed limitations. The district court determined the Model 220 die grinder would have been material to patentability, inferred intent to deceive based on nondisclosure, and granted summary judgment of unenforceability to Eagles.

Reversing, the federal circuit emphasized the requirement for a factual basis for finding of intent to deceive. Here, the only evidence of intent to deceive was Fisher's failure to offer a good faith explanation for its nondisclosure. According to the federal circuit, the lack of a good faith explanation for nondisclosure, by itself, was not sufficient to constitute clear and convincing evidence of an intent to deceive.

Further, the federal circuit rejected Eagles' argument that Fisher must have known of the relevance of the prior art model, based on the Examiner's statement that all of the claimed limitations could not be found in the prior art. Because many of the claimed features were not found in Fisher's prior art die grinder, the district court erred in concluding that Fisher must have known the relevance of its prior art model based on the examiner's statement alone.

The case presents an interesting contrast to Ferring v. Barr (Feb. 15, 2006), wherein the court reasoned that statements by examiners (and reasonable implications therefrom) could form the basis of a materiality finding, where an applicant should have known that nondisclosure would be material based on those statements. In Ferring, the court inferred intent based on the absence of a good faith explanation for nondisclosure at the summary judgment stage, essentially requiring affidvait evidence of good faith in order to establish a genuine issue of material fact.

Search | Offices | Contact | Site Map | Sughrue Symposium | Disclaimer   **Language**  English | Japanese      Extranet ☒   Download a Patent ☒

© 2005 Sughrue Mion PLLC, All Rights Reserved.



# daily dose of ip™
## YOUR SOURCE FOR DAILY TIDBITS ON INTELLECTUAL PROPERTY LAW

THURSDAY, FEBRUARY 16, 2006

## Inequitable Conduct Ruling Upheld by the Federal Circuit

*Ferring B.V., et al. v. Barr Laboratories, Inc.* (Fed. Cir. 2006)

On February 15, 2006, the Court of Appeals for the Federal Circuit upheld the decision of the Southern District of New York granting summary judgment to the plaintiff, Barr Laboratories. The Federal Circuit affirmed the grant of summary judgment on the issue of inequitable conduct, noting that the use of declarations of interested parties to support an argument during the prosecution of U.S. Patent No. 5,407,398 was both material and done with the intent to deceive. The court further noted that the lower court did not abuse its judicial discretion in finding inequitable conduct. As such, the court did not address the S.D.N.Y. grant of summary judgment for non-infringement as it affirmed the lower court on other grounds. The court concluded with a discussion of objectivity during the patent prosecution process, noting that if a declarant is to support a particular contention during prosecution, any affiliations of the declarant with the rights holder of the application need to be disclosed to the patent office. This case discusses the standard of review of a lower court's finding of inequitable conduct, as both the majority opinion and Judge Newman's dissent provide case law reviews on the topic.

The Federal Circuit decision: LINK
U.S. Patent No. 5,407,398: LINK

POSTED BY MARK REICHEL AT 6:12 AM

### ABOUT ME



**Mark Reichel**
**Ice Miller LLP**

Mark Reichel is a patent attorney with the Intellectual Property Group at Ice Miller LLP. I focus my practice on patent drafting and prosecution, patent litigation support, and general intellectual property matters.

### PREVIOUS POSTS

Infringement Opinion Standard & Determination of Willfulness

U.S. Patent No. 7,000,000 Issued on Valentine's Day

U.S. Patent Applications to China on the Rise

EntreMed's New Patent on Cancer Drug Analogs

USPTO Open Source Software Community Meeting

Initial Post

### DISCLAIMER

This is my personal website, and I am not providing any legal advice or financial analysis. Any views expressed herein should not be

0 COMMENTS:

POST A COMMENT

<< Home

viewed as being the views of my employer, Ice Miller LLP. Any comments submitted to this blog will not be held in confidence and will not be considered as establishing an attorney-client relationship. Information submitted to this blog should be considered as being public information, and the submitter takes full responsibility for any consequences of any information submitted.





# IP LAW OBSERVER

A WEB LOG OF INTELLECTUAL PROPERTY LAW ISSUES INCLUDING PATENT, COPYRIGHT, TRADEMARK, TRADE SECRET AND PRIVACY LAW POSTINGS. ATTORNEYS AT THE LAW FIRM OF FOLGER LEVIN & KAHN LLP WRITE THIS BLOG.

FRIDAY, MARCH 03, 2006

## Inventors' Failure to Disclose The Known Relationships of Declarants to Patentholders Constituted Inequitable Conduct

**Case:** Ferring B.V. v. Barr Labs., Inc., No. 05-1284 (Fed Cir. 2/15/06)

**The One Sentence Summary:** Affirms district court's ruling on summary judgment that a patent was invalid due to inequitable conduct because the inventors submitted declarations to the PTO without disclosing that four of the five declarants had been employed by or received research funds from the patentholder.

**What They Were Fighting About:** Plaintiff patented a medicinal compound and the method of administering it through the gastrointestinal tract after being swallowed. Plaintiff had submitted declarations that persuaded patent examiners that certain prior art references to "peroral" application referred to absorption through the walls of the mouth, not to swallowing and gastrointestinal absorption.

**Federal Circuit Holdings:**

- Inequitable conduct occurs when a patentee breaches the duty of "candor, good faith, and honesty" either by making affirmative misrepresentations or failing to disclose material information to the PTO.
- An inquiry into inequitable conduct involves: 1) a determination whether the withheld information meets a

LAST TEN POSTS

Alleged License For Animal Crackers Packaging Too Indefinite For Enforcement

Earlier Patent on Paxil Anticipated Product by Process Claims for Making Paxil

Combination of Visual Elements from Prior Art Does Not Create New Point of Novelty for Design Patent

The Ordinary Meaning of "Adjustable" Was Too Broad When Specification and Common Sense Required Narrower Construction

Counsel's Incompetent Non-Infringement Opinion Can Be Evidence of Willful Infringement

Google Image Search Thumbnails Are Enjoined by Los Angeles District Court Judge - They Are Commercial and Not a Fair Use Under Copyright Law

Architectural Firm Entitled to Preliminary Injunction To Stop Unauthorized Use of Copyrighted Plans that Exceeded the Scope of License

In Inequitable Conduct Dispute, Materiality of Undisclosed Prior