# Exhibit 11

# Sutherland
# ▪ Asbill & ▪
# Brennan LLP

### ATTORNEYS AT LAW

**WILLIAM F. LONG**
DIRECT LINE: 404.853.8347
Internet: william.long@sablaw.com

999 Peachtree Street, NE
Atlanta, GA 30309-3996
404.853.8000
fax 404.853.8806
www.sablaw.com

April 24, 2006

<u>Via Facsimile & U.S. MAIL</u>

Dennis Mondolino, Esq.
Esther Steinhauer, Esq.
McDermott Will & Emery
340 Madison Avenue
New York, NY 10017
Fax: (212) 547-5444

      Re:    Ferring B.V. v. Teva Pharmaceutical
               Civil Action No.: 04-884-SLR

Dear Counsel:

      We have learned that on April 10, 2006, the Federal Circuit denied Ferring's petition for rehearing of the February 15, 2006 decision finding that Ferring obtained the '398 patent through inequitable conduct. The stipulation between our clients, entered by the Court on March 2, 2006, provided that the present stay of the Ferring/Teva matter would remain in effect until the resolution of the petition for rehearing. Now that Ferring's petition for rehearing has been denied, the stay of the case has ended.

      Please confirm that Ferring promptly will be seeking to dismiss its Complaint against Teva in accordance to its representation to the Court in connection with summary judgment briefing: "Should the Federal Circuit affirm the *Barr* judgment, Ferring will withdraw its complaint and dismiss the action." (Ferring B.V.'s Opposition Brief to Teva's Motion for Leave to File Summary Judgment and Opening Brief in Support of Ferring B.V.'s Motion to Stay dated March 15, 2005, p. 2.)

      As you are aware, Teva is seeking attorney's fees from Ferring under 35 U.S.C. § 285. Teva is entitled to its attorney's fees because Ferring sued it on an unenforceable patent. Ferring's inequitable conduct provides a sufficient basis "to make a case exceptional for the purpose of awarding attorney fees under § 285." *Bruno Independent Living Aids, Inc. v. Acorn Mobility Services Ltd.*, 394 F.3d 1348, 1355 (Fed. Cir. 2005). Ferring's decision to continue to prosecute this case knowing that the '398 patent was unenforceable would provide another ground to support an exceptional case determination.

---

Atlanta   ▪   Austin   ▪   Houston   ▪   New York   ▪   Tallahassee   ▪   Washington, DC

Dennis Mondolino, Esq.
Esther Steinhauer, Esq.
April 24, 2006
Page 2

Teva's attorney's fees and costs associated with this case total $363,958,18.

As an offer of compromise, protected under Federal Rule of Evidence 408, we propose that Ferring pay Teva's attorney's fees and costs in full within thirty days of the dismissal of the above-captioned case in exchange for (1) Teva's agreement to dismiss the case (including its counterclaims) with prejudice; and, (2) Teva's agreement to limit its claim for attorney's fees and costs to $363,958.18. Our belief is that this proposal is mutually beneficial in that it allows for an expedited resolution of this case and does not cause Teva to incur additional fees and costs while pursuing its attorney's fees motion.

Please let us know whether you will agree to this proposal no later than close of business, Tuesday, April 25. If you do not agree, please be advised that will be filing any necessary motions (to lift the stay, for entry of summary judgment, and for attorney's fees) immediately thereafter.

Sincerely yours,

William F. Long

WFL:nebm