# Exhibit 25



AUG 20 1987

**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|

STEPHEN B. JUDLOWE
HOPGOOD, CALIMAFDE, KALIL,
BLAUSTEIN & JUDLOWE
60 EAST 42ND STREET
NEW YORK, NY 10165

| EXAMINER |
|---|
| ART UNIT | PAPER NUMBER |
| | 9 |
| DATE MAILED: 08/14/87 |

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☐ This application has been examined    ☒ Responsive to communication filed on 4/26/87    ☒ This action is made final.

A shortened statutory period for response to this action is set to expire 3 month(s), ___ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**
1. ☒ Notice of References Cited by Examiner, PTO-892.    2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449    4. ☐ Notice of Informal Patent Application, Form PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474    6. ☐ _____

**Part II    SUMMARY OF ACTION**
1. ☒ Claims 2-5, 7-13 are pending in the application.
   Of the above, claims _____ are withdrawn from consideration.
2. ☐ Claims _____ have been cancelled.
3. ☐ Claims _____ are allowed.
4. ☒ Claims 2-5, 7-13 are rejected.
5. ☐ Claims _____ are objected to.
6. ☐ Claims _____ are subject to restriction or election requirement.
7. ☐ This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.
8. ☐ Allowable subject matter having been indicated, formal drawings are required in response to this Office action.
9. ☐ The corrected or substitute drawings have been received on _____. These drawings are ☐ acceptable; ☐ not acceptable (see explanation).
10. ☐ The ☐ proposed drawing correction and/or the ☐ proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the examiner. ☐ disapproved by the examiner (see explanation).
11. ☐ The proposed drawing correction, filed _____, has been ☐ approved. ☐ disapproved (see explanation). However, the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO EFFECT DRAWING CHANGES", PTO-1474.
12. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____.
13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in

BLAUSTEIN & JUDLOWE
60 EAST 42ND STREET
NEW YORK, NY 10165

| ART UNIT | PAPER NUMBER |
|---|---|
|  | 9 |
| DATE MAILED: | 09-14-87 |

This is a communication from the examiner in charge of your application.

**COMMISSIONER OF PATENTS AND TRADEMARKS**

☐ This application has been examined   ☒ Responsive to communication filed on 5/26/87   ☒ This action is made final.

A shortened statutory period for response to this action is set to expire __3__ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned.   35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**
1. ☒ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, Form PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ _____

**Part II   SUMMARY OF ACTION**

1. ☒ Claims __2-5, 7-13__ are pending in the application.
   Of the above, claims _____ are withdrawn from consideration.

2. ☐ Claims _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims __2-5, 7-13__ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.

8. ☐ Allowable subject matter having been indicated, formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. These drawings are ☐ acceptable;
   ☐ not acceptable (see explanation).

10. ☐ The ☐ proposed drawing correction and/or the ☐ proposed additional or substitute sheet(s) of drawings, filed on _____
    has (have) been ☐ approved by the examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved. ☐ disapproved (see explanation). However,
    the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are
    corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO
    EFFECT DRAWING CHANGES", PTO-1474.

12. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____; filed on _____

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

PTOL-326 (Rev. 7-82)                                   EXAMINER'S ACTION



Serial No. 809937                                    -2-
Art Unit   123

    Claims 2-5 and 7-13 are rejected under 35 USC 102(b) as anticipated by or, in the alternative, under 35 USC 103 as obvious over Zaoral for the reasons of record in the parent case, SN 613779 and paper No. 6.

    Claims 2-5 and 7-13 are rejected under 35 USC 103 for being obvious over Zaoral in view of Kinter et al, Saffran and Boissonnas for the reasons given on paper No. 6.

    Applicants' arguments have been carefully considered but are not deemed persuasive.

    The Remington reference and the American Heritage Dictionary reference are cited for evidentiary purposes only to clarify for applicant the definition of the word "peroral".

    According to American Heritage Dictionary, peroral simply means administered by way of the month.

    It is clear from Remingtons that oral administering of a drug is not considered generic to sublinguyal or buccal administering of a drug and unambiguously means gastrointestinal absortion.

    This is not a "broader interpretation of peroral" but the only interpretation possible given the generally accepted definition of the word.

    Whether or not references can be cited wherein orally administering the instant vasopressin is not preferred or even taught to be ineffective is totally irrelevent since Zaoral clearly teaches orally administering said vasopressin.

C

Serial No. 809937          -3-
Art Unit   123

Applicants critisize the Kinter disclosure as being restricted to a study of rats.

However, one of ordinary skill in the art would clearly expect similar results in humans.

The entire cornerstone of drug research is based upon this expectation.

Applicants argument that similar adjuvants are used for buccal or sublingual delivery as for the instant composition is clearly an admission that the composition of Zaoral at least renders the instantly claimed composition obvious.

THIS ACTION IS MADE FINAL. Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a). The practice of automatically extending the shortened statutory period an additional month upon the filing of a timely first response to a final rejection has been discontinued by the Office. See 1021 TMOG 35.

A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS ACTION. IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE PURSUANT TO 37 CFR 1.136(a) WILL BE CALCULATED FROM THE MAILING DATE OF THE ADVISORY ACTION. IN NO EVENT WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM THE DATE OF THIS FINAL ACTION.

Siegel:bjk

A/C  703

557-3920

8/13/87

ALAN M. SIEGEL
PRIMARY EXAMINER
ART UNIT 123