IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
FERRING B.V.                                  :
                                              :
                                              :
         Plaintiff,                           :
                                              :
                                              :
     v.                                       :   Civil Action No. 04-0884-SLR
                                              :
                                              :
TEVA PHARMACEUTICALS USA, INC. and            :
TEVA PHARMACEUTICAL INDUSTRIES                :
LIMITED                                       :
                                              :
         Defendants.                          :
---------------------------------------------------------------x

### TEVA'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND FOR AN AWARD OF ATTORNEY'S FEES AND COSTS AND ANSWERING BRIEF IN OPPOSITION TO CROSS-MOTION FOR A STAY OF PROCEEDINGS

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Josy W. Ingersoll (No. 1088)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Phone:  302-571-6600
jingersoll@ycst.com


SUTHERLAND ASBILL & BRENNAN LLP
William F. Long
N.E.B. Minnear
999 Peachtree Street
Atlanta, Georgia 30309-3996
Phone:   404-853-8000
Fax:     404-853-8806

*Attorneys for Defendants Teva Pharmaceutical Industries Ltd. and Teva Pharmaceuticals USA, Inc.*

## Table of Contents

Page

Table of Authorities ............................................................................................................ii

I.   This Case Should Be Dismissed With Prejudice As Ferring Promised ......................3

II.  This Case is Exceptional And Teva Should Be Awarded Its Fees ............................4

III. A Stay Is Unnecessary and Would Prejudice Teva....................................................7

    A.   Ferring is Extremely Unlikely to Succeed on the Merits .............................7

    B.   Ferring Will Not Be Irreparably Harmed Without A Stay............................8

    C.   Issuance of a Stay Will Injure Teva..............................................................9

Conclusion ........................................................................................................................11

# Table of Authorities

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)..................................................................................................5

*Brasseler USA, LLP v. Stryker Sales Corp.*,
267 F.3d 1370 (Fed. Cir. 2001)..............................................................................4, 5

*Hilton v. Branuskill*,
481 U.S. 770 (1987)..................................................................................................7

*Merck & Co. v. Danbury Pharmacal, Inc.*,
694 F. Supp. 1 (D. Del. 1988), *aff'd*, 873 F.2d 1418 (Fed. Cir. 1989)......................5

*Pharmacia & UpJohn Co. v. Mylan Pharmaceuticals, Inc.*,
170 F.3d 1373 (Fed. Cir. 1999)..............................................................................2, 4

**OTHER AUTHORITY**

*Wright & Miller,* Federal Practice and Procedure § 4433 (2002)........................................2

Conspicuously absent in Ferring's voluminous Answering Brief and its thirty-one attached exhibits is any mention of the representation Ferring made to the Court when it first sought to stay this case and avoid the decision in the *Barr* case:

> Should the Federal Circuit affirm the Barr judgment, Ferring will withdraw its complaint and dismiss the action.

(D.I. #40, p. 2.) Ferring later repeated this representation in a letter to Teva's counsel:

> We agree that ... the stay in this proceeding is no longer in effect. Therefore, in view of the foregoing, Ferring agrees to withdraw its complaint and dismiss this action with prejudice.

(Exhibit F to Teva's Motion.)

Despite its repeated representations, Ferring now opposes dismissal with prejudice and seeks yet another indefinite but lengthy stay of this case. Ferring seeks to create the appearance of complexity where no actual complexity exists. Despite the welter of law firm legal alerts, letters from drug companies and other documents Ferring has submitted,[1] the key facts relevant to the present motions are clear:

- Ferring committed inequitable conduct in the prosecution of the '398 patent by submitting declarations from interested parties when the Patent Examiner wanted declarations from disinterested parties.

- The inequitable conduct issue was not close. The undisputed facts clearly enough establish inequitable conduct that summary judgment against Ferring was properly entered by Judge Brieant of the Southern District of New York in the opinion of the majority of a Federal Circuit panel, and the Federal Circuit decided that *en banc* review of that Federal Circuit panel was not appropriate.

---

[1] Apparently Ferring believes that this Court should reanalyze all the factual findings of the *Barr* trial court, notwithstanding affirmance by the Federal Circuit.

