IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------x
FERRING B.V.                             :
                                         :
                                         :        Civil Action No. 04-884-SLR
            Plaintiff,                   :
                                         :
      v.                                 :
                                         :
TEVA PHARMACEUTICALS USA, INC. and       :
TEVA PHARMACEUTICAL INDUSTRIES           :
LIMITED                                  :
            Defendants.                  :
                                         :
-------------------------------------------------------------X
```

**FERRING B.V.'S REPLY BRIEF IN FURTHER SUPPORT
OF ITS CROSS-MOTION FOR A STAY OF PROCEEDINGS OR, IN
THE ALTERNATIVE, RULE 41(a)(2) DISMISSAL WITHOUT PREJUDICE**

Francis DiGiovanni (#3189)
**CONNOLLY BOVE LODGE & HUTZ LLP**
The Nemours Building
1007 North Orange Street
Wilmington, DE 19899-2207
(302)-658-9141

Dennis J. Mondolino
Christine A. Pepe
**MCDERMOTT, WILL & EMERY LLP**
340 Madison Avenue
New York, NY 10017
(212)-547-5414

Attorneys for Plaintiff Ferring B.V.

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................1

II.   ARGUMENT......................................................................................................3

    A.   Contrary to Teva's Misrepresentations and Exaggerations, the Stay
        Sought by Ferring is Reasonable and Will not Prejudice Teva ...................3

    B.   As an Alternative, this Case Should be Dismissed Without
        Prejudice ........................................................................................................7

    C.   Under the Law, This Case is Neither Exceptional Nor Appropriate
        for An Award of Attorneys' Fees ................................................................9

III.  CONCLUSION..................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Alloc, Inc. v. Unilin Decor N.V.*, No. 03-253 (GMS), 2003 U.S.Dist. LEXIS
    11917 (D. Del. Sept. 27, 2004) ..................................................................................4

*Benitec Austl. Ltd. v. Nucleonics, Inc.*, No. 04-0174 (JJF), 2005 U.S.Dist. LEXIS
    22008 (D. Del. Sept. 29, 2005) ................................................................................7

*C.R. Bard, Inc. v. Advanced Cardiovascular System, Inc.*, No. 92-1372, 92-1402,
    1993 U.S.App. LEXIS 22042 (Fed. Cir. Aug. 31, 1993).........................................9,11

*Consolidated Aluminum Corp. v. Foseco Int'l Ltd.*, 910 F.2d 804
    (Fed. Cir. 1990)..........................................................................................................9

*e-Speed Inc. v. Brokertec, USA, L.L.C.*, 417 F.Supp.2d 580 (D. Del. 2006) ......................9

*Frank's Casing Crew & Rental Tools, Inc. v. PMR Techs., Ltd.*, 292 F.3d 1363
    (Fed. Cir. 2002)..........................................................................................................9

*Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209
    (Fed. Cir. 1987)..........................................................................................................9, 11

*Hilton v. Branuskill*, 481 U.S. 770 (1987) ........................................................................3

*J.P. Stevens v. Lex Tex*, 822 F.2d 1047 ((Fed. Cir. 1987)......................................................9

*Levy v. Sterling Holding Co.*, No. 00-994 (GMS), 2004 U.S. Dist. LEXIS 19180
    (D. Del. Sept. 24, 2004) ............................................................................................4

*National Diamond Syndicate, Inc. v. Flanders Diamond USA, Inc.*, No. 00 C
    6402, 2003 U.S. Dist. LEXIS 12083 (N.D. Ill. July 14, 2003)................................9,11

*United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F.Supp. 212 (D. Del. 1991) ..............4

## FEDERAL STATUTES

35 U.S.C. §285...................................................................................................................11

Fed. R. Civ. P. 41(a)(2).....................................................................................................7

Fed. R. Evid. 408 ...........................................................................................................7, 8

Plaintiff Ferring B.V. ("Ferring") submits this reply brief in further support of its Cross-Motion for a Stay of Proceedings, or, in the Alternative, a Rule 41(a)(2) Dismissal Without Prejudice.

## I.    INTRODUCTION

Teva's reply and answering brief ("Teva Brief") is short on substance and comprised largely of legally and factually unsustainable rhetoric. In view of Ferring's Supreme Court petition in *Ferring v. Barr*, a stay of this proceeding, or in the alternative, dismissal without prejudice, is appropriate. Regardless, Teva's motion for attorneys' fees should be denied.

