```
UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
    ------------------------------------x
    MEIJER, INC., MEIJER DISTRIBUTION,
    INC., ROCHESTER DRUG CO-OPERATIVE,
    INC., LOUISIANA WHOLESALE DRUG
    COMPANY, INC., et al.,
                    Plaintiffs,
            v.                                  05 CV. 2237 (CLB)

    FERRING, B.V., FERRING
    PHARMACEUTICALS, INC.,
    AVENTIS PHARMACEUTICALS, INC.,
                    Defendants.
    ------------------------------------x
                        U.S. Courthouse
                        White Plains, N.Y.
                        July 21, 2006
                        10:00 a.m.


    Before:         HON. CHARLES L. BRIEANT,
                        United States District Judge


    APPEARANCES

    HANZMAN CRIDEN & LOVE, P.A.
    BY:  KEVIN B. LOVE, Esq.
    7301 Southwest 57th Court, Suite 515
    South Miami, FL 33143
    Attorneys for Plaintiffs

    BERGER & MONTAGUE, P.C.
    BY:  DAVID F. SORENSEN, Esq.
         DANIEL C. SIMONS, Esq.
         ADAM STEINFELD, Esq.
    1622 Locust Street
    Philadelphia, PA  19103-6305
    Attorneys for Plaintiffs

    Sue Ghorayeb, R.P.R., C.S.R.
    Official Court Reporter
```

2

```
COHEN MILSTEIN HAUSFELD & TOLL, PLLC
BY:  KANCHANA WANGKEO, Esq.
     LINDA P. NUSSBAUM, Esq.
150 East 52nd Street
New York, N.Y.  10022
Attorneys for Plaintiffs

ZWERLING SCHACHTER & ZWERLING, LLP
BY:  JOSEPH LIPOFSKY, Esq.
41 Madison Avenue
New York, N.Y.  10010
Attorneys for Plaintiffs

ARNOLD & PORTER, LLP
BY:  JON J. NATHAN, Esq.
     CATHY HOFFMAN, Esq.
     BARBARA WOOTTON, Esq.
     555 Twelfth Street, N.W.
     Washington, DC 20004-1206
Attorneys for Ferring, B.V.
Ferring Pharmaceuticals, Inc.

JONES DAY
BY:  JULIA E. MCEVOY, Esq.
     JOHN BRADLEY, Esq.
51 Louisiana Avenue, N.W.
Washington, DC  20001
```

1     THE CLERK: Meijer v. Ferring B.V..

2     THE COURT: Is there an agreement as to which

3  movant will be heard, sir?

4     MS. WOOTTON: Good morning, Your Honor. Barbara

5  Wootton from Arnold & Porter on behalf of Defendant Ferring

6  B.V. and Ferring Pharmaceuticals, Inc..

7     We are here this morning to argue motions to

8  dismiss. I will be arguing the Ferring and Aventis joint

9  motion to dismiss on behalf of both of the defendants.

10    THE COURT: Very well.

11    MS. WOOTTON: Okay.

12    THE COURT: Go right ahead.

13    MS. WOOTTON: As a little bit of background, if

14 Your Honor recalls, about a year and a half ago, you had

15 before you a patent case involving the defendants in this

16 case, Ferring and Aventis, who had sued Barr Labs for

17 infringement of a patent. Barr is a generic manufacturer and

18 had sued for infringement of the patent involving

19 desmopressin acetate or DDAVP.

20    Your Honor, in February of 2005, issued a summary

21 judgment opinion in that case, finding the patent is

22 unenforceable for inequitable conduct. The cases here before

23 Your Honor are antitrust class actions.

24    THE COURT: That case went to the Federal Circuit,

25 didn't it?

Sue Ghorayeb,  Official Court Reporter

4

1      MS. WOOTTON: That case did go to the Federal
2  Circuit, yes.
3      THE COURT: And if I remember, they affirmed, but
4  there was a dissent --
5      MS. WOOTTON: That's correct, Your Honor, there
6  was.
7      THE COURT: -- by Judge Newman.
8      MS. WOOTTON: By Judge Newman, that's correct.
9      Would you like a little more on the procedural
10  history of that or --
11      THE COURT: Well, to the extent you think it's
12  relevant to your present motion, but --
13      MS. WOOTTON: Probably not.
14      THE COURT: I would have to say that I was terribly
15  disappointed to note that Judge Newman, who I hold in very
16  great esteem, had dissented, and I think the fact that she
17  did shows that the whole thing wasn't totally free from
18  doubt. But you can go ahead.
19      MS. WOOTTON: Yes, Your Honor. Thank you.
20      So, the cases before you here, Your Honor, are
21  antitrust class actions filed by direct purchasers and
22  indirect purchasers of the drug at issue. The generic drug
23  companies are not involved in this suit. They began to be
24  filed two weeks after Your Honor's summary judgment opinion
25  in the patent case.

1   Defendants jointly seek to dismiss the plaintiffs'
2   claims, both the direct and indirect purchasers' claims, on
3   legal grounds.  The overarching legal policy question that
4   our motion raises is the extent to which non-infringers or
5   would be infringers, that is those who are not threatened
6   with the enforcement of the patent, can challenge the
7   patent's validity through antitrust claims.
8       This is an issue that Judge Trager in the Eastern
9   District of New York has recently reflected on in the In Re
10  Ciprofloxacin Hydrochloride Antitrust Litigation, which I
11  will try to refer to as Cipro for shorthand, which I think
12  discusses --
13      THE COURT:  It's a matter of interest, but you know
14  that case has no precedential value.  What did he do?
15      I am always interested in what Judge Trager thinks
16  but it's not a precedent.
17      MS. WOOTTON:  Not yet, Your Honor.  Not yet, Your
18  Honor.
19      THE COURT:  Not unless the Circuit Court --
20      MS. WOOTTON:  Right.  That is, as I think we
21  discussed with Your Honor the last time we were in front of
22  you, that is a case that is currently on appeal in front of
23  the Federal Circuit.
24      THE COURT:  Yes.  I gather he said they could.

25          MS. WOOTTON:  Judge Trager held that indirect

            Sue Ghorayeb,  Official Court Reporter

                                                                6

1   purchaser plaintiffs could not proceed with their antitrust
2   class action --
3           THE COURT:  I see.
4           MS. WOOTTON:  -- state claims based on --
5           THE COURT:  So, that's your position here.
6           MS. WOOTTON:  That is our claim here.  We basically
7   have three main contentions.
8           First, that these purchaser plaintiffs lack
9   standing to bring antitrust claims challenging enforcement of
10  the patent allegedly procured by fraud on the Patent &
11  Trademark Office.
12          Second, indirect purchasers plaintiffs bring state
13  law claims for damages essentially on the same conduct.  They
14  bring these claims under the State antitrust and consumer
15  protection laws.  Defendants assert that those claims are
16  preempted by federal patent law, and even if those claims
17  were not preempted, they are -- for a myriad of reasons, the
18  indirect purchaser State law claims should be dismissed as
19  well.
20          And the third point has been outlined in detail in
21  our briefs and I just want to focus on the first two points.
22          With regard to the Walker Process standing issue,
23  the Supreme Court has made clear that parties are immune from