# YOUNG CONAWAY STARGATT & TAYLOR, LLP

JOSY W. INGERSOLL (NO. 1088)
DIRECT DIAL: 302-571-6672
DIRECT FAX:  302-576-3301
jingersoll@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

September 15, 2006

**BY E-FILING**

The Honorable Sue L. Robinson
United States District Court
844 King Street
Wilmington, DE  19801

   Re: *Ferring B.V. v. Teva Pharmaceuticals USA, Inc., et al.*
     <u>Civil Action No. 04-884-SLR</u>

Dear Chief Judge Robinson:

   We are counsel to Teva in the above-captioned action and write in response to Ferring's letter of September 13, 2006. In its letter, Ferring attaches additional documents in opposition to Teva's Motion to Dismiss and For Attorney's Fees (D.I. #61) and in support of its Opposition and Cross-Motion to Stay (D.I. #69). Neither of the documents submitted by Ferring supports its position.

   One of the documents submitted by Ferring is a copy of its petition for certiorari to the Supreme Court seeking review of the Federal Circuit's affirmance of the *Barr* decision. Ferring's petition does not affect any issue before this Court. Indeed, Ferring's Cross-Motion to Stay was premised solely on Ferring's representation that it would file this petition for certiorari. (*See* D.I. #70, p. 13 ("In early September, Ferring and Aventis will file petitions for writ of certiorari to the United States Supreme Court.").)

   The other document attached by Ferring is an incomplete copy of a transcript in a class action antitrust lawsuit against Ferring brought by purchasers of desmopressin products, a proceeding in which Teva was not present. *Meijer Inc. et al. v. Ferring B.V. et al.*, No. 05-CV-2237 (S.D.N.Y.). Ferring cites a statement by Judge Brieant that his original decision entering summary judgment against Ferring on inequitable conduct "wasn't totally free from doubt."

   Of course, without a complete transcript of this hearing (which was not provided by Ferring), the Court cannot take full stock of Judge Brieant's views or even evaluate the extent to which Ferring has taken the statement out of context, whether Judge Brieant clarified his statement later in the proceeding, or whether he made other comments that shed light on the intent of the statement. Likewise, Teva has not seen a full copy of the transcript and, thus, does not have a full opportunity to rebut it.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Sue L. Robinson
September 15, 2006
Page 2

Moreover, there is a world of difference between a close case of inequitable conduct and a case in which the appropriateness of granting summary judgment on inequitable conduct "wasn't totally free from doubt." Ferring, nevertheless, continues to confuse these two issues. A close of case of inequitable conduct is one in which it is unclear to the finder of fact whether inequitable conduct occurred. "Doubt" concerning the appropriateness of summary judgment of inequitable conduct has to do with whether any reasonable finder of fact could find that there was *not* inequitable conduct. Judge Brieant has held that no reasonable finder of fact could fail to find inequitable conduct, and his opinion has been affirmed by a Federal Circuit panel and *en banc* rehearing was denied by the Federal Circuit. In other words, the issue of inequitable conduct was *not* close.

In short, there is nothing new here, only a continued confusion by Ferring between a close case of inequitable conduct and doubt as to whether any reasonable finder of fact could possibly have not found inequitable conduct. All of the cases cited by Ferring deal with the former situation; none deal with the latter.

Teva respectfully requests the Court to lift the stay and grant its motion for attorneys' fees.

Respectfully submitted,

Josy W. Ingersoll (No. 1088)

JWI:cg

cc:   Clerk of the Court (by e-filing and hand delivery)
      Francis DiGiovanni, Esquire (by e-filing and hand delivery)
      Dennis J. Mondolino, Esquire (by e-mail)
      William F. Long, Esquire (by e-mail)