# YOUNG CONAWAY STARGATT & TAYLOR, LLP

JOSY W. INGERSOLL (NO. 1088)
DIRECT DIAL: 302-571-6672
DIRECT FAX:   302-576-3301
jingersoll@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

September 19, 2006

**BY E-FILING**

The Honorable Sue L. Robinson
United States District Court
844 King Street
Wilmington, DE 19801

    Re: *Ferring B.V. v. Teva Pharmaceuticals USA, Inc., et al.*
       Civil Action No. 04-884-SLR

Dear Chief Judge Robinson:

  This responds to Ferring's letter of September 18 providing a full transcript of the motion to dismiss hearing in *Meijer Inc. et al. v. Ferring B.V. et al.*, No. 05-CV-2237 (S.D.N.Y.). A fair reading of the transcript confirms that Judge Brieant has not changed his mind regarding Ferring's flagrant inequitable conduct before the Patent and Trademark Office. Judge Brieant did not grant Ferring's motion to dismiss the antitrust and related claims brought by the desmopressin purchaser plaintiffs. Furthermore, Judge Brieant made a number of additional comments not cited by Ferring which reflect a continuing belief that Ferring clearly committed inequitable conduct. For example:

- "If there had not been the inequitable conduct, there will be no question that you couldn't attack [the patent]." (p. 13.)

- "[The patent] was finally issued … after they got those great affidavits?" (p. 36.)

- "And do you think when [Ferring and Aventis] talked that Ferring, who wanted to enter into a license agreement or who already had entered into it, tells them 'Oh, by the way, you ought to know something; those two phonies who put in the affidavits, they really are people that we didn't disclose.'" (p. 36.)

- Finally, with respect to the knowledge of Ferring's inequitable conduct by its licensee Aventis: "Thirty years when you have a commercial relationship doesn't tell you your partner [i.e., Ferring] is a crook." (p. 35.)

  Ferring claims that the statement it cited from Judge Brieant applies to inequitable conduct as a whole and not to the appropriateness of summary judgment because Judge Brieant used the phrase "the whole thing." It is clear though that Judge Brieant did not intend for his off-hand comment to supersede the binding nature of his final judgment. The context shows that

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Sue L. Robinson
September 19, 2006
Page 2

"the whole thing" must refer to the summary judgment ruling, not the existence of inequitable conduct. The issue in Judge Brieant's ruling, the Federal Circuit's affirmance, and Judge Newman's dissent was whether *summary judgment* of inequitable conduct was appropriate. That issue – the appropriateness of summary judgment – was "the whole thing" in question. Judge Brieant held, and the Federal Circuit agreed, that whether Ferring committed knowing inequitable conduct was *not* a close case, and therefore, summary judgment was indeed appropriate.

Teva respectfully requests that its motion to dismiss and for attorney's fees be granted. We would be pleased to address any further questions or concerns the Court has concerning this issue.

Respectfully submitted,

*/s/ Josy W. Ingersoll by Karen L. Keller #4489*

Josy W. Ingersoll (No. 1088)

JWI:cg

cc:   Clerk of the Court (by hand and e-filing)
      Francis DiGiovanni, Esquire (by hand and e-filing)
      Dennis J. Mondolino, Esquire (by e-mail)
      William F. Long, Esquire (by e-mail)