# YOUNG CONAWAY STARGATT & TAYLOR, LLP

JOSY W. INGERSOLL (NO. 1088)
DIRECT DIAL: 302-571-6672
DIRECT FAX: 302-576-3301
jingersoll@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

October 31, 2006

**BY E-FILING**

The Honorable Sue L. Robinson
United States District Court
844 King Street
Wilmington, DE 19801

    Re: *Ferring B.V. v. Teva Pharmaceuticals USA, Inc., et al.*
       Civil Action No. 04-884-SLR

Dear Chief Judge Robinson:

  Please find attached the United States Supreme Court's denial of Ferring's petition for certiorari in the matter of *Ferring B.V. & Aventis Pharmaceuticals Inc. v. Barr Laboratories, Inc.*

  The denial of Ferring's petition for certiorari bears directly on the two pending motions before the Court: (1) Teva's Motion to Dismiss and For An Award of Attorney's Fees and Costs (D.I. #61), and (2) Ferring's Cross Motion To Stay Proceedings or, in the Alternative, Rule 41(a)(2) Dismissal Without Prejudice (D.I. #69). The first issue raised by these motions is whether this case should be dismissed with prejudice in light of the *Barr* proceedings, as Teva proposes, or whether it should be stayed or dismissed without prejudice, as Ferring proposes. The second issue raised in these motions is whether Teva is entitled to collect its attorney's fees and costs in light of Ferring's inequitable conduct and maintenance of this litigation despite of its knowledge thereof.

  The denial of certiorari makes clear that this case should be dismissed with prejudice because Ferring's '398 patent is unenforceable and Ferring committed inequitable conduct in the prosecution of that patent. The decision in the *Barr* case, which was affirmed by the Federal Circuit and as to which the Supreme Court denied certiorari, is *res judicata* in this case against Ferring and precludes it from continuing to pursue claims against Teva. Ferring cannot attempt now to re-litigate the enforceability of its '398 patent after its multiple unsuccessful attempts in the *Barr* case.

  The denial of certiorari also supports Teva's motion for attorney's fees. Teva previously pointed out that a clear case of inequitable conduct, such as this one, warrants entry of attorney's fees. (See D.I. #62 & 65.) In response, Ferring claimed there was a "close case" as to Teva's inequitable conduct claims and strongly suggested that the Supreme Court would grant certiorari and reverse the Federal Circuit and the trial court's summary judgment finding, thereby validating Ferring's argument that this case was somehow close. The denial of Ferring's petition

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Sue L. Robinson
October 31, 2006
Page 2

for certiorari adds another judgment by another judicial body – this one the highest in the land – confirming that Judge Brieant appropriately entered summary judgment of inequitable conduct. In sum, the denial adds to the mounting body of evidence that <u>any</u> reasonable factfinder would have found that Ferring committed inequitable conduct.

       Teva respectfully submits that its Motion to Dismiss and For An Award of Attorney's Fees and Costs (D.I. #61) can now be granted and Ferring's cross-motion can be denied as moot.

       Respectfully submitted,

       Josy W. Ingersoll (No. 1088)

JWI:cg
Enclosure

cc:    Clerk of the Court (by e-filing and hand delivery)
       Francis DiGiovanni, Esquire (by e-filing and hand delivery)
       Dennis J. Mondolino, Esquire (by e-mail)
       Christine A. Pepe, Esquire (by e-mail)
       William F. Long, Esquire (by e-mail)