

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

WEB www.cblh.com

Francis DiGiovanni
Partner

TEL (302) 888-6316
FAX (302) 658-5614
EMAIL fdigiovanni@cblh.com
REPLY TO Wilmington Office

November 6, 2006

**VIA ECF – ELECTRONIC FILING**
Chief Judge Sue L. Robinson
United States District Court
District of Delaware
844 North King Street
Wilmington, DE  19801

Re:   *Ferring B.V. v. Teva Pharmaceuticals USA, Inc., et al.*,
        Civil Action No. 04-884-SLR

Dear Chief Judge Robinson:

Pursuant to LR 7.1.2(c), Ferring calls to the Court's attention the attached opinion that is highly relevant to Teva's pending motion for attorneys' fees and Ferring's opposition thereto. On November 2, 2006, Judge Brieant dismissed with prejudice all federal antitrust claims asserted against Ferring B.V. ("Ferring") in the class action lawsuit *In re DDAVP Direct Purchaser Antitrust Litigation, In re DDAVP Indirect Purchaser Antitrust Litigation*, 05 Civ. 2237 (CLB).  We attach the decision for your review.  *See* Exhibit A, Memorandum and Order. As described below, this decision further supports a denial of Teva's attorneys' fee motion.

Significantly, in dismissing the *Walker Process* antitrust claims, which were based on the *Ferring v. Barr* decision, Judge Brieant stated:

> The Court's findings in the prior litigation of inequitable conduct and unenforceability do not arise [*sic*] to the *Walker Process* requirements of fraud and invalidity.  At the very least, an additional component of scienter must be shown to render actions fraudulent that might otherwise be found merely inequitable.  <u>This Court did not determine that fraud was perpetrated on the PTO, nor that but for the omissions found, the patent would not have issued.  Nor could it have done so on the complete record presented in *Ferring I*.</u>

Ex. A at p. 8 (emphasis added).  Therefore, by Judge Brieant's own admission, the level of "culpability" was minimal and cannot support an award of attorneys' fees.  *See e.g., Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1215 (Fed. Cir. 1987) (denying attorneys' fees

CONNOLLY BOVE LODGE & HUTZ LLP
ATTORNEYS AT LAW

The Honorable Sue L. Robinson
November 6, 2006
Page 2 of 2

due to low level of culpability); *National Diamond Syndicate, Inc. v. Flanders Diamond USA, Inc.*, No. 00 C 6402, 2003 U.S. Dist. LEXIS 12083, *19-21 (N.D. Ill. July 14, 2003) (the requirements for proving a case exceptional are "more stringent" than those required to prove inequitable conduct). Also notable is Judge Brieant's finding that the omission did not bear on patentability.

Furthermore, in dismissing the so-called "sham" litigation claims against Ferring, Judge Brieant stated:

> The bringing of the suit by Ferring and Aventis was not in subjective bad faith, but rather a standard response to Hatch-Waxman. Every losing litigant in the federal courts does not become a sham litigant merely by losing their case.

*Id.* at p. 13. This finding directly undermines Teva's allegation that Ferring pursued this litigation in bad faith.

In short, Judge Brieant's dismissal of the antitrust claims is simply more evidence, in addition that already before the Court, as to why Teva should not be awarded attorneys' fees in this action.

Respectfully submitted,

Francis DiGiovanni

FD:rkl
Enclosure

cc:  Clerk of the Court (via ECF and hand)
     Josy W. Ingersoll, Esq. (via hand)
     William F. Long, Esq. (via e-mail)
     Dennis J. Mondolino, Esq. (via e-mail)

497853_1