# YOUNG CONAWAY STARGATT & TAYLOR, LLP

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

JOSY W. INGERSOLL (NO. 1088)
DIRECT DIAL: 302-571-6672
DIRECT FAX:  302-576-3301
jingersoll@ycst.com

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

November 9, 2006

**BY E-FILING**

The Honorable Sue L. Robinson
United States District Court
844 King Street
Wilmington, DE 19801

Re:  *Ferring B.V. v. Teva Pharmaceuticals USA, Inc., et al.*
     Civil Action No. 04-884-SLR

Dear Chief Judge Robinson:

On behalf of Teva, we write in response to Ferring's letter of November 6, 2006, which attached a dismissal of class action antitrust complaints against Ferring. The class action plaintiffs could not sustain their causes of action because they could not show fraud. Ferring's allegation that this decision is "highly relevant" to Teva's attorney's fees motion misunderstands the basis of Teva's motion and the purpose of the law of 35 U.S.C. § 285 relating to exceptional cases (which is stated in case law cited by Ferring in its letter).

Teva's motion was based on Ferring's clear inequitable conduct during the prosecution of the '398 patent. (D.I. #62, pp. 7-8.) As noted in Teva's opening brief, this inequitable conduct, standing alone, provides a sufficient basis to support an exceptional case finding. *See A.B. Chance Co. v. RTE Corp.*, 854 F.2d 1307, 1312 (Fed. Cir. 1988) ("inequitable conduct ... either alone or in conjunction with trial conduct, may constitute the basis for an award of attorneys' fees under 35 U.S.C. § 285.") In *A.B. Chance*, the Federal Circuit remanded a denial of attorney's fees because the district court had not determined the inequitable conduct issue. *Id.* at 1312-13. Inequitable conduct, with no finding of fraud, supports an exceptional case finding and an award of attorney's fees. *See Bruno Independent Living Aids, Inc. v. Acorn Mobility Services, Ltd.*, 394 F.3d 1348, 1355 (Fed. Cir. 2005).

Fraud and inequitable conduct simply are not the same thing, a point which Judge Brieant made clear in the decision attached by Ferring: "Fraud requires a higher threshold of both intent and materiality than does a finding of inequitable conduct and must be based on independent and clear evidence of deceptive intent together with a clear showing of reliance." (Ex. A to Ferring letter, p. 8.) Teva did not file antitrust counterclaims in this case. The Federal Circuit has *never* stated that fraud must be shown to support an exceptional case finding under 35 U.S.C. § 285, and any suggestion or implication to the contrary in Ferring's letter should be rejected.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Sue L. Robinson
November 9, 2006
Page 2

The cases cited by Ferring in its letter simply stand for the uncontroversial proposition that "[a]lthough a finding of inequitable conduct may justify an award of attorney's fees, not every case of inequitable conduct is an exceptional case within the meaning of Section 285." *National Diamond Syndicate, Inc. v. Flanders Diamond USA, Inc.*, 2003 U.S. Dist. LEXIS 12083 at *19-21 (N.D. Ill. July 14, 2003) (citing *Gardco Mfg'g, Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1215 (Fed. Cir. 1987). None of this means that fraud must be shown.

In fact, the cases cited by Ferring support an exceptional case finding here. *National Diamond* expressly states that the purpose of Section 285 is "to deter 'clearly unwarranted suits on obviously invalid or unenforceable patents.'" *National Diamond* at *17-18 (quoting *Mathis v. Spears*, 857 F.2d 749, 754 (Fed. Cir. 1988). Thus, the proper focus here is not whether Ferring committed fraud, but whether Ferring brought suit on a patent it should have known was unenforceable. The judgment of Judge Brieant, affirmed the Federal Circuit with certiorari denied by the Supreme Court, was that no reasonable jury could fail to find that the '398 patent was unenforceable. In other words, the '398 patent clearly and objectively was unenforceable. Thus, the purpose of Section 285 would be best served by awarding Teva the fees it has incurred defending this unnecessary lawsuit.

The final argument in Ferring's letter is that Judge Brieant failed to find subjective bad faith in Ferring and Aventis's suit against Barr, which Ferring alleges "directly undermines" Teva's second (and independent) basis for seeking attorney's fees against Ferring. As noted above, evidence of bad faith is not necessary to support an award of attorney's fees; a finding of clear inequitable conduct suffices. Moreover, Ferring's argument here again misconstrues Teva's argument. Teva did not allege that Ferring brought suit against Barr in bad faith. That suit surely was brought as "a standard response to Hatch-Waxman" as Judge Brieant described it. (Ex. A to Ferring letter, p. 13.) Ferring's bad faith came in bringing litigation against Teva *after it was aware of all the facts – undisputed facts – that supported a summary judgment of inequitable conduct.* As Teva stated in its initial briefing on this issue:

> Ferring and its counsel have been aware of all of the evidence proving Ferring's inequitable conduct during the '398 prosecution since the outset of the present litigation. When it filed this case on July 21, 2004, the inequitable conduct summary judgment motion in the *Barr* litigation had already been briefed and argued and it knew that it could not dispute the facts relied upon by *Barr*.

(D.I. #62, p. 9.)

Judge Brieant's finding that Ferring did not exhibit subjective bad faith in bringing suit against Barr prior to the revelation of the facts supporting inequitable conduct does not mean that Ferring did not exhibit bad faith when it later brought suit against Teva on a patent that no reasonable jury could have found to be enforceable. The result of that suit has been to expend judicial resources and force Teva to defend this 80-docket-entry case for nearly two-and-

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Sue L. Robinson
November 9, 2006
Page 3

a-half years. It is fair and in keeping with the purposes of Section 285 to require Ferring to compensate Teva for its attorney's fees and costs.

Respectfully submitted,

Josy W. Ingersoll (No. 1088)

JWI:cg
cc:   Clerk of the Court (by e-filing and hand delivery)
      Francis DiGiovanni, Esquire (by e-filing and hand delivery)
      Dennis J. Mondolino, Esquire (by e-mail)
      Christine A. Pepe, Esquire (by e-mail)
      William F. Long, Esquire (by e-mail)

DB01:2230980.1                                                                  058956.1012