IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------x
FERRING B.V.                                     :
                                                 :
                                                 :
            Plaintiff,                           :
                                                 :
    v.                                           :
                                                 :
TEVA PHARMACEUTICALS USA, INC. and               :   Civil Action No. 04-0884-SLR
TEVA PHARMACEUTICAL INDUSTRIES                   :
LIMITED                                          :
                                                 :
            Defendants.                          :
-------------------------------------------------x
```

## TEVA'S RESPONSE TO FERRING'S MOTION FOR DISMISSAL WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 41

Ferring's motion to dismiss is based upon the argument that, under *Super Sack Mfg'g Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995), no case or controversy remains over Teva's counterclaims. To date, Ferring only has offered to dismiss with prejudice. Ferring's argument is premature, until and unless Ferring covenants not to sue Teva for any past or present conduct related to the '398 patent. As the Federal Circuit noted in *Super Sack*, "[t]he legal effect of Super Sack's promise not to sue is the heart of this matter ...." *Id.* at 1059. Under *Super Sack*, a court is divested of jurisdiction over patent counterclaims where the counterclaim-defendant/infringement-plaintiff promises not to sue for any past or present acts of infringement. *Id.*; *accord*, *Ciber, Inc. v. Ciber Consulting, Inc.*, 326 F. Supp.2d 886, 892 (N.D. Ill. 2004)(no case or controversy over counterclaims when a trademark infringement plaintiff had "issued a statement of non-liability" as to the defendants' actions).

A resolution to this matter seemingly more suitable and more efficient than attempting to negotiate the terms of a covenant not to sue would be the entry of judgment in favor of Teva on

Teva's claim that the patent is unenforceable, on the principle of collateral estoppel. Teva previously filed a motion seeking judgment on this basis, and Teva's motion remains pending.[1] (D.I. # 35.) Ferring opposed Teva's motion by moving for a stay and arguing that the *Barr* case had not been litigated fully and that there were reasons to doubt the "quality and fairness" of the district court decision in the *Barr* case. (D.I. # 40, pp. 8-14.) Now that the Federal Circuit has affirmed the *Barr* decision and the Supreme Court has denied certiorari, there can be no doubt that the *Barr* case has been litigated fully, that the judgment in that case is final, that Ferring has had a full and fair opportunity to be heard in court, and that it has not been the recipient of any procedural unfairness.

Whichever procedural mechanism the Court employs to terminate the case the Court will retain jurisdiction to decide Teva's pending motion for attorney's fees (as Ferring acknowledges), (D.I.#61) and Teva as the prevailing party will also have the right to seek costs in accordance with Rule 54(d)(1) and Local Rule 54.1. *See Ross v. Horn*, 598 F.2d 1312, 1322 (3d. Cir. 1979).

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR LLP
Josy W. Ingersoll (No. 1088)
Karen Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Phone: 302-571-6600
*jingersoll@ycst.com*

---

[1] The Court granted Ferring's cross-motion for a stay, but did not deny Teva's summary judgment motion. (D.I. # 48.)

William F. Long
N.E.B. Minnear
**SUTHERLAND ASBILL & BRENNAN LLP**
999 Peachtree Street
Atlanta, Georgia 30309-3996
Phone: 404-853-8000

Attorneys for Defendants Teva Pharmaceutical
Industries Ltd. and Teva Pharmaceuticals USA, Inc.

Dated: November 15, 2006

## CERTIFICATE OF SERVICE

I, Josy W. Ingersoll, Esquire, hereby certify that on November 15, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>   Francis DiGiovanni, Esquire
>   Connolly Bove Lodge & Hutz LLP
>   The Nemours Building
>   1007 North Orange Street
>   Wilmington, DE 19801

I further certify that on November 15, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

>   Dennis J. Mondolino, Esquire
>   McDermott Will & Emery
>   340 Madison Avenue
>   New York, NY 10017

>   YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>   /s/ Josy W. Ingersoll
>   Josy W. Ingersoll (No. 1088)
>   The Brandywine Building
>   1000 West Street, 17th Floor
>   Wilmington, Delaware 19801
>   (302) 571-6600
>   jingersoll@ycst.com
>
>   Attorneys for Defendants Teva Pharmaceutical
>     Industries Ltd. and Teva Pharmaceuticals USA, Inc.

DB01:1593531.1