IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
FERRING B.V.                                  :
                                              :
                                              :
                                              :     Civil Action No. 04-884-SLR
           Plaintiff,                         :
                                              :
                                              :
    v.                                        :
                                              :
                                              :
TEVA PHARMACEUTICALS USA, INC. and            :
TEVA PHARMACEUTICAL INDUSTRIES                :
LIMITED                                       :
           Defendants.                        :
                                              :
---------------------------------------------------------------x

**FERRING B.V.'S REPLY BRIEF IN FURTHER
SUPPORT OF ITS MOTION FOR DISMISSAL
<u>WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 41</u>**

Francis DiGiovanni (#3189)
**CONNOLLY BOVE LODGE & HUTZ LLP**
The Nemours Building
1007 North Orange Street
Wilmington, DE 19899-2207
(302)-658-9141

Dennis J. Mondolino
Christine A. Pepe
**MCDERMOTT, WILL & EMERY LLP**
340 Madison Avenue
New York, NY 10017
(212)-547-5414

Attorneys for Plaintiff Ferring B.V.

## TABLE OF CONTENTS

                                                                                                                                   **Page**

Table of Authorities ............................................................................................................ ii

I.  Introduction ............................................................................................................. 1

II.  Argument ................................................................................................................ 1

      A.  A Covenant Not to Sue Is Not Necessary in this Case—All
          Case or Controversy has Already Been Extinguished ............................. 1

      B.  Teva Does Not Have a Pending Summary Judgment Motion
          Regarding Collateral Estoppel, and in Any Event, Such a
          Motion is Unnecessary and Inefficient ..................................................... 2

III.  Conclusion ............................................................................................................. 3

# TABLE OF AUTHORITIES

**Page(s)**

*Black & Decker Inc. v. Robert Bosch Tool Corp.*, 371 F. Supp. 2d 965, 971
(N.D. Ill. 2005)...............................................................................................................1

*Ferring B.V. & Aventis Pharmaceuticals, Inc. v. Barr Laboratories, Inc.*,
No. 02-Civ-9851 (CLB), 2005 U.S.Dist. LEXIS 3597 (S.D.N.Y. Feb. 7, 2005),
*aff'd*, No. 05-1284, 437 F.3d 1181 (Fed. Cir. 2006), *rehearing denied, rehearing
en banc denied*, 2006 U.S. App. LEXIS 10811 (Fed. Cir. Apr. 12, 2006),
*cert. denied*, 2006 U.S. LEXIS 8344 (Oct. 30, 006)..............................................1

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir.
1995......................................................................................................................2

*WL Gore & Associates, Inc. v. Oak Materials Group, Inc.*, 424 F. Supp. 700, 702
(D. Del. 1976) ...................................................................................................1, 2

Fed. R. Civ. P. 41................................................................................................................1

Plaintiff Ferring B.V. ("Ferring") submits this reply brief in further support of its Motion for Dismissal with Prejudice Pursuant to Fed. R. Civ. P. 41.

## I.     INTRODUCTION

Teva has proffered no legitimate reason—legal or otherwise—as to why this Court should not simply dismiss all claims and counterclaims with prejudice and retain limited jurisdiction solely for the purpose of deciding Teva's motion for attorneys' fees.

## II.    ARGUMENT

### A.    A Covenant Not to Sue Is Not Necessary in this Case—All Case or Controversy has Already Been Extinguished.

Teva's request for a covenant not to sue is nonsensical, and its reliance on *Super Sack* is misplaced.

Teva argues that a "promise not to sue" is required, yet in this case, an accepted equivalent exists. A covenant not to sue is not necessary for this Court to find the absence of a case or controversy and to dismiss Teva's counterclaims for lack of jurisdiction. Teva's counterclaims pertain exclusively to U.S. Patent No. 5,407,398 ("the '398 patent"), which has been held unenforceable by the *Ferring v. Barr* decision. *Ferring B.V. & Aventis Pharmaceuticals, Inc. v. Barr Laboratories, Inc.*, No. 02-Civ-9851 (CLB), 2005 U.S.Dist. LEXIS 3597 (S.D.N.Y. Feb. 7, 2005), *aff'd*, No. 05-1284, 437 F.3d 1181 (Fed. Cir. 2006), *rehearing denied, rehearing en banc denied*, 2006 U.S. App. LEXIS 10811 (Fed. Cir. Apr. 12, 2006), *cert. denied,* 2006 U.S. LEXIS 8344 (Oct. 30, 2006). As such, the '398 patent is no longer an enforceable property right, thereby extinguishing all case or controversy before this Court. *Black & Decker Inc. v. Robert Bosch Tool Corp.,* 371 F. Supp. 2d 965, 971 (N.D. Ill. 2005) (in dismissing declaratory judgment counterclaims, court held that it cannot merely provide an advisory opinion on

