# YOUNG CONAWAY STARGATT & TAYLOR, LLP

JOSY W. INGERSOLL (NO. 1088)
DIRECT DIAL: 302-571-6672
DIRECT FAX: 302-576-3301
jingersoll@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

March 16, 2007

**BY E-FILING**

The Honorable Sue L. Robinson
United States District Court
844 King Street
Wilmington, DE  19801

> Re:    *Ferring B.V. v. Teva Pharmaceuticals USA, Inc., et al.*
>        Civil Action No. 04-884-SLR

Dear Chief Judge Robinson:

We write in response to Ferring's letter of today regarding oral argument in the *Ferring v. Barr* case.  In its letter, counsel for Ferring indicates that Judge Brieant denied Barr's motion for attorneys' fees from the bench.  Until such time as Ferring is able to provide the transcript from that oral argument, it will be difficult for the Court and Teva to know the exact basis of Judge Brieant's denial.

Under any circumstances, however, it is important to note that Teva's case for attorneys' fees differs in key respects from Barr's.  These differences warrant granting Teva's motion for fees.  When Ferring filed its litigation against Teva, all of the facts supporting the summary judgment of inequitable conduct against Ferring had been laid out in the *Barr* litigation.  Ferring did not have that factual backdrop when it sued Barr.  Furthermore, in the present litigation, Ferring refused to dismiss its case even after the Federal Circuit affirmed summary judgment against it in the *Barr* litigation, even despite an earlier promise.  These facts, not present in the *Barr* case, bear on Ferring's manifest unreasonability, both in instigating this case and in maintaining it despite knowing of the unenforceability of its patent.  Manifest unreasonability is the touchstone of a bad faith finding, *Elltech Sys. Corp. v. PPG Indus., Inc.*, 903 F.2d 805, 811 (Fed. Cir. 1990).  Bad faith in turn supports entry of attorneys' fees. *Brasseler USA, LLP v. Stryker Sales Corp.*, 267 F.3d 1370, 1380 (Fed. Cir. 2001).

These facts and arguments, presented by Teva in its Opening Brief in Support of its Motion to Dismiss Complaint and For An Award of Attorneys' Fees and Costs, pp. 4-5 & 9-10 (D.I. # 62) and supporting Reply, p. 6 (D.I. # 72), uniquely support an attorneys' fees award here, no matter what the outcome in *Barr*.

Respectfully submitted,

*John D. Shaw for Josy W. Ingersoll*

Josy W. Ingersoll (No. 1088)

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Sue L. Robinson
March 16, 2007
Page 2

JWI:cg
cc:      Clerk of the Court (by e-filing and hand delivery)
         Francis DiGiovanni, Esquire (by e-filing and e-mail)
         Dennis J. Mondolino, Esquire (by e-mail)
         Christine A. Pepe, Esquire (by e-mail)
         William F. Long, Esquire (by e-mail)