# YOUNG CONAWAY STARGATT & TAYLOR, LLP

JOSY W. INGERSOLL (NO. 1088)
DIRECT DIAL: 302-571-6672
DIRECT FAX: 302-576-3301
jingersoll@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

April 12, 2007

**BY E-FILING**

The Honorable Sue L. Robinson
United States District Court
844 King Street
Wilmington, DE 19801

Re:   Ferring B.V. v. Teva Pharmaceuticals USA, Inc., et al.
       Civil Action No. 04-884-SLR

Dear Chief Judge Robinson:

We write on behalf of Teva in response to Ferring's letter to the Court of April 9, 2007. The oral argument transcript in the Ferring v. Barr case, attached to Ferring's April 9, 2007 letter to the Court, confirms that the ruling in that case is inapposite to the attorney's fees motion in this case. As noted in our March 16, 2007 letter, there are critical differences in the argument for attorney's fees in the Barr case and the present case. The attorney's fees argument in Barr was based primarily on inequitable conduct. Judge Brieant found "as a matter of law that inequitable conduct alone doesn't compel a finding that a case is exceptional." (Transcript, p. 36, ll. 19 – 21.)

Teva's motion here is not based on "inequitable conduct alone." Teva's motion was based on Ferring's manifest unreasonability in filing suit and forcing Teva to defend the present suit after Ferring had already been confronted with the facts showing its inequitable conduct through the summary judgment motion in the Barr case.

Teva's case for fees – based on Ferring's wrongful attempt to enforce the '398 patent knowing of its unenforceability – is much stronger than Barr's case for fees based on Ferring's wrongful procurement of the '398 patent. Indeed, Teva's attorney's fees motion is supported by the policies underlying Section 285 of the Patent Code. This very point was made by James Monroe, counsel for Ferring in the hearing before Judge Brieant:

> If we look at the policy behind 285, it is enacted to essentially sanction conduct with respect to the enforcement of a patent, not with respect to the procurement of a patent, and that is the policy that is at issue.

(Transcript, p. 24, ll. 15-18.)

Y‌OUNG C‌ONAWAY S‌TARGATT & T‌AYLOR, LLP
The Honorable Sue L. Robinson
April 12, 2007
Page 2

       Teva agrees with Ferring's argument to Judge Brieant. Section 285 was designed to deter enforcement actions brought on patents that the patentee has reason to know are unenforceable. It was designed to give patentees some pause before bringing an otherwise risk-free action on patents they know to be weak. Here, Ferring learned of the unenforceability of its patent through the *Barr* action, but nevertheless subjected Teva to litigation on this unenforceable patent. Ferring should be held accountable for that action by paying Teva's attorney's fees.

                                          Respectfully submitted,

                                          */s/ Josy W. Ingersoll (by ADB 3990)*

                                          Josy W. Ingersoll (No. 1088)

JWI:cg
cc:     Clerk of the Court (by e-filing and hand delivery)
         Francis DiGiovanni, Esquire (by e-filing and e-mail)
         Dennis J. Mondolino, Esquire (by e-mail)
         Christine A. Pepe, Esquire (by e-mail)
         William F. Long, Esquire (by e-mail)