Because Ferring committed inequitable conduct clearly enough to support summary judgment and because Ferring pursued this case knowing of its inequitable conduct, this case is exceptional and Teva is entitled to its fees and costs.

Staying the case would not provide a fair or practical outcome. Ferring's chances of success in the *Barr* litigation are exceedingly remote: it must convince the Supreme Court not only to accept the matter on certiorari, but reverse the factually-intensive judgment below, then convince the Federal Circuit to reverse the trial court's finding of non-infringement (which was deemed moot in light of the inequitable conduct affirmance). Even with all this unlikely success, Ferring would still face the challenge of changing the mind of a trial judge who already believes that the undisputed evidence proves inequitable conduct. Then there would be a further appeal following the trial. Needless to say, waiting for the unlikely outcome of a Ferring victory in the *Barr* case would take years.

There is no reason for this Court to delay judgment. Ferring is reneging on an agreement to dismiss with prejudice. The current record of Ferring's inequitable conduct more than justifies an award of fees, and the law clearly does not require this Court to wait until all appeals are exhausted before acting on the inequitable conduct finding.[2]

The only fair result is to hold Ferring to its promise to dismiss with prejudice and to rule on the attorney's fees motion on the current record. If the Court deems Ferring's conduct insufficient to award fees on the current record, then the Court should permit Teva to pursue discovery with respect to Teva's additional inequitable conduct allegations.

---

[2]   *See Pharmacia & UpJohn Co. v. Mylan Pharmaceuticals, Inc.*, 170 F.3d 1373, 1381 (Fed. Cir. 1999) (collateral estoppel applied notwithstanding pendency of appeal); 18A Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 4433 (2002) ("[T]he preclusive effects of a lower court judgment cannot be suspended simply by taking an appeal that remains undecided.").

I. **This Case Should Be Dismissed With Prejudice As Ferring Promised**

This case remains pending, although Ferring has twice stated it would dismiss its claims.

The first instance was when Ferring urged this Court to stay this case while the Federal Circuit considered its appeal of the summary judgment decision of the Southern District of New York. (D.I. #40.) Ferring asked the Court to forgo the application of collateral estoppel and sought a discretionary stay of the case during the pendency of the appeal. (*Id.*) As part of its argument, Ferring needed to persuade the Court that the stay would be limited and have a fixed duration, which is presumably why it informed that Court that it would dismiss the case and withdraw its complaint "[s]hould the Federal Circuit affirm the Barr judgment ...." (*Id.* at p. 2.) The Court granted Ferring a stay pending the Federal Circuit's appeal after considering this briefing. Ferring's Answering Brief ignores this issue entirely.

Ferring's second representation occurred on April 25, 2006, when Teva asked that Ferring abide by its earlier representation to dismiss. (See Exhibit F to Teva's Motion.) In a letter to Teva's counsel, Ferring confirmed that it would dismiss this case "with prejudice." (*Id.*)

Ferring now attempts to characterize this statement as a settlement negotiation and "with the understanding that Teva would withdraw its application for attorneys' fees." (Ferring's Answering Brief, p. 5.) But Ferring's letter did not tie the question of dismissal with the question of fees. It provided an unequivocal statement that Ferring would dismiss based on the posture of the case: "We agree that ... the stay in this proceeding is no longer in effect. Therefore, *in view of the foregoing*, Ferring agrees to withdraw its complaint and dismiss this action with prejudice." (Exhibit F to Teva's Motion [emphasis added].) The representation that it would dismiss with prejudice was not conditioned in any way on Teva's attorney's fees proposal, which Ferring addressed separately in a following paragraph. Ferring apparently now

wishes to re-write its letter to read "in view of the following" instead of "in view of the foregoing."

Finally, Ferring's offer to dismiss its complaint without prejudice is hollow. Ferring's second representation was expressly to dismiss the complaint *with* prejudice. Further, the plain meaning of its prior representation in connection with the motion to stay was that the case would be concluded if the Federal Circuit decided against Ferring.