Despite the fact that the parties in *Ferring v. Barr* have agreed to stay attorneys' fees proceedings pending resolution of the Supreme Court petition, Teva filed its motion for attorneys' fees and—without any justifiable basis—now opposes a stay. However, Teva cannot point to any real or actual prejudice that would result from a stay and so instead, fabricates it. The facts remain that Teva has been selling its generic DDAVP product since February of 2006 and the instant litigation has not delayed Teva's FDA approval or market entry. Teva cannot raise a colorable claim of prejudice that warrants denying a stay in this case.

In view of the absence of prejudice or "injury," Teva instead misrepresents and exaggerates the nature of the stay sought by Ferring. Ferring seeks a stay pending the resolution of the Supreme Court petition in *Ferring v. Barr*—not a lengthy, indefinite stay as mischaracterized by Teva. In the event of a reversal or remand by the Supreme Court, the parties would revisit this litigation and determine the appropriate course of action. Contrary to Teva's exaggeration, Ferring never proposed a stay pending complete

resolution by the district court in *Ferring v. Barr*. (*See* Teva Brief at 2, 9). Should the

issues on appeal in *Ferring v. Barr* return to the district court for adjudication, this

litigation would resume accordingly and proceed in parallel.

As an alternative to a stay, dismissal without prejudice is appropriate. Teva has

not even attempted to show prejudice as required to oppose dismissal without prejudice.

This is because Teva cannot—Teva's position will remain the same whether dismissal is

with or without prejudice. Instead, in an attempt to bind Ferring to a dismissal with

prejudice, Teva mischaracterizes statements made by Ferring during Rule 408

discussions. *See* Fed. R. Evid. 408. Teva's attempt to take these statements out of

context should be rejected.

Finally, Teva's argument that the *Ferring v. Barr* decision of inequitable conduct

was not a "close case" is inconsistent with the facts. The inequitable conduct finding was

based on the view that, notwithstanding the absence of any evidence of intent to mislead

the PTO, Dr. Vilhardt, a Danish scientist, <u>should have known</u> that it would have been

material to the patent examiner that three of the declarants had <u>past</u> affiliations to Ferring.

(*See* Dec. Ex. 1, Majority at 17, 19) (Emphasis added).[1] The Federal Circuit found this

despite the fact that <u>none</u> of the declarants had any financial interest in Ferring or stood to

gain financially or otherwise by the issuance of the patent and <u>none</u> received any

remuneration for their declarations. (*Id.*, Dissent at 5-7, noting that the Majority's

---

[1] The number Exhibits referenced herein are attached to the previously filed Declaration of
Christine A. Pepe, Esq. in Support of Ferring B.V.'s (1) Answer to Teva's Motion to Dismiss
Complaint and for an Award of Attorneys' Fees and Costs and (2) Cross-Motion for a Stay of
Proceedings, or in the Alternative, Rule 41(a)(2) Dismissal without Prejudice. Also referenced is
Exhibit A, which is attached to Ferring's B.V.'s Reply Brief.

finding that the affiliations were "intimate" was a "mischaracterization")(Emphasis added). That is hardly a clear case of inequitable conduct.

Surely, it is not every day that a well-respected Federal Circuit Judge writes a stinging 21-page Dissent and refers to the Majority decision as a "travesty" (*See* Dec. Ex. 1, Dissent at 7-8); nor is it every day that on a petition for rehearing, three Federal Circuit Judges favor a rehearing *en banc*. (*See* Dec. Ex. 2). Further, both the strength and volume of the criticism from within the patent field speak for itself. (Dec. Exs. 3-9). Teva's attempt to distinguish the numerous cases cited by Ferring, in which inequitable conduct was found <u>but</u> attorneys' fees were denied, is equally frail — under the applicable law, Teva's motion for attorneys' fees should be denied.

## II.    ARGUMENT

### A.    Contrary to Teva's Misrepresentations and Exaggerations, the Stay Sought by Ferring is Reasonable and Will not Prejudice Teva

Despite the fact that Barr has agreed to stay its attorneys' fees claim pending resolution of the Supreme Court petition, Teva demands attorneys' fees and opposes a stay. The irony of this, of course, is that Teva's attorneys' fees motion, in essence, rides the coattails of the *Ferring v. Barr* decision. The fact remains, however, that a stay of this proceeding is in the interest of all parties and in the interest of finality. Importantly, a stay will not prejudice Teva because Teva is already selling its generic DDAVP product—with or without a stay, Teva's position remains the same.