the enforceability of an unenforceable patent); *see also WL Gore & Associates, Inc. v. Oak Materials Group, Inc.*, 424 F. Supp. 700, 702 (D. Del. 1976) (court held that because patentee had no further right to enforce the patent claims, there was no jurisdiction over the declaratory judgment counterclaims).

Teva relies on *Super Sack Manufacturing Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995), in arguing that a covenant not to sue is required before dismissal. *See* Teva Response (D.I. 84) at 1-2. Teva is wrong. Unlike the instant case, the *Super Sack* patent was never held unenforceable, and indeed had been found *not invalid* by the district court. *See* 57 F.3d at 1056. Thus, a justiciable controversy existed unless and until Super Sack covenanted not to sue Chase on its patent. The covenant not to sue was required in *Super Sack* in order to "totally remove[] any current or future apprehension by Chase that it will face claims of infringement regarding the patents-in-suit." *Id.* In the instant case, the Federal Circuit's affirmance of the unenforceability ruling regarding Ferring's '398 patent removes any current or future apprehension by Teva that it will face claims of infringement regarding the patent-in-suit. Accordingly, there is no case or controversy to support this Court's jurisdiction over Teva's counterclaims.

### B. Teva Does Not Have a Pending Summary Judgment Motion Regarding Collateral Estoppel, and in Any Event, Such a Motion is Unnecessary and Inefficient.

Teva's request that the Court grant summary judgment on the basis of collateral estoppel should also be denied. Teva has merely sought leave to bring such a motion. (D.I. 34). Indeed, the Scheduling Order governing this proceeding expressly prohibits summary judgment motions without leave of the Court. (D.I. 21). In view of the

procedural posture of this case—the limited discovery and lengthy stay—it is inefficient and unnecessary for this Court to rule on Teva's Motion for Leave.  Contrary to Teva's argument, nothing would be more efficient than for the Court to simply dismiss all claims with prejudice, retaining limited jurisdiction only over Teva's outstanding motion for attorneys' fees.  *See WL Gore & Associates, Inc.,* 424 F. Supp. at 702 (dismissing declaratory judgment counterclaims but retaining limited jurisdiction to decide and ultimately deny the attorneys' fees motion before the Court).  Moreover, as explained above and in Ferring's Opening Brief, this Court no longer has jurisdiction to decide the remaining pending motions before the Court (with the exception of Teva's fees motion).  *See, e.g.,* D.I. 33, 34, 35, and 69.

### III. CONCLUSION

Ferring respectfully requests that this Court dismiss Ferring's complaint and Teva's counterclaims with prejudice and retain only limited jurisdiction over this proceeding to decide Teva's outstanding motion for attorneys' fees.

Date:  November 20, 2006

Francis DiGiovanni (#3189)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19899-2207
(302) 888-6316

Dennis J. Mondolino
Christine A. Pepe
MCDERMOTT, WILL & EMERY LLP
340 Madison Avenue
New York, NY 10017
212-547-5400
Attorneys for Plaintiff Ferring B.V.

## CERTIFICATE OF SERVICE

I hereby certify that on the November 20, 2006, a true copy of the foregoing Ferring B.V.'s Reply Brief in Further Support of its Motion for Dismissal with Prejudice was served on counsel for Teva as follows:

**VIA HAND DELIVERY AND E-MAIL**

Josy W. Ingersoll, Esq.
YOUNG CONAWAY
STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391
(302) 571-6600

**VIA U.S. MAIL AND E-MAIL**

William F. Long, Esq.
SUTHERLAND ASBILL &
    BRENNAN LLP
999 Peachtree Street, N.E.
Atlanta, GA 30309
(404) 853-8000

_____
Francis DiGiovanni

500977_1