Aside from Ferring's representations, Teva is also entitled to summary judgment on the basis of collateral estoppel. *See* D.I. #35 (Second Revised Motion for Leave to File Motion for Summary Judgment on the Basis of Collateral Estoppel); *see also Pharmacia & UpJohn Co. v. Mylan Pharmaceuticals, Inc.*, 170 F.3d 1373, 1379-81 (Fed. Cir. 1999). The Court and Teva should be granted finality with respect to this case.

**II.   This Case Is Exceptional And Teva Should Be Awarded Its Fees**

As set forth in Teva's Opening Brief, Teva should be awarded its fees because Ferring sued Teva on a patent Ferring knew it had obtained through fraudulent conduct. An exceptional case finding and an award of fees both are easily supported on the basis of inequitable conduct and on the basis of Ferring having filed this litigation while aware of its inequitable conduct. Indeed, these are the classic bases for exceptional case findings. *See Brasseler USA, LLP v. Stryker Sales Corp.*, 267 F.3d 1370, 1380 (Fed. Cir. 2001). This is particularly the case where the inequitable conduct, as here, is flagrant. *Merck & Co. v. Danbury Pharmacal, Inc.*, 694 F. Supp. 1, 37 (D. Del. 1988), *aff'd*, 873 F.2d 1418 (Fed. Cir. 1989).

A crucial point ignored by Ferring is the fact that inequitable conduct that is so clear as to be found on summary judgment is "rare indeed," as at least one court noted when awarding attorney's fees. *Brasseler*, 267 F.3d at 1381, *quoting Burlington Indus., Inc. v. Dayco Corp.*, 849

F.2d 1418, 1422 (Fed. Cir. 1988). In other words, the conclusion of the Southern District of New York, affirmed by a Federal Circuit panel and rehearing denied by the full Federal Circuit, is that *no reasonable jury could have found that Ferring did not commit inequitable conduct.* *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is not every day that conduct before the Patent and Trademark Office is so clearly fraudulent that a court need not hear live testimony from those accused of the fraudulent conduct in order to find inequitable conduct. Ferring's prosecution of the '398 patent was such a case. (Exhibit B to Teva's Motion, p. 9.)

Ferring cites a series of cases mainly for the proposition that inequitable conduct need not result in an award of fees where a case is "close." All of these are inapposite because Ferring's case was not close. Ferring's sole argument as to why this case is close is the criticism of the Federal Circuit's ruling from Judge Newman and from (often-interested) commentators, as well as the fact that three of nine Federal Circuit judges favored rehearing. (Of course, six of nine Federal Circuit judges voted against rehearing.)

There is nothing unusual about judges writing dissents, and there is nothing unusual about commentators critiquing case law. The fact that a judge dissents or a practitioner disagrees does not rob an opinion of the force of law. The conclusion of the Federal Circuit panel hearing Ferring's appeal, and thus, the law of Ferring's case with Barr, is that the patent applicant "deliberately concealed" relationships with the declarants during the '398 prosecution, that these relationships were "highly material," that there were "multiple omissions over a long period of time – a fact that heightens the seriousness of the conduct" and that the district court's grant of summary judgment was appropriate. (Exhibit B to Teva's Motion, pp. 21, 23-24.)

Fundamentally, the criticism of the Federal Circuit's opinion does not establish a close case *as to Ferring's inequitable conduct*; instead, it has to do with whether summary judgment of

inequitable conduct was appropriate. Judge Newman's expressed concern – which represented a decidedly minority view – has to do with whether the majority is following "the fundamentals of due process" and "just procedure," *i.e.,* holding a trial on Ferring's inequitable conduct. (Exhibit B to Teva's Motion, Dissent, p. 12, 21.) But the clear majority of the court found that the undisputed evidence justified summary judgment of inequitable conduct.