Citing *Hilton v. Branuskill,* 481 U.S. 770, 776 (1987), Teva sets forth factors that it alleges should be assessed in determining whether to grant a stay. However, the *Hill* case concerns a habeus corpus proceeding and is inapplicable to a patent case. In *Hill,* the Supreme Court reviewed the denial of a motion for stay of an order releasing an

inmate whose petition for a writ of habeus corpus had been granted. *Id.* at 777-78.

Noting that "Different Rules of Procedure govern the power of district courts and courts

of appeals to stay an order pending appeal," the Supreme Court set forth general factors

that may be assessed, *e.g.,* the likelihood of success on the merits and irreparable injury

to the moving party. (*See* Teva Brief at 7-10, citing *Id.* at 776).

However, this is not the appropriate standard to be applied in a patent case such as

this, nor is this the standard applied within the Third Circuit. *See* Ferring's Brief in

Support of its Cross-Motion ("Ferring Brief") for a full discussion of the applicable stay

factors, at 13-15, *citing Levy v. Sterling Holding Co.*, No. 00-994 (GMS), 2004 US Dist.

Lexis 19180, *4-5 (D. Del. Sept. 27, 2004); *Alloc, Inc. v. Unilin Decor N.V.*, No. 03-253

(GMS), 2003 U.S. Dist. LEXIS 11917, *5 (D. Del. July 11, 2003); *United Sweetener

USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991). And tellingly, Teva

has cited no Third Circuit cases. Thus, Teva's discussion of these factors, particularly the

likelihood of success on the merits and "irreparable" injury, should be disregarded.[2]

In opposing a stay, Teva argues that it will be "injured" by being "forced to

explain to investors and customers and keep on its books a lawsuit that is based on an

unenforceable patent." (*See* Teva Brief at 9). Clearly, if that were to warrant denying a

stay, then no stay would ever be granted because a company would have to explain "a

lawsuit on its books." In fact, based upon publicly available information, it appears that

---

[2]  In arguing that Ferring is unlikely to succeed on the merits—which under the law, is not even a
factor that should be considered by this Court—Teva misconstrues the issues to be addressed in
the Supreme Court petition. Teva erroneously states that Ferring must first convince the United
States Supreme Court "to grant certiorari on the factually-intensive question" and "to reverse the
factual findings of the Federal Circuit." (Teva Brief at 7). To the contrary, the issues to be
presented to the Supreme Court are legal in nature and concern the legal standard for finding
inequitable conduct.

Teva has never disclosed this litigation in any of its SEC filings, nor publicly to its "investors" or "customers."

Teva further misconstrues the nature and length of the stay sought by Ferring, stating that a stay would last "indefinitely" or for "several years," not only until the Supreme Court rules, but also "possibly through another review at the Federal Circuit, then back up through the appellate process as the non-infringement finding is reviewed, and then through a trial of the *Barr* case." (Teva Brief at 2, 9)[3]. This is not the stay that Ferring has requested. Ferring seeks a limited stay pending resolution of the Supreme Court certiorari petition. Ferring never suggested that, in the event of reversal or remand, the stay would remain in effect until the district court in *Ferring v. Barr* resolves the entire case.

Should the enforceability of Ferring's patent be restored and the *Ferring v. Barr* litigation resume at the district court level, this litigation would also resume. At that point, Teva would be able to continue discovery on its so-called "independent inequitable conduct and invalidity defenses." (Teva Brief at 10). In view of the reasonableness of the stay sought, Teva's purported concerns about "aging witnesses" and "stale evidence" are unwarranted. (*Id.*)

---

[3] In attempt to further distort the scope of the stay, Teva argues that in order to prevail on the merits, Ferring must overcome both the finding of inequitable conduct and the finding of non-infringement by Barr. (Teva Brief at 8). However, the decision of inequitable conduct was the only issue addressed by the Federal Circuit and therefore, in broad terms, will be the only issue addressed in the Supreme Court petition.