The evidence in this case overwhelmingly proves that Ferring deliberately deceived the PTO. The Federal Circuit held that a reasonable jury could not find otherwise. This case therefore stands in stark contrast to the cases cited by Ferring in which the existence of inequitable conduct itself was a close call. Those are the types of cases in which fees might not be appropriate, not this one.[3]

Furthermore, Teva should be awarded its fees because of Ferring's bad faith in pursuing this litigation. Ferring misconstrues Teva's argument to be that a decision of inequitable conduct is synonymous with a finding of bad faith. (Answering Brief, p. 23.) Teva's argument, however, is that Ferring was fully aware of the behavior constituting inequitable conduct when it filed suit against Teva. It was aware of the conduct because it was involved in the prosecution of the patent and because it had recently argued Barr's summary judgment motion based on the same facts. Teva agrees that not every case of inequitable conduct is a case of instituting litigation in bad faith. A party may acquire a patent from a third party and learn in the midst of trial of inequitable conduct during that patent's prosecution. That is not this case here, however. This is a case where Ferring was steeped in the inequitable conduct and filed suit irrespective of it. The result has been a significant outlay of time and effort by Teva in this proceeding and ancillary proceedings concerning this unenforceable patent.

---

[3] Ferring's argument that even if this case is exceptional, an award of fees is not warranted rests on the same basis as its argument concerning why this case is not exceptional, namely, the purported "closeness" of the case. Teva's foregoing analysis demonstrates why this was not, in fact, a close case.

### III. A Stay Is Unnecessary and Would Prejudice Teva

To avoid its representations and to prolong this case further based on an unenforceable patent further, Ferring now seeks yet another stay of this litigation. Again, Ferring states that the stay will be "limited in duration" and harkening back to its representation in connection with its Federal Circuit appeal states: "Should certiorari be denied or the Supreme Court affirm the Federal Circuit's decision, Ferring will dismiss its complaint with prejudice." (Answering Brief, p. 14.)

In analyzing a request for stay, courts generally look at the following factors: (1) whether the party moving for the stay has made a strong showing of likelihood of success on the merits; (2) whether the party moving for the stay will be irreparably injured if a stay is not granted; (3) whether the issuance of the stay will injure other parties interested in the action; and (4) the public interest. *Hilton v. Branuskill*, 481 U.S. 770, 776 (1987). Ferring cannot satisfy any of these elements.

#### A. Ferring is Extremely Unlikely To Succeed on the Merits

To call Ferring's efforts to undo the inequitable conduct finding against it a longshot is to be charitable. In order to prevail on the inequitable conduct issue, Ferring must first convince the United States Supreme Court to grant certiorari on the factually-intensive question of whether the declarations submitted in the course of the prosecution of the '398 patent were materially misleading and evidenced an intent to deceive on the part of the applicant. If Ferring surmounts that exceedingly high hurdle, it must convince the Supreme Court to reverse or remand the ruling of the Federal Circuit. All of this is unlikely.

But even if it manages to convince the Supreme Court to reverse the factual findings of the Federal Circuit, the best possible outcome for Ferring at the appellate level is that it achieves

a reversal of Judge Brieant's entry of summary judgment. If it were to achieve that improbable result, Judge Brieant's ruling of summary judgment of non-infringement by Barr's product (which is similar to Teva's product in the relevant respects) still stands. Ferring would need to overcome that summary judgment ruling to prevail against Ferring.

If Ferring could convince the Supreme Court to take certiorari, obtain a remand or reversal, and then overcome the summary judgment of non-infringement against it, it would still not have prevailed on the merits. The *Barr* case would then proceed to trial in the Southern District of New York before Judge Brieant. Barr's inequitable conduct defense would then be heard at trial by Judge Brieant, who already has found on summary judgment that the prosecution of the '398 patent evidenced "deceit practiced over a long period of time by more than one person" and that such deceit was "outcome determinative." (Memorandum & Order dated February 7, 2005, p. 19.) Ferring would have to change Judge Brieant's mind on the inequitable conduct issue completely, even assuming success on appeal. As a practical matter, this seems even more improbable than the Supreme Court granting certiorari.

In short, Ferring's chances of succeeding are remote.

**B.     Ferring Will Not Be Irreparably Harmed Without A Stay**

Ferring makes a single argument for its prejudice – that dismissal with prejudice of this case, combined with a reversal or remand by the Supreme Court would prejudice its rights against Teva. Irrespective of the fact that a positive result in the *Barr* litigation is extremely unlikely for Ferring, Ferring's argument misapprehends the case at bar. Ferring's suit against Teva is a suit under the Hatch-Waxman Act based on Teva's Abbreviated New Drug Application for desmopressin acetate. (D.I. #1, ¶¶ 8&9.) Ferring has not made a claim for damages against Teva.