A stay in this case will benefit all parties by ensuring that in the event of reversal, Ferring could pursue its infringement and damages claim against Teva[4] and Teva could pursue discovery on its defenses. Should certiorari be denied or the Supreme Court affirm the Federal Circuit's decision, Ferring will dismiss its complaint with prejudice.

Finally, Teva proposes alternatively, that if it does not receive the relief that it wants from this Court, it should be permitted to take discovery _now_ on its inequitable conduct and invalidity allegations. Teva states:

> If the Court is not inclined to dismiss this case with prejudice and grant Teva's fees motion on the current record, this case should certainly not be stayed. Teva should be allowed to get the discovery it needs to preserve the evidence related to its own independent inequitable conduct and invalidity defenses.

(_See_ Teva Brief at 10).

And in what appears to be a tacit admission of the weakness of its attorneys' fees claim, Teva states:

> If the Court deems Ferring's conduct insufficient to award fees on the current record, then the Court should permit Teva to pursue discovery with respect to Teva's additional inequitable conduct allegations.

(_Id._ at 2).

Thus, according to Teva's flawed logic, if it loses its Motion, _i.e._, if the Court denies its request for dismissal with prejudice or for attorneys' fees, Teva should be permitted to take entirely new discovery on its inequitable conduct and invalidity allegations. Teva does not have the right to take a second bite at the apple if it does not

---

[4] Teva argues that Ferring does not have a damages claim pending. (Teva Brief at 8). This misses the point. In the event of reversal, Ferring would seek to amend its complaint to include allegations concerning Teva's current sale of its generic DDAVP product as well as a claim for damages.

get the relief it wants.  Again, Teva chose to file its motion for dismissal and attorneys'

fees <u>now based on the current record.</u>  Teva's request to supplement the record with new

discovery—if it loses—is improper and should be rejected.[5]

> **B.**      **As an Alternative, this Case Should**
>               **be Dismissed Without Prejudice**

Teva has not—and cannot—articulate a claim of prejudice as legally required to

oppose dismissal without prejudice under Rule 41.  Fed. R. Civ. P. 41(a)(2); *Benitec*

*Austl. Ltd. v. Nucleonics, Inc.*, No. 04-0174 (JJF), 2005 U.S. Dist. LEXIS 22008 at *3-4

(D. Del. Sept. 29, 2005) (dismissal without prejudice should be granted absent prejudice

to defendant).  This is because there is none—Teva's position, *i.e.*, freely selling its

generic DDAVP product, will remain the same whether dismissal is with or without

prejudice.  Clearly, if the Supreme Court denies Ferring's petition, that the dismissal was

"without prejudice" will be of no consequence because Ferring's patent will be

unenforceable.  Dismissal without prejudice, however, ensures that in the event of a

reversal, Ferring would have the right to file an infringement and damages claim against

Teva for Teva's current sales.

Because it has no legally valid basis to oppose dismissal without prejudice, Teva

instead mischaracterizes statements made by Ferring during the context of Rule 408

discussions.  *See* Fed. R. Evid. 408.  Upon the denial of Ferring's petition for rehearing

by the Federal Circuit, Teva offered to dismiss the case (including its counterclaims) with

---

[5] Despite the closeness of the *Ferring v. Barr* decision and the fact that this litigation proceeded for a mere seven months and never prevented Teva from selling its generic DDAVP product, Teva nonetheless now claims some sort of absolute right to attorneys' fees and if it loses on its motion, the right to discovery so that it may have a second bite at the apple.  Teva's proposal is inefficient, convoluted and borders on the absurd.

prejudice if Ferring agreed to pay Teva's attorneys' fees. (*See* Dec. Ex. 11, April 24,

2006 letter).  In response and in the context of Rule 408 discussions, Ferring offered to

dismiss the complaint with prejudice, but also demanded that Teva withdraw its

application for attorneys' fees. (*See* Dec. Ex. 12).  Perhaps more important than the

representations themselves, is the fact that the parties, quite obviously, never reached an

agreement on any of these issues.[6]

Also important is that at the time of these communications, Ferring had not made

the decision to file a certiorari petition with the Supreme Court in *Ferring v. Barr*.  Once

this decision was made, Ferring promptly informed Teva of its intent to file a Supreme

Court petition and requested that Teva agree to a stay pending resolution of the petition,

as agreed by the parties in *Ferring v. Barr*. (*See* attached Ex. A, June 16, 2006 letter

from C. Pepe to W. Long; *see also* Dec. Ex. 13, Stipulation in *Ferring v. Barr* to stay

attorneys' fees proceedings pending resolution of the Supreme Court petition).