Teva's Abbreviated New Drug Application has now been approved. As Ferring notes, Teva is on the commercial market. To the extent that Ferring is concerned about its ability to sue Teva in the unlikely event that (several years from now), it is successful against Barr, such concern is misplaced. To the extent necessary, it would have a basis to seek to set aside of the judgment entered in this case, and to file a new suit under the '398 patent, this time for damages based on Teva's commercial sale of desmopressin acetate.

C.     **The Issuance of a Stay Will Injure Teva**

Ferring claims that Teva will not be prejudiced because its product is already commercially available and that it, Ferring, will be prejudiced by dismissal because the Supreme Court could reverse or remand. The commercial availability point is a red herring. It is not Teva's prejudice argument.

There are two possible outcomes of Ferring's efforts to undo the *Barr* decision, either it will be successful, or – much more likely – it will be unsuccessful. Teva will be prejudiced by a stay under either scenario.

In the scenario in which Ferring is unsuccessful in the *Barr* litigation, which could occur upon the denial of the (not yet filed) petition for certiorari or at any step beyond that, Teva will be prejudiced by being forced to continue to explain to its investors and customers and keep on its books a lawsuit that is based on an unenforceable patent.

In the scenario in which Ferring is successful, this case will most likely remain stayed from the grant of certiorari, through the Supreme Court appeal, possibly through another review at the Federal Circuit, then back up through the appellate process as the non-infringement finding is reviewed, and then through a trial of the *Barr* case. This process is almost certain to take

several years. Under Ferring's proposal, the case could not re-open for discovery until some unknown but far away future time.

Teva would be severely prejudiced in this scenario because it has inequitable conduct allegations against Ferring that have a separate factual basis than those currently being appealed in the Barr litigation. (See D.I. #12, Third Defense.) Teva's inequitable conduct and invalidity defenses are based on prior art – co-authored by the named inventor – which was withheld from the Patent & Trademark Office in an effort to secure patentability. If Ferring's stay is granted, Teva would not obtain discovery on these facts for many years. All the while, witnesses will age and forget, and evidence will grow stale. If the Court is not inclined to dismiss this case with prejudice and grant Teva's fees motion on the current record, this case should certainly not be stayed. Teva should be allowed to get the discovery it needs to preserve the evidence related to its own independent inequitable conduct and invalidity defenses.

## CONCLUSION

For the foregoing and within reasons, Teva respectfully requests that the Court grant its motion to dismiss with prejudice, declare this case exceptional, and award Teva its fees and costs. Teva respectfully requests that this Court deny Ferring's motion for a further stay of this case, or, in the alternative, to dismiss without prejudice. If the Court is not inclined to dismiss this case with prejudice, Teva believes it should be allowed to open discovery on its independent defenses.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Josy W. Ingersoll (No. 1088)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Phone:   302-571-6600
jingersoll@ycst.com


SUTHERLAND ASBILL & BRENNAN LLP
William F. Long
N.E.B. Minnear
999 Peachtree Street
Atlanta, Georgia 30309-3996
Phone:   404-853-8000
Fax:       404-853-8806

*Attorneys for Defendants Teva Pharmaceutical Industries Ltd. and Teva Pharmaceuticals USA, Inc.*

Dated: July 24, 2006

## CERTIFICATE OF SERVICE

I, Josy W. Ingersoll, Esquire, hereby certify that on July 24, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Francis DiGiovanni, Esquire
>Connolly Bove Lodge & Hutz LLP
>The Nemours Building
>1007 North Orange Street
>Wilmington, DE 19801

I further certify that on July 24, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

>Dennis J. Mondolino, Esquire
>McDermott Will & Emery
>340 Madison Avenue
>New York, NY 10017

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>_____
>Josy W. Ingersoll (No. 1088)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>jingersoll@ycst.com
>
>Attorneys for Defendants Teva Pharmaceutical Industries Ltd. and Teva Pharmaceuticals USA, Inc.

DB01:1593531.1