Similarly, Ferring's statement to the Court that "Should the Federal Circuit affirm

the Barr judgment, Ferring will withdraw its complaint and dismiss the action" (D.I. 40)[7]

was made before the Federal Circuit decision issued with Judge Newman's Dissent (Dec.

Ex. 1) and before three Federal Circuit judges expressed support for rehearing Ferring's

---

[6] Notably, even Teva, during the course of these discussions, offered to dismiss its counterclaims (*e.g.*, its counterclaim for declaratory judgment of unenforceability based on inequitable conduct) with prejudice. (*See* Dec. Ex. 11, April 24, 2006 letter; *see also* D.I. 33). Under its very own logic, Teva should also be bound by this statement, yet in opposing Ferring's Cross-Motion, Teva now claims the right to pursue discovery on its other factual allegations of inequitable conduct. (*See* Teva Brief at 2, 10). As discussed at *supra* at p. 6-7, for substantive reasons, Teva's request for discovery should be denied.

[7] In this statement to the Court, Ferring did not specify whether dismissal should be with or without prejudice. (D.I. 40).

appeal *en banc*. (*See* Dec. Ex. 2). These facts significantly informed Ferring's decision

to file a certiorari petition with the Supreme Court and changed the landscape of both this

proceeding and the district court proceeding in *Ferring v. Barr*. (*See* Dec. Ex. 13).

   **C.    Under the Law, This Case is Neither Exceptional Nor
          Appropriate for An Award of Attorneys' Fees**

        Teva mistakenly assumes that simply because, in *Ferring v. Barr*, Judge Brieant

found inequitable conduct on summary judgment, Teva is somehow automatically

entitled to fees.  This is not the law, as evidenced by the many cases in which fees were

denied despite a finding of inequitable conduct.  *See, e.g., Gardco Mfg., Inc. v. Herst*

*Lighting Co.,* 820 F.2d 1209, 1215 (Fed. Cir. 1987); *Frank's Casing Crew & Rental*

*Tools, Inc. v. PMR Techs., Ltd.,* 292 F.3d 1363, 1377-78 (Fed. Cir. 2002); *C.R. Bard, Inc.*

*v. Advanced Cardiovascular Sys., Inc.,* No. 92-1372, 92-1402, 1993 U.S. App. LEXIS

22042, *15 (Fed. Cir. Aug. 31, 1993); *Consolidated Aluminum Corp. v. Foseco Int'l Ltd.,*

910 F.2d 804, 814-15 (Fed. Cir. 1990); *J.P. Stevens v. Lex Tex,* 822 F.2d 1047, 1052-53

(Fed. Cir. 1987); *eSpeed, Inc. v. Brokertec, USA, L.L.C.,* 417 F. Supp. 2d 580, 601 (D.

Del. 2006); *National Diamond Syndicate, Inc. v. Flanders Diamond USA, Inc.,* No. 00 C

6402, 2003 U.S. Dist. LEXIS 12083, *19-21 (N.D. Ill. July 14, 2003).

        In a feeble attempt to distinguish these numerous cases, Teva states in conclusory

fashion that these cases were all "close cases" of inequitable conduct and *Ferring v. Barr*

was not a "close case."  Teva's assertion that *Ferring v. Barr* was not a close case simply

does not square with the evidence. (*See* Dec. Ex. 1-9).

        Very often the Federal Circuit affirms a district court decision of summary

judgment in the absence of a dissent; and very often petitions for rehearing are denied

without any of the Federal Circuit judges agreeing to rehear the appeal.  Contrary to

- 9 -

Teva's mischaracterization, however, it is hardly "usual" or commonplace that a Federal Circuit Judge writes a stinging and lengthy Dissent calling the Majority decision a "travesty" (Dec. Ex. 1, Dissent at 7-8); nor is it unremarkable that on a petition for rehearing, three Federal Circuit Judges agree to rehear the appeal *en banc*. (Dec. Ex. 2). The reaction of the patent field (Dec. Ex. 3-9) also reflects the closeness of the *Ferring v. Barr* decision.

Moreover, while the closeness of the case is one factor to be considered, in several of the aforementioned cases, attorneys' fees were denied because the level of culpability that formed the basis for the inequitable conduct did not satisfy the standard under 35 U.S.C. §285—which is higher. *See National Diamond,* 2003 U.S. Dist. LEXIS 12083 at *15, 19-21*; see also C.R. Bard, Inc.,* 1993 U.S. App. LEXIS 22042 at *15; *Gardco Mfg.,* 820 F.2d at 1215. That the *Ferring v. Barr* decision of inequitable conduct was based on a "should have known" or negligence standard of intent provides a separate basis for denying attorneys' fees, in addition to the closeness of the case. (*See* Dec. Ex. 1, Maj. Op. at 17, 19 and Dissent at 4; *see also* Ferring Brief at 19-20 for a full discussion).

The fact is that Teva substantially overstates the evidence upon which the inequitable conduct finding was based. There was no evidence that Ferring "deliberately deceived the PTO," no evidence that the inequitable conduct was "flagrant," and no evidence that "Ferring knew it had obtained [the '398 patent]" through inequitable conduct, as Teva claims. (*See* Teva Brief at 4-6). Indeed, the lack of evidence supporting the finding of inequitable conduct was most eloquently described by Judge Newman:

> . . . the panel majority <u>infers material misrepresentation, infers</u>
> <u>malevolent intent, presumes inequitable conduct,</u> and wipes out a
> valuable property right, <u>all on summary judgment,</u> on the theory
> that the inventor "should have known" that something might be
> deemed material.

(*See* Dec. Ex. 1, Dissent at 4) (emphasis added); (*see also id.* at 8).

Equally baseless are Teva's conclusory "bad faith" allegations, *i.e.,* Ferring "was steeped in inequitable conduct and filed suit irrespective of it." (Teva Brief at 6). Ferring does not misconstrue Teva's argument—Teva mistakenly assumes that inequitable conduct is synonymous with bad faith. Teva can point to nothing other than the fact that Ferring lost in *Ferring v. Barr* and has offered no evidence whatsoever that this litigation was initiated or maintained in bad faith. Such bad faith allegations are particularly disingenuous given the closeness of the case. (*See* Ferring Brief at 23-24 for a full discussion).

In short, the law does not support an award of attorneys' fees in this case.

## III.   <u>CONCLUSION</u>

For all of the foregoing reasons, Ferring respectfully requests that this Court grant its motion to stay this proceeding, or, in the alternative, dismiss this action without prejudice. Additionally, Teva's motion for attorneys' fees and costs should be denied.

Date:  July 31, 2006                    /s/ Stephanie O'Byrne
                                        Francis DiGiovanni (#3189)
                                        Stephanie O'Byrne (#4446)
                                        CONNOLLY BOVE LODGE & HUTZ LLP
                                        The Nemours Building
                                        1007 North Orange Street
                                        Wilmington, DE 19899-2207
                                        (302) 888-6316

                                        Dennis J. Mondolino
                                        Christine A. Pepe
                                        MCDERMOTT, WILL & EMERY LLP
                                        340 Madison Avenue
                                        New York, NY 10017
                                        212-547-5400
                                        Attorneys for Plaintiff Ferring B.V.

479295_1

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Stephanie O'Byrne hereby certify that on July 31, 2006, I electronically filed FERRING B.V.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS CROSS-MOTION FOR A STAY OF PROCEEDINGS OR, IN THE ALTERNATIVE, RULE 41(A)(2) DISMISSAL WITHOUT PREJUDICE, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following, and I hereby certify that we have served via Hand Delivery a copy of said document to:

> Josy W. Ingersoll, Esq.
> Young Conway Stargatt & Taylor
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE  19899

I hereby certify that I have served via United States First Class Mail, the document to the following non-registered participant:

> William F. Long
> William L. Warren
> Sutherland Asbill & Brennan LLP
> 999 Peachtree Street, NE
> Atlanta, Georgia  30309-3996

> /s/ Stephanie O'Byrne
> Francis DiGiovanni (#3189)
> Stephanie O'Byrne (#4446)
> CONNOLLY BOVE LODGE & HUTZ LLP
> The Nemours Building
> 1007 N. Orange Street
> Wilmington, DE  19801
> (302) 658-9141
> fdigiovanni@cblh.com

> *Attorneys for Plaintiff Ferring B.V.*

479